

**U.S. Department of Labor**

WAGE AND HOUR DIVISION
300 Fifth Avenue, Suite 1130
Seattle, WA 98104-2397
Phone: (206) 398-8039
Fax: (206) 224-4111

April 15, 2013

Lance McDermott
1819 So 104th ST
Seattle, WA 98168

Subject: **U.S Postal Service PMA**

Dear Mr. McDermott:

You recently contacted the Wage and Hour Division (WHD) with a complaint that the above-named employer discriminated against you under the Family & Medical Leave Act. The FMLA requires covered employers to comply with all provisions of the Act. After careful consideration of the information you provided, the WHD is declining to pursue your claim, because of WHD's enforcement priorities and resource limitations.

The Wage and Hour Division administers and enforces a significant number of essential federal labor laws including those that guarantee workers' rights to a minimum hourly wage and overtime pay; and family and medical leave. The WHD receives more than 30,000 complaints each year and its resources do not permit it to investigate all of the complaints it receives. As a result the WHD must decline to investigate certain complaints and advise complainants of other resources that may be available to them to resolve their claims.

Your complaint is important, but the WHD has determined that it will not investigate your complaint and will take no further action on your behalf. The fact that the WHD will take no further action on your behalf does not affect your legal right to bring a private action in court against your employer under the FMLA to recover obtaining reinstatement and/or recovery of lost wages, employment benefits, and monetary losses under FMLA. The Department does not encourage or discourage such private actions. The decision is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area: 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter. Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance.

A

The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

Please keep in mind that obtaining reinstatement and/or recovery of lost wages, employment benefits, and monetary losses under FMLA is subject to a two-year statute of limitations, unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that back wages or other remedies for violations that occurred more than two years before a lawsuit is filed may not be recoverable.

Please feel free to contact this office at 206-398-8039 if you have any questions regarding this letter.

Sincerely

Donna Hart
District Director

Enclosure: FLSA HRG

**U.S. Department of Labor**

WAGE AND HOUR DIVISION
300 Fifth Avenue, Suite 1130
Seattle, WA  98104-2397
Phone:  (206) 398-8039
Fax:  (206) 224-4111

January 6, 2015

**Lance McDemott**
**1819 So 104th St.**
**Seattle, WA 98168**

Subject:  **U.S. Postal Service**

Dear Mr. McDemott:

You recently contacted the Wage and Hour Division (WHD) of the federal Department of Labor indicating that the above-named employer under the FLSA. The FLSA requires covered employers to comply with all provisions of the Act. After careful consideration of the information you provided, the WHD is declining to pursue your claim, because WHD does not enforce FLSA for Postal Workers, please contact your personnel office.

The Wage and Hour Division administers and enforces a significant number of essential federal labor laws including those that guarantee workers' rights to a minimum hourly wage and overtime pay; and family and medical leave. The WHD receives more than 30,000 complaints each year and its resources do not permit it to investigate all of the complaints it receives. As a result the WHD must decline to investigate certain complaints and advise complainants of other resources that may be available to them to resolve their claims.

Your complaint is important, but the WHD has determined that it will not investigate your complaint and will take no further action on your behalf. The fact that the WHD will take no further action on your behalf does not affect your legal right to bring a private action in court against your employer under the FLSA to recover unpaid wages and an equal amount in liquidated damages, plus atorney's fees and court costs. The Department does not encourage or discourage such private actions. The decision is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area: 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter. Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance.

The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

Please keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that back wages or other remedies for violations that occurred more than two years before a lawsuit is filed may not be recoverable.

Please feel free to contact this office at 206-389-8039 if you have any questions regarding this letter.

Sincerely

Tuan Huynh
Acting District Director

Enclosure: FLSA HRG



**U.S. MSPB** Merit Systems Protection Board
**e-Appeal Online**

February 27, 2016

| My Account | File a Pleading | Reload Case | Print | Access Another Case | Tech Support | Save & Exit |

**ATTENTION: Please do NOT resubmit if you received a confirmation of submission.**
Processing time can be minutes or hours depending on system workload.

**Help Links** ⊙

Contract All | ExpandAll

**Case View**

LANCE MCDERMOTT v. UNITED STATES POSTAL SERVICE
SF-0752-13-0633-I-1

Case Status:Headquarter Closed          61 documents returned

**Repository Navigation**

The following are primary functions of the repository:
**Print** Prints the complete list of documents of which you have participated as a case party.
**Download/View** Allows to Open the specified document to your local computer in PDF format.
**Reload Case View** Retreive original case view.

Use Exit button on menu bar to close the repository listing.

Note:Only documents which have a Download/View link are available for on-line viewing. Those without links are not available in electronic

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|-----|---------------|-----------|--------------|------------------------|
| | | **Petition for Review** | | |
| 4 | Download/View | Certificate of Service | MSPB | 10/13/2015 |
| 3 | Download/View | Remand Order | MSPB | 10/13/2015 |
| 2 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 6/2/2015 |
| 1 | Download/View | Petition for Review | Appellant | 6/1/2015 |
| | | **Initial Appeal** | | |
| 53 | Download/View | Certificate of Service | MSPB | 4/28/2015 |
| 52 | Download/View | Initial Decision | MSPB | 4/28/2015 |
| 51 | Download/View | Exhibits 116 & 117 (submitted on 11/21/13) | Appellant | 4/27/2015 |
| 50 | Download/View | Response | Appellant | 2/6/2015 |
| 49 | Download/View | Notice and Order | MSPB | 1/12/2015 |
| 48 | Download/View | Motion for Permission to Withdraw | Appellant | 1/1/2015 |
| 47 | Download/View | Motion for Judgment | Appellant | 11/11/2014 |
| 46 | Download/View | Submission | Appellant | 3/10/2014 |
| 45 | Download/View | Submission | Appellant | 1/6/2014 |
| 44 | Download/View | Submission | Appellant | 12/30/2013 |
| 43 | Download/View | Submission | Appellant | 12/10/2013 |
| 42 | Download/View | Submission | Appellant | 12/3/2013 |
| 41 | Download/View | Order | MSPB | 11/18/2013 |
| 40 | Download/View | Attendance Requested | Appellant | 11/18/2013 |
| 39 | Download/View | Representative | Appellant | 11/15/2013 |
| 38 | Download/View | Order and Summary of Telephonic Prehearing Conference | MSPB | 11/15/2013 |
| 37 | Download/View | Notice of Civil filing | Appellant | 11/13/2013 |
| 36 | Download/View | Objections | Appellant | 11/12/2013 |
| 35 | Download/View | Order Rescheduling | MSPB | 11/5/2013 |
| 34 | Download/View | Notice of Hearing Location | Agency | 11/4/2013 |
| 33 | Download/View | Amended Prehearing Submission | Agency | 11/4/2013 |
| 32 | Download/View | Submission of Exhibits 110 - 115 | Appellant | 10/20/2013 |
| 31 | Download/View | Submission of exhibits 104 - 109 | Appellant | 10/20/2013 |
| 30 | Download/View | Response to Agency Statement of Facts | Appellant | 10/20/2013 |
| 29 | Download/View | Amended Hearing Order | MSPB | 10/18/2013 |
| 28 | Download/View | EEOC Order Dismissing Mixed Case, 23 Sept 13 | Appellant | 10/17/2013 |
| 27 | Download/View | Order | MSPB | 9/30/2013 |
| 26 | Download/View | Exhibit Submissions | Appellant | 9/30/2013 |
| 25 | Download/View | Notice of Hearing Location | Agency | 9/30/2013 |
| 24 | Download/View | Withdraw of Motion for Protection | Appellant | 9/27/2013 |
| 23 | Download/View | Statement of Facts | Appellant | 9/26/2013 |
| 22 | Download/View | Motion for Protection | Appellant | 9/26/2013 |
| 21 | Download/View | Prehearing Submission | Agency | 9/25/2013 |

**How to view an e-Appeal generated Pleading?**

Click Here to view tutorial.

| | | | | |
|---|---|---|---|---|
| 20 | Download/View | Motion to Consolidate | Appellant | 9/25/2013 |
| 19 | Download/View | Order and Summary of Conference Call | MSPB | 9/24/2013 |
| 18 | Download/View | Settlement Conference Order | MSPB | 9/19/2013 |
| 17 | Download/View | Response to Appellant's Mtn for Protect Ord dated 9/12/2013 | Agency | 9/16/2013 |
| 16 | Download/View | Motion for Protection | Appellant | 9/12/2013 |
| 15 | Download/View | Notice of Assignment of Settlement Conference Judge | MSPB | 9/10/2013 |
| 14 | Download/View | Motion for Settlement Judge | Appellant | 9/4/2013 |
| 14 | Download/View | Response to Appellant's Agy Rsp Mtn Sett Jdg dated 9/4/2013 | Agency | 9/6/2013 |
| 13 | Download/View | Objections | Appellant | 8/27/2013 |
| 12 | Download/View | Order and Summary of Status Conference | MSPB | 8/21/2013 |
| 11 | Download/View | Hearing Order | MSPB | 8/21/2013 |
| 10 | Download/View | Reply to Agency Motion to Dismiss and Enforced Leave Issues | Appellant | 8/17/2013 |
| 9 | Download/View | Reply Regarding Jurisdictional Issues | Agency | 8/6/2013 |
| 8 | Download/View | Response to Court's Acknowledgement | Appellant | 8/5/2013 |
| 7 | Download/View | Order and Summary of Status Conference | MSPB | 7/25/2013 |
| 6 | Download/View | Response to Jurisdictional Issue and Motion to Dismiss | Agency | 7/18/2013 |
| 5 | Download/View | Preliminary Status Order | MSPB | 7/17/2013 |
| 4 | Download/View | Representative Addition | Agency | 7/11/2013 |
| 3 | Download/View | Acknowledgment Order | MSPB | 7/5/2013 |
| 2 | Download/View | Initial Appeal | Appellant | 7/3/2013 |
| | Download/View | Addendum to Appeal | Appellant | 7/3/2013 |
| 1 | Download/View | Reject Letter | MSPB | 7/2/2013 |
| | | Hearing CD (1) | Other | 11/21/2013 |
| | Download/View | E-Transcript | MSPB | 12/24/2014 |

**Important:** Documents colored in **RED** are referred from your e-Mail link.



**Merit Systems Protection Board Form 185-2**
Appeal of Agency Personnel Action or Decision (Non-retirement)

## Continuation Sheet

5. Explain briefly why you think the agency was wrong in taking this action. In challenging such an action, you may choose to allege that the agency engaged in harmful procedural error, committed a prohibited personnel practice, or engaged in one of the other claims listed in Appendix A. Attach the agency's proposal letter, decision letter, and SF-50, if available.

In Pitman v. MSPB, 832 F.2d 598 (1987) the DOD placed Pittman on enforced leave because he could not safely perform his job. In Mercer v. DOHHS, 772 F.2d 856 (1985) the Court found it "constituted an improper suspension." See Thomas v. GSA 756 F.2d. 86 (1985), "...leave status constitutes harmful procedural error..." See 5 USC 7513 and 42 USC 2000. I was placed on enforced leave because I complained in a Hostile Work Environment investigation that my Supervisor was giving me instruction to use color dots when I was color blind. My Employer restricted my work and tried to forced me on light duty. When I did not want light duty and my Employer disciplined me with enforced leave.

# e-Appeal Attachment Transmittal

Appeal Number:      201303990
Appellant Name:     Mr. Lance McDermott
Agency Name:        United States Postal Service

Please check the box for each document included with this transmittal.

| | Name of Attachment | Attachment Processing Status | File Name/Delivery Method |
|---|---|---|---|
| ☐ | SF-50, Notification of Personnel Action *Not Given* | Submit in paper form (mail, fax or other method) | U.S. Postal Mail |
| ☒ | Agency Proposal Letter | Submit in paper form (mail, fax or other method) | U.S. Postal Mail |
| ☒ | Agency Decision Letter | Submit in paper form (mail, fax or other method) | U.S. Postal Mail |

2 copies must be submitted of all documents submitted in hardcopy.
Send documents to be submitted in paper form to:
Western Regional Office
201 Mission Street Suite 2310
San Francisco, California 94105-1831
United States of America

Phone: (415) 904-6772
Fax: (415) 904-0580

**RECEIVED**

JUL 03 2013

MERIT SYSTEMS PROTECTION BOARD
WESTERN REGIONAL OFFICE

Print Confirmation

Page 1 of 1

## Confirmation of On-line Submission of e-Appeal

An appeal has been successfully submitted on behalf of **Mr. Lance McDermott**. This appeal was submitted on **6/25/2013 1:29:05 PM EST by DOGGIE2**.
The on-line submission confirmation number is **72115** for appeal number **201303990**.

Please mail, fax, or deliver 2 copies of attachments not submitted on-line relating to your appeal to the above. Two copies are required of all documents submitted in hardcopy.

TO:  Merit Systems Protection Board                              27 June 2013
     Western Regional Office
     201 Mission Street Suite 2310
     San Francisco, California  94105-1831

Subject:  eAppeal No. 201303990
          Lance McDermott v. U.S. Postal Service


Dear MSPB,

   I am appealing to you my Employer's false negative suitability determination that I am to color blind to do my job and the restrictions unfairly placed on me that prevent me from doing my job, leading to my enforced leave. I have served on active duty Desert Storm and am a retired Washington Army National Guard veteran. I believe that the Board will find that the Agency has not acted in good faith or with reasonable cause.

   Form 185-1, 5. I work at the Priority Mail Annex (PMA), 22430 Russell Road, Bldg C, Kent, WA  98032.

   Form 185-2 Continuation Sheet - Please see enclosed statement and supporting documents for the description of the unlawful personnel actions and adverse decisions made by the Agency that I am appealing.

   Please amend the Appeal Form and attach submitted documents.

   Thank you,


   Lance McDermott
   1819 So 104th ST
   Seattle, WA  98168
   Cell 206 331-1990
   treke@hotmail.com

On Feb 6, 2013 a Maintenance Manager (MMO) Dave Marzec demanded in writing (exhibit 1) that I provide more medical documentation for my FMLA approved medication condition (Back Pains) and my Color Blindness (non-disability) reported in an EEO Complaint I filed (EEOC Agency No. 1E-985-0004-12). According to my OPF eAccess MMO Marzec is not my manager. Exhibit 1, - "Recently you have brought to the attention of Management on a couple occasions that you have two physical impairments. You have claimed to have an impairment that has to do with your back and another concerning your vision." I did go to my Vision and Back Doctors (exhibit 11). I complied with the medical documentation demands on my own time and expense. I sent that medical information to the Occupational Health Services Office as instructed. MMO Marzec also gave me a form "Request for Permanent Light Duty Assignment" (exhibit 1-2) when I did not want Light Duty. I only wanted my Supervisor Ken Dow to stop saving the heavy work for me to do by myself that aggravated by FMLA protected back problem and stop using color dots to tag equipment (EEO).

USPS Memo, 5 February 2009, Changes to the Rehabilitation Act, "As part of the reasonable accommodation process RACs [Reasonable Accommodation Committees] first evaluate through an interactive process whether applicants or employees are person with covered disabilities ... the RAC advises the manager... Under ADAAA, however, an individual can meet the requirements of a "regarded as" claim simply by showing that he or she was subjected to adverse action prohibited by the Rehabilitation Act because of an actual or perceived impairment..." MMO Marzec in not on the DRAC.

USPS Law Department, Reasonable Accommodation, - "A. An individual is regarded as having a disability when the employer takes a prohibited action (e.g. non-selection, demotion, termination) because of an actual or perceived impairment..."

USPS Handbook EL-307 Reasonable Accommodation, 221, - "...You may not ask for documentation to support the existence of a disability." 223.2, - "...if appropriate, examination by a medical specialist of the Postal Service's choosing and at the expense of the Postal Service." 225.4, - "...Of course, before concluding that a person poses a direct threat of harm with or without reasonable accommodation, you should verify that your conclusion is based on current recognized scientific and/or medical data and an individualized assessment of the situation and the individual in question." 53, - "...This same standard applies to requests for a fitness-for-duty exam." 64, - "A supervisor or manager must refer a request for accommodation to the RAC when an employee has requested an accommodation..." (Fitness for Duty Exams, see Thomas v. GSA, D.C. Cir. No. 84-1487 (1985).)   I was given a letter from MMO Dave Marzec, 6 February 2013 (exhibit 5), Subject: Medical Documentation, - "Recently you have brought to the attention of Management on a couple of occasions that you have two physical impairments. ...you are being required to provide medical documentation..." Noting that Manager Marzec is not my Manager and is not in my chain of command nor part of the District Reasonable Accommodation Committee. The "couple of occasions" were Hostile Work Environment (HWE) and Equal Employment Opportunity (EEO) Complaints.

USPS Handbook EL-307, 14 – "A person regarded as having a disability." 144, - "The Rehabilitation Act protects a person who the employer erroneously believes has an impairment..." 146, Determining Direct Threat, - "...These must be a high probability of verifiable, substantial harm."

Grievance, (exhibit 34) 10 June 2013, - "...Management also abuses their authority in finding Mr. Mansfield's medical documentation to be 'not acceptable'. Mr. Kang refuses to say why he

finds Mr. Mansfield's medical documentation to be unacceptable..." Mr. Mansfield was forced into retirement.

USPS OIG Report Number HR-AR-11-007, Postal Service Workers' Compensation Program, September 30, 2011, Postal Service Workers' Compensation Program (Project Number 10YR001SA000). The USPS/DOL joint working group's objective was to determine whether Postal Service workers' compensation claims are handled effectively and efficiently to ensure employees entitled to benefits appropriately receive them and to identify opportunities to reduce workers' compensation costs and improve service. – "The DOL OIG has jurisdiction to investigate all workers' compensation fraud because the DOL is statutorily authorized to administer FECA benefits. The OIG and DOL OIG share jurisdiction to investigate fraud related to Postal Service workers' compensation claims... 69 percent of the case files we reviewed (103 of 150) for the Chicago, Philadelphia, and Seattle Districts did not contain consistent and relevant claims forms, medical documentation, or correspondence. ... According to Postal Service officials, significant turnover in district-level human resources staff have resulted in untrained and inexperienced staff..." Page 9, Table 1: Case File Analysis, Seattle District (42 of 50) 84% of the FECA files "did not have consistent and relevant claims forms, medical documentation or correspondence."

Why should I voluntarily submit myself to a process with 1 in 5 odds of success? Or the first step in the Employer discharging an employee deemed unsuitable by a corrupted process?

The next day, 7 February, I was given a bogus Letter of Warning for Attendance (exhibit 2) from my Supervisor Ken Dow based in-part on my FMLA leave usage.

I complied with MMO Marzec's demand to get medical documentation from my Vision and Back Doctors using my own leave time and paying for the office visits (exhibit 3). I submit the medical documentation as directed to the USPS Occupational Health Services Office.

EL-860-2000, "Fitness-for-duty examinations are performed at no expense to the employee and are on the clock. Payment includes reimbursement for any authorized travel expenses incurred." - "The need for a fitness-for-duty examination is a serious matter and has health, safety, and labor relations ramifications. .. the supervisor must get concurrence for the **request from the installation head**..." Page 7, - "The purpose of the Postal Service fitness-for-duty medical assessment is to ascertain whether or not the employee is capable of meeting the requirements of his or her job."

27 February 2013, MMO Marzec gave to me to "voluntarily" fill out a 'form' - "Request for Permanent Light Duty Assignment" (exhibit 4). (Note that this "Form" is not an approved DOL (WH 380) or USPS Form, (exhibit 5).

USPS Form 2489 Self-Identification of a Physical or Mental Disability, (exhibit 5) - "...The information is not provided to you supervisor. Reporting a disability on this form is not a request for reasonable accommodation ... Providing the information is voluntary, but if not provided, **a code will be noted which indicates an individual does not wish to have disability status officially recorded**..." Vision Impairments code does not list color blind.

Civil Case Agency MTD, C08-md-1937-JLR, Doc. 39, 11/03/2008, page 1, - "...The Privacy Act provides for injunctive relief for claims involving the amendment of, access to, or maintenance of individual records..."

USPS Management Instruction EL-860-98-2 Employee Medical Records, - "... The Privacy Act provides criminal penalties for any employee who willfully discloses information knowingly that disclosure is prohibited, and for any person who knowingly and willfully requests **or obtains under false pretenses any records about another person...**"

19 March 2013 MMO Marzec gave me (exhibit 6), a 'form' - "Referral for Reasonable Accommodation Consideration," – "Answer: Mr. McDermott informed management that he was color blind...2/15/13 a duty status form was generated ... VISION: Has difficulty distinguishing certain colors and shades of color. ... Mr. McDermott replied that he did not want to participate in the DRAC process. When asked the reason why he did not want to participate in the DRAC process Mr. McDermott stated, 'You fired Brenda Burke on light duty [injured-on-the-job]. I don't want to be on light duty.'" (Not an approved Form, exhibit 5)

29 March 2013, I went to my primary care PA Selby referred me to PS Seidemann for anxiety (exhibit 7).  PA Selby also gave me the week of 4/1-4/5 time-off for stress (exhibit 14).

1 April 2013 I wrote the DOL FMLA Division in Seattle (exhibit 8) and received a letter form DOL District Director Donna Hart, 15 April 2013, (exhibit 9), - "...The fact that the WHD will take no further action on your behalf does not affect your legal right to bring a private action in court against your employer under the FMLA to recover..."

6 April I made an Application to the Office of the Recorder, Office of Administrative Law Judge, 6 April 2013 (exhibit 10). Judicial Officer, Staff Counsel/FOIA Coordinator Diane Mego (exhibit 11) unlawfully sent my complaint to the Manager of Human Resources Integration and Support.  Exhibit 10, page 12, - "...Supervisor of Maintenance Operations (SMO) Ken Dow thinks he has the authority to charge me, investigate the charges [exhibit 13], play judge, and jury, and issue discipline to me..."   National EEOISO Executive Director William Caldwell, with no jurisdiction, 25 April 2013, (exhibit 12), answered- "The Office of the Postmaster General has asked me to respond to your misguided April 6, 2013, filing with the Postal Service's Judicial Officer. Despite your mistaken belief... Your submission contains a significant amount of misinformation, references case law, regulations and arbitration awards clearly not relevant... You also appear to believe that you can mix **'criminal action'**, 'class action status', and even the unrelated claim of another employee in with your claims.  This is also not the case..."

8 April 2013, after my stress leave 1-5 April, I was called into the office by my Supervisor Ken Dow for a meeting with Postal Inspection Service Inspector Michelle C. Brooks (exhibit 13) and Postal OIG Inspector Casey Snyder (no card). (Note – I asked and Steward Chuck Lee asked Inspector Vanicek for a card and he would not. He gave his card to Management, but not employees (exhibit 36). Injured-on-the-job (FMLA) Brenda Burke was fired after the Inspector's Investigation. Other Employees have been fired after un-medically qualified Inspectors found serious medical conditions (paranoid delusional) exhibit 15.)  I thought that the investigation was for my reporting of unlawful and criminal acts.  Instead, the Inspectors simply asked if I had a machete at work.  I used the machete during lunch (off duty) to cut paths down to the blackberries by the Green River before the picking season.  I keep it in my car as I have for the past 5 years.  I told the Inspector this and they demanded my machete out of my car.  I asked

about a written delegation of authority (USPS Administrative Support Manual (ASM) 112 Delegation of Authority, 112.31, - "All delegations of authority must be officially documented." 39 CFR 222.2 & .3) or anything in writing.  They had nothing in writing and only said that I was seen with the machete on 27 March 2013 by "someone."  If I was such a direct threat why did the Inspectors wait 10 days to start the investigation after my 5-days off for stress?  I argued that the machete was in my private car, in a public parking lot.  The Inspectors insisted that the parking lot was postal property (not posted, lease says Common Area) and they had a right to take my machete for a "perceived threat."  I told them of the 5 EEO Complaints and the Hostile Work Environment Complaint I had against my Supervisor Ken Dow (who called the Inspectors and/or his son is an Inspector).  I told the Inspectors about the thousands of dollars in Capital Equipment (public property) that has gone missing from the facility since Ken Dow has been assigned (My MIG welder and metal lathe/mill).  I even told them about Ken Dow forcing me under threat of discharge to work for a retired postal employee, Charles Neiumister, unlawfully (18 USC § 207) awarded a contract.  (USPS Management Instruction EL-500-2010-4 only for "Mission Critical Positions" with a retirement "offset.")  I also told them of the former Employee Assistance Program (EAP) Contractor Dr. David Picard unlawfully given a federal job when his company lost the EAP contract.  I even offered to drive my car over to the other parking lot off "postal" property.  The Inspectors said they had no jurisdiction for the criminal acts and insisted that I must hand over the machete or I would be charge with "failure to follow instruction" (Management's authority not Inspector's "cooperate with investigations" authority).  I realized that I was in a no-win (Star Trek – Kobayashi Maru) situation and agreed to give up my machete.  The Inspector would not give me a receipt (or anything in writing) but Inspector Brooks offered to meet me after work and return my machete.  I agreed and gave them the machete and a small pickaxe out of my car.  I met Inspector Brooks after work at Starbucks and got them back, after I agreed not to bring them back.  (Note: I do have a crowbar and other such tools that could be used improperly, in my toolbox.)

In February 2011 I was representing injured-on-the-job MPE Brenda Burke in a National Reassessment Process meeting where Ms. Burke was given 30-days leave and discharge.  I protested loudly of the unlawful act without any notice to Me. Burke or the Union that SMO Ken Dow file a false threat report (exhibit 43-131), - "...She said I'm going to go home and get my..." Inspector M. Vanicek conducted an investigation and issued a Report (exhibit 43) that said, - "...McDermott added that BURKE may have said 'get a gun and go postal' but he wasn't certain..." (exhibit 43-127).  The 14-day suspension given to fired Ms. Burke (exhibit 44), - "When interviewed by Postal Inspector Mr. McDermott said you may have said 'get a gun and go postal' but he wasn't certain..." I filed suit against the Inspector for his lies in Federal Court and the Judge grant him immunity.

Civil Case 2:11-cv-00311-MJP Agency MTD, Doc. 11, page 11, - "... Second, the Postal Service has created a workplace violence prevention program which requires the development of Threat Assessment Teams (TAT) to prevent workplace violence. See Exhibit B, Pub 108. The Threat Assessment Team Guide requires TAT members to contact Postal Inspectors ..." (Note – SMO Dow's Threat Notification (exhibit 43-131) 10 Feb 11, - "Notification:" has "NO" for the installation head, Labor Relations, law enforcement, etc.

July 2012 I was asked by SMO Dow to work with a retired postal employee given a contract to install scanners in the PMA.  I refused because it is a Title 18 Section 207 crime to give a contract to a retired federal employee.  SMO Dow retuned with Engineer Don Hamel (exhibit 45) and gave me a "direct order" to do the work.  I protested loudly and did the work quietly.

SMO Dow conducted 3 Investigative Interviews (exhibit 46) and I clearly responded that it was a Title 18 Section 207 crime (Question 1). Don Hamel's statement (exhibit 45), - "…because he would not be party to an unlawful act…" Yet SMO Dow gave me a Letter of Warning (exhibit 47), - "…I asked you why you disobeyed my direct order to work with Don Hamel & Charley Neumiester, and you gave no reason. ∴ Your actions are clearly insubordinate and a blatant challenge to management's authority." RFI (exhibit 48), - "Copy of: The Delegation of Authority for you (Ken Dow) to conduct an investigation of your allegations of misconduct of Lance McDermott. Q- I'm your supervisor. … The Handbook, Manual or Regulation giving you authority to issue a 'Direct Order…'" SMO Dow has told me not to read (exhibit 49), not to drink coffee, and restricted my use of the welding and metal working equipment (lathe/mill) I use to do my job. Every time I have taken FMLA Leave Ken Dow has deposed of my tools (welder & Lathe), capital equipment (over $5,000) and supplies (metal stock) I have order (purchased) maintained and need to do my job.

After the Inspectors left with my tools (I was de-fanged) my Supervisor SMO Ken Dow, 8 April 2013 gave me a letter (exhibit 16), - "…Occupational Health Services, in turn, generated a Duty Status Form based on this medical documentation. The Duty Status Form indicates that you have a permanent restriction with your vision. It specifically states, 'Has difficulty distinguishing certain collars and shades of color'… Any request for light duty and participation in the reasonable accommodation process is wholly voluntarily on your part. … Further, your refusal to take advantage of either avenue may result in you placement in an enforced leave status…" "Medical records are to be treated as confidential information…" - (EL 860-98-2)

8 May 2013, MMO Marzec gave me a letter (exhibit 17), - "I also advised that your refusal to take advantage of either avenue may result in your placement in an enforced leave status. … As I have received no response and you have previously affirmatively refused reasonable accommodation, I am taking the following immediate action: (1) I am again extending you the option of requesting light duty and/or reasonable accommodation. If you would like to purse either option, please let me know no later than May 15, 2013; and (2) You are hereby prohibited from working on any wiring and performing any duties that requires the ability to distinguish colored wiring. In addition, this letter shall serve as a proposed notice to place you on enforced leave effective no sooner that ten (10) days from your receipt of this letter…" (Note – the Installation Head not the Maintenance Manager Jim Norris makes the decision for light-duty and accommodation.)

In *Mercer v. Dept. HHS*, 772 F.2d 856 (1985) the Court – "We hold that once an agency learns that its beliefs are unfounded, i.e., that the employee is fit for duty, the employee must be restored immediately to 'active duty status.' See 5 CFR Sec. 831.1206; cf. *Eugene P. Hall v. USPS*, 11 MSPB 348, 13 MSPR 69 (1982)…"

This harassment has been going on for a long time (exhibit 18). 7-day Suspension, (exhibit 19), 7 August 2003, - "When asked what you were doing you replied that **you were reading the ELM** (Employee and Labor Relations manual). … By not requesting additional work you failed to follow your supervisor's instruction…" Grievance Decision, (exhibit 20), 31 March 2003, - "There are rules in the ELM, which apply to this instant grievance. They are listed on the Notice of Seven-Day suspension that was issued to Mr. McDermott…" signed David J. Marzec, MMOS. Grievance Decision, (exhibit 21), 14 February 2013, - "The issue in this grievance concerns the Union contention that management singled out Lance McDermott a union steward, in order to harass him. The Union contends that a Supervisor was providing his own witness, another

supervisor, while attempting to build a case against the steward." EEOC Decision on Appeal (exhibit 37) 10 November 2008, - "... The Commission finds that the **agency has mischaracterized complainant's claim**. A fair reading of the complaint..."

19 May 2013, I put in a Request for Information about the unlawful closure and destruction of a Postal Facility (loss of public property - SeaTac Post Office and AMC) and did not received any information requested (exhibit 22). I was asking about the decision to destroy the AMC (Public owned) building with its new roof and HVAC the PMS building I work in does not have (see NLRB 19-CA-099762, 2013). Agency MTD, Civil Case No. C09-776-RSL (exhibit 38), - "...Here, Plaintiff attempts to challenge the alleged closure of the SeaTac Air Mail Center and alleged outsourcing of Postal jobs. He seeks to compel the production of an approved Area Mail Processing Plan, which he alleges directed the closure of the Air Mail Center. He further alleges that the Postal Service officials made false statements, acted with reckless disregard for the truth, and made false representations..." PRC Complaint C2010-2 (exhibit 39) May 2010, - "...The Agency is premature in selling facilities because of its failure to follow the Lawful Due Process Procedure required to Sell or Dispose of the Public Trust Facilities..." RFI from Port of Seattle (exhibit 40) August 2008, shows that the Port of Seattle want to demolish the AMC. The Port paid for the 17 years left on the lease but did not pay for the building (loss of Public Property). USPS Facility FOIA website shows that the SeaTac AMC/Post Office land was leased for $429,677 per year for 421,252sqft ($1.02sqft); Contractor in Port leased AMF1 $534,494, 34,889sqft ($15.32sqft); Contractor in Port leased AMF2 $683,049, 116,611sqft ($26.27sqft); and PMA $573,732, 102,400sqft ($5.60sqft). AMFs + PMA lease = $1,791,275 – AMC lease = $1,361,598 more in lease costs per year when the AMFs and PMA could have fit into the AMC. Times the 17 years left on the AMC lease (2030) = $23,147,166 extra cost to the Public and not including the costs of closing the facility and moving the people and equipment. Not including the Public loss of access to a 24 hour Post Office (Postal Revenue). The low cost the Public owned AMC building with a new roof and HVAC system was torn down without due process. A RFI to the Port of Seattle (exhibit 40) shows that the Port only paid $5 million for the lease buy-out and nothing for the Public Building that was torn down. (See Federal Property and Administrative Services **act** of 1949 [as amended through p.l. 106–580, dec. 29, 2000] Section 202(h) Destruction – "no commercial value" and 20 USCS § 107e which defines "federal property" as any building, land, or other real property owned, leased, or occupied by any department or agency.)

I tried to argue and other employees tried to get management to close the high cost PMA facility with no HVAC and move to the lower cost AMC building with HVAC. Pursuant to the Postal Employee's Safety Enhancement Act (PESEA) of 1998, - "Managers must demonstrate commitment to provide safe and healthful working conditions in all postal-owned and postal-leased facilities." USPS Handbook AS 503, Standard Design Criteria, 4-2.9 HVAC Controls, shows that facilities must have HVAC in Employee Support Areas for Summer 78' and Winter 65' (see OSHA Health Hazard Evaluation Report 2007-0216-3056. Class Action Grievance MNT 49-10 (exhibit 41) July 2010, shows employees suffering hot and cold temperatures and mosquitoes bites (PMA Next to a river and wetlands). Management knows that employees are suffering insect bites, exposing them to West Nile Virus and dusty conditions (exhibit 42). My 19 May 2013, RFI (exhibit 22) was met with, - "Please advise as to the relevance of this request..." given to me 26 May after my FMLA leave. Later SMO Dow stole (exhibit 24) my FMLA sick day pay for 23 May (written on the RFI, exhibit 22).

I tried to get out of a forced change of schedule for 21-22 May because Management has refused to fill vacancies leaving no coverage for shifts (two vacancies on tour II). SMO Dow responded by saying, - "failure to report to work at that time will be considered a failure to follow my instructions and could lead to discipline." If I "pose a significant safety risk" why is management still giving me Out-of-Schedule pay working by myself without "normal color vision" maintenance employees when I cannot perform all my duties? Management would not let me have any time off for a Hostile Work Environment because I was "needed at work" (exhibit 23).

25 May, I took a FMLA leave day and SMO Dow demanded documentation or he would not pay me. I asked for 3 June off to get the medical documentation. However, I was placed on enforced leave on 30 May 2013 and SMO Dow stole the money back out of my pay (exhibit 24).

Called into the Maintenance Office at 8:20am (start time 6am), 30 May 2013, SMO Ken Dow gave me a letter from "Lead Manager" Jim Norris placing me on Enforced Leave (exhibit 25), - "...I have reviewed the correspondence previously provided to you and the evidence of record. I find that the action proposed in the notice of proposed enforced leave is supported by the evidence and warrant(s) your placement on enforced leave. ... I want to make it clear that your placement on enforced leave is a direct result of your refusal to interact with management on this very important issue." (See EL-307, 223.1 - Gaining the individual's Participation.)

SMO Dow with new Operations Manager Teresa Johnson present, also gave me PS Form 3971 to fill out for the leave saying I could use sick or annual for my "enforced leave." As I was making copies in the Tool & Parts Office I gave my letter to Clerk Dan Darnel to read and Ken Dow tore it out of his hands and said "get back to work." I wrote FMLA (as directed by the FMLA Office) on the Leave Form and copied it. SMO Dow tore it up (exhibit 26) and said that he would not approve FMLA. SMO Dow said that he would not pay me if I did not fill out another leave form without FMLA on it. SMO Dow than gave me a direct order to immediately get out of the building and started yelling that I was refusing a direct order when I started to finish my tea, clean my tea mug, fill out my work sheet, put my tools away, put my stuff in my locker and take stuff out of my locker. The whole time Ken Dow was dancing around, garbing my work sheet telling me I don't have to fill it out, sign a blank leave form for annual or sick and he'll fill the rest out, going to a new level when he saw FMLA on the Form telling me I'm disobeying a direct order by not leaving "immediately," and "get your bag and get out now." I clocked out at 8:30 – 10 minutes. I was not offered a Steward and SMO Dow knew Steward Lester Cornette started at 12:00.

If I serious medical condition (color blind) was so important why was it not address in my Hostile Work Environment (exhibit 27) or EEO Complaint and investigation? Why is management conducting their own investigation if the Contract EEO Investigation fully addresses all relevant issues? Why is the Reasonable Accommodation Committee not doing their job?

I did complain in the Formal EEO Complaint, #1E-985-0004-12 (Investigative Report 10 November 2012) Investigation Summary page 4 of 48 (ER029), - "On 27 May ... My back was hurting because of the extra work and heavy labor to remove the 100 pound motor by myself. I took 2 FMLA days-off for my back to heal..." (ER084), - "I told Ken Dow that Neumeister was given an unlawful contract and he ignored me." (ER0104), - "...I said Charles was a retired

federal employee unlawful for him to work when he is retired Title 18 USC 207." (ER0185), - "...b. Request for Information (Attachment 12) about retired ET Charles Neumeister shows that he was given an unlawful (18 USC 207) contract to install mail scanners in the PMA." (ER0200), - "...I did the work under protest. Ken Dow charges me with Failure to Follow Instruction. When he conducted the investigation himself I again cited 18 USC 207, Ken wrote it down. Ken than disciplined me with a Letter of Warning for failure to follow instruction after I did the work for a criminal under the threat of being discharged..." --Management disciplined me.

I complained in a Hostile Work Environment (HWE) complaint, December 2012 (exhibit 27) about using color dots to mark equipment. Workplace Harassment Interview, 3 December 2012 (EEO Pre-Complaint 19 February 2013, exhibit 11h), - "...Why am I being instructed to place color dots on things when he, the supervisor, knows I am color blind..." Summary Findings, - "Employee claims hostile work environment is being created by the supervisor by constantly making changes and threaten the employee with failure to follow instructions. The specific events on this date is the mentioning of the dot or spot on equipment during maintenance time to identify work, the requesting of a daily report being printed and provided to the supervisor, the allegation of theft of Postal property, and the issuance of additional work... There is a preponderance of evidence that supports the employee continued to remove wood items from the site and thus the statement by the supervisor that his action could be considered theft. ... The employee's actions are a direct contribution to the perception of a hostile work environment..." --Management blamed me. I asked for Harassment Leave (exhibit 23) while the HWE Investigation was being conducted hoping that SMO Dow would be gone when I got back because of the criminal charges I had made. It was denied – NEED DOCUMENTATION – NEEDED AT WORK – Ken Dow.

2 June 2013, I called the Unscheduled Leave Request phone number and request 160 hours of FMLA leave using my FMLA #10000402232 (back problem) and on-the-job injury of stress. I should have asked for a new FMLA case number for my vision problem. (USPS HRSSC FMLA Office, 12 June 2013 (exhibit 28))

Email from APWU Maintenance Craft Director Wendy Angelini, 4 June 2013, (exhibit 29), - "Per our conversation today at 1:40 pm I will discuss the issue of your pay status with Management. You requested to be in Annual leave, FMLA, for 160 hrs, for an On-the-job injury. You stated that grievances would be filed on the other issues, (Enforced Leave, and FLMA violations) by yourself or Lester. "

6 June 2013, - "Lance, I discussed your leave status with MMO Marzec. He stated you are being paid annual leave. However, he will not change it to FMLA. He states that "since the postal service put you out on enforced leave and the reason for the enforced leave has nothing to do with the FMLA case on file. You cannot claim FMLA for this time off." He went on to say, they (management ? norris) were not going to let him (you) tell the postal service what kind of leave he (you) gets to take. " Anyway, something else for your grievance for the postal service. Marzec has his retirement date set for a couple months from now and is not allowed to make any more decisions without Norris okay."

7 June 2013, I was at the PMA facility picking up a TACS AdjustPay for LWOP (exhibit 24) and Leave Form (ex24-2) to change a paid FMLA protected sick day (ex24-3) for May 23, into

Leave WithOut Pay that SMO Dow put in my box. I tried to comply with SMO Dow's written instruction and get the medical documentation, June 3 (ex24-4). However, I was placed on enforced leave May 30, by Manager Norris and could not comply. SMO Dow took (stole) the money out of out of my enforced leave pay anyway (ex24-5).

June 7, I was also picking up a Request for Information and talking with my Steward Lester Cornette and the RFI (exhibit 30), - "2- There is no policy for enforced leave... 5- Jim Norris does not have any investigation records. 6 – Maintenance management became aware of McDermott's condition during a conversation with McDermott, ~February 2013... 9 – Mr. McDermott's refusal to speak with management to clarify what color restrictions has on his ability to perform safely all aspects of his position resulted in being put in an enforced leave status. Management once again invites Mr. McDermott along with his union steward to sit down to discuss this matter so all parties can come to an agreement what tasks Mr. McDermott can perform with or without an accommodation in a safe manner" -MML Jim Norris. No policy? No records? Manager Norris reviewed the "evidence of record" (exhibit 23). Became aware sometime in ~February when the first notice was 6 Feb? My first EEO complaining about the color dot "program" was filed in May 2012 and Management did nothing.

The Duty Status Form provided by RFI (ex30-2), Date of initial Light Duty 02-15-13, Issue – VISION, "May return to work with the following RESTRICTIONS: VISION: Has difficulty distinguishing certain colors and shades of color." -Tanya Daniels RN, Occupational Health Nurse. I was already placed on Light-Duty with no restrictions 15 February 2013.

The Qualifications for MPE provided by RFI (ex30-5), Physical Requirements: - "... The ability to distinguish colors is required."

June 7, I went to the PMA at about 2:30pm and saw MPE (204B) Tomas Ruiz leaving the building. I went in and was opening the envelopes (RFI & TACS Forms) in my inbox. Tomas came back into the building and asked what I was doing there. I asked why he was in the building after his shift ended at 2:30. Tomas left and returned with Manager Teresa Johnson while I was talking to Steward Lester Cornette in the Tool & Parts Office. Manager Johnson demanded that I leave the PMA immediately. I told her I had business with my Steward and paperwork to fill out from my Supervisor. Lester told her that Marzec and Dow knew that we were meeting. Manager Johnson stated that I was not allowed in the building and must leave. I told her that I would leave when I was done. She gave me a direct order to leave. I asked her to put in in writing. She said no and that she would call the cops. I told her that was one way to document it. I spoke with Lester for another 15 minutes and did not see any cops before leaving.

11 June 2013 in the mail (exhibit 31) I received from SMO Ken Dow a (1) PS Form 3971, for 25 May 2013 LWOP; (2) PS Form 3971 for 30 May 2013 Annual; (3) PS Form 3971 for 2 June – 6 June Annual not FMLA; (4) PS Form 3971 for 2 June – 3 July Annual FMLA Leave, Doc Req; and (5) PS Form 3971 9 June – 13 June Annual not FMLA No Call received. Nothing (CA1, CA2 Forms) for my on-the-job injury (stress) also reported 2 June on the Unscheduled Leave Request phone line.

12 June 2013 I wrote the USPS HRSSC FMLA Office, (exhibit 35), to get FMLA approval for the leave forced on me for my serious medical condition that Management thinks prevents me from doing my job, but have not heard back from them.

FMLA At A Glance (exhibit 32) shows that I have a protected right to FMLA leave if I have a documented serious health condition. -

Changes to the Rehabilitation Act, 5 February 2005 (exhibit 33), - "...As part of the reasonable accommodation process, Reasonable Accommodation Committees (RAC) first evaluate through an interactive process whether applicants or employees are persons with covered disabilities. When a RAC finds that an individual does not have a covered disability, the RAC advises the manager of its recommendation; ... and the RAC will need to engage them in the interactive process..." The Seattle District RAC did not try to engage me in the process.

In *Homer L. Pittman Jr., v. MSPB*, 832 F.2d 598 (1987), the Employer placed *Pittman* on enforced leave after determining that he could no longer perform his job. The Court found first in *Thomas v. GSA*, 756 F.2d 86 (1985) that such suspensions are "disciplinary" and second in *Mercer v. DHHS*, 756 F.2d 86 (1985) the Court held such suspensions- "constituted an improper suspension" appealable to the Board, (*Adams v. Dept. Navy*, 31 MSPR 485 (1986)). 5 USC 7513(a), - "... only for such cause as will promote the efficiency of the service."

*Mosely v. Dept. Navy*, 4 MSPB 220 (1980), - "... First, the employee must have been placed on enforced leave without his consent. Second, the employee must have been ready, willing and able to work... Third, the enforced leave must have been used in a personal disciplinary situation."

*Theodore Mercer's* appeal to the MSPB raised two defenses: He was improperly placed on enforced leave and he was denied an advisory arbitration hearing which constituted a harmful procedural error. I cry the same and wish to be restored. See *Eugene P. Hall v. USPS*, 11 MSPB 348, 13 MSPR 69 (1982), - "... error was harmful and how it would affected the outcome of the agency's decision." I have been harmed.

Submitted and sworn to 26 June 2013,


Lance McDermott
1819 So 104th ST
Seattle, WA 98168
Cell 206 331-1990
treke@hotmail.com

MSPB Appeal Exhibits, 26 June 2013

1- Medical Documentation, Marzec, 6 Feb 13
2- Letter of Warning, Attendance, Dow, 7 Feb 13
3- Medical Documentation, Back letter & leave request eye exam, 13 Feb 13
4- Request for Permanent Light Duty Assignment, Marzec, 27 Feb 13
5- ELM 512.412 Approved FMLA Forms
6- Referral for Reasonable Accommodation Consideration form, Marzec, 19 Mar 13
7- Medical, Anxiety, 29 Mar 13
8- Letter to DOL FMLA Seattle Office, 1 Apr 13
9- Letter from DOL, 1S Apr 13
10- Complaint sent to USPS Judicial Officer, 6 Apr 13
11- Judicial Officer Staff Counsel Diane Mego, 18 Apr 13
12- EEO ISO Executive Manager Caldwell (for the PMG), "mix criminal actions," 2S Apr 13
13- US Postal Inspector Michelle C. Brooks business card, 8 Apr 13
14- Stress Leave, 1-S Apr 13
15- Inspector Garland Hall, email investigation of Debra Ann Alley, 10 Nov 04
16- Enforced Leave, Dow, 8 Apr 13
17- Enforced Leave, Marzec, 8 May 13
18- Step 1 Grievance 'SMO Dow has a grudge against McDermott,' Cornette, 24 Jan 13
19- 7-day Suspension for reading the ELM, 7 Aug 03
20- Grievance "There are rules in the ELM…" Marzec 31 Mar 03
21- Grievance "in order to harass him," Marzec, 14 Feb 03
22- RFI SeaTac AMC & Post Office destruction, Dow, 21 May 13
23- Out-of-Schedule, Dow, 16 May 13
24- TACS AdjustPay – LWOP for 23 May, Dow, S Jun 13
2S- Placed on enforced leave, Norris, 30 May 13
26- Torn PS Form 3971 for FMLA leave, Dow, 30 May
27- HWE Investigation for Complaint, 3 Dec 12, Allen, completed?
28- Letter sent to USPS HRSSC FMLA Office, 12 Jun 13
29- Email from Craft Director Angelini, 'No FMLA,' Marzec, 4-6 Jun 13
30- RFI response 'no policy for enforced leave,' Duty Status form 1S Feb 13, MPE Qual., Norris, 7 Jun 13
31- PS Form 3971 is mailed to me by Dow to sign, 11 Jun 13
32- FMLA At A Glance
33- Memo, Changes to the Rehabilitation Act, Gandhi, S Feb 09
34- Step 1 Grievance, Mansfield 'medical documentation not acceptable,' 10 June 13
35- Letter sent to USPS HRSSC FMLA Office, 12 Jun 13
36- Memo from Steward Lee, Inspector Vanicek's business card, 22 Feb 11
37- EEOC Appeal Decision, 1E981004408, "mischaracterized," 10 Nov 08
38- Agency MTD civil case No. C09-776-RSL, 6 Aug 09
39- PRC Complaint C2010-2, "AMC and Post Office," 26 May 20
40- Port of Seattle Commission Agenda, "AMC," 26 Aug 08
41- Grievance MNT 49-10, "This heat creates problems with mosquitoes," 21 Jul 10
42- Top 3 Accidents (PMA) FY 2009/2010 1) Insect/Bites sting…' PEG Interview Questions?
43- Inspection Service Threat Summary Report, 1848SSS-WPV, PMA, Vanicek, 16 Feb 11
44- Notice of 14-day suspension, Brenda Burke, Dow/Norris, 10 Mar 11
45- Email Don Hamel, "party to unlawful act," to Dow, 28 Jun 12
46- Investigative Interviews, 1 Neumiester, 2 Attendance, 3 used rollers, Dow, 2 Jul 12
47- Letter of Warning, (after summer vacation 8-20 July), Dow, 23 July 12
48- RFI for Delegation of Authority, "I'm your supervisor." Dow, 2 Aug 12
49- Email Marzec to Dow, "no reading material," 5 Jan 12; "stop drinking," 15 Jun 12; "used the lathe," 3 Aug 12