National EEO Investigative Services Office

 **UNITED STATES POSTAL SERVICE**

*24 Jan 14*

# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# IN THE MATTER OF:

*K*

LANCE P MCDERMOTT
1819 S 104th St
Seattle WA 98168-1647
Complainant,

USPS Tracking No. Complainant:
9114 9011 2308 6001 6646 99

v.

Agency Case Number: 1E-985-0001-14

PATRICK R. DONAHOE
Postmaster General
United States Postal Service
Western Area
Agency.

Date Formal Filed: November 20, 2013

## DISMISSAL OF FORMAL EEO COMPLAINT

The agency acknowledges the receipt of the formal complaint of discrimination referenced above.  Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report. This is the Postal Service's final decision on the above-cited discrimination complaint.

<u>Specific Issue(s):</u> You allege discrimination on the basis of Retaliation (Prior EEO Activity) and Disability (Color Blind), when you were subjected to a hostile work environment in regards to:

1. On April 4, 2013 your Supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;
2. On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;
3. Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;
4. On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;
5. On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and

*K*

– 2 –

6. On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.

Chronology

You were a Maintenance Mechanic MPE at the agency's Seattle Priority Mail Annex in Kent, Washington at the time of the alleged discriminatory action. The record reflects that you requested pre-complaint processing on October 7, 2013, and received a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on November 7, 2013. Subsequently, on November 20, 2013, you filed a formal complaint of discrimination with the agency.

Analysis and Conclusion

3. *Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;*

4. *On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;*

5. *On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and*

6. *On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.*

29 C.F.R. §1614.302(a)(1) defines a "mixed case complaint" as a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, or handicap related to or stemming from an action that can be appealed to the Merits Systems protection Board (MSPB). A "mixed case appeal" is defined at 29 C.F.R. §1614.302(a)(2) as an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age. Issues which can be appealed to the MSPB are described at 5 C.F.R. §1201.3 and include *Enforced Leave.* Individuals who can appeal to the MSPB are identified in 39 U.S.C. 1005 (a) and Public law 011-90 and include veteran's preference eligible employees.

In issues #3, #4, #5 and #6 of the instant complaint, you allege that you were put out on enforced leave effective May 30, 2013 and have not been paid correctly, have not been allowed back onto Postal Property and have been instructed to fill out a

– 3 –

reasonable accommodation or light duty request regarding your limitations in order to come back to work.

Since this is a mixed case, you may elect initially to file either a mixed case complaint with the agency or a mixed case appeal directly with the Merit Systems Protection Board (MSPB) pursuant to 5 C.F.R. §1201.151, but not both.  See 29 C.F.R. §1614.302(b). EEOC regulations, specifically 29 C.F.R. §1614.107(a)(4), provide that an agency shall dismiss a complaint where the complainant has first raised a "mixed case" issue in an appeal to the MSPB and, therefore, made the election contemplated by 29 C.F.R. §1614.302.

The record establishes that you filed an appeal with the MSPB concerning the same action challenged in issues #3, #4, #5 and #6 of the instant complaint.  You filed your MSPB appeal on June 25, 2013 and the appeal is docketed under MSPB Docket No. 0201303990.  In contrast, your formal complaint was filed on November 20, 2013, or **148 Days** after you filed your MSPB appeal.  Since you have made an election to proceed before the Merit Systems Protection Board, Issues #3, #4, #5 and #6 in your formal complaint of discrimination is now dismissed in accordance with 29 C.F.R. §1614.107(a)(4).    See *Rodriguez v. U.S. Postal Service,* EEOC Appeal No. 0120080575 (February 7, 2008) and *Fuller v. U.S. Postal Service,* EEOC Appeal No. 0120065001 (October 19, 2007), citing *Hammond v. General Services Administration,* EEOC Request No. 05940428 (August 25, 1994).

---

2. *On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;*
3. *Since May 2013, while on enforced leave, you have not been paid for your part days worked or Holidays;*
4. *On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;*
5. *On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building; and*
6. *On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.*

*Additionally,* Equal Employment Opportunity Commission (EEOC) regulations 29 C.F.R. §1614.107(a)(1) provides that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under 29 C.F.R.

– 4 –

§1614.103 or 29 C.F.R. §1614.106(a) or that states the same claim that is pending before or has been decided by the agency or the Commission. The Commission has held that the same claim is one that sets forth identical matters. *Terhune v. United States Postal Service*, EEOC Request No. 05950907 (July 18, 1997). For purposes of determining whether a new complaint states the same claim, the Commission focuses on the action(s) or practice(s) of the agency about which the complainant complains. *Meros v. Department of Commerce*, EEOC Request No. 05950690 (January 10, 1997).

The issues raised in your instant complaint, as stated above, are identical or an extension of the claims raised in your previous EEO Complaint Number 1E-985-0006-13. You received a Final Agency Decision on November 4, 2013 regarding EEO Complaint Number 1E-985-0006-13. In Complaint Number 1E-985-0006-13 the Final Agency Decision addressed the issues of, among others, when on April 8, 2013 the Postal Inspectors removed the machete from your car, on April 8, 2013 you were requested by your manager to participate in the District Reasonable Accommodation Committee and/or request light duty based on your restrictions and on May 30, 2013 you were placed on Enforced Leave and instructed to leave the building.

Regarding issue #2, this is the identical issue that was extensively investigated in EEO Complaint Number 1E-985-0006-13. Regarding issues #3, #4, #5 and #6, these are extensions of your Enforced Leave from May 30, 2013, for which you are still out as of the date of this decision letter. The issue regarding your Enforced Leave from May 30, 2013 until present was extensively investigated in EEO Complaint Number 1E-985-0006-13 and included your light duty/DRAC request, incorrect pay, management refusing your medical documentation and you not being allowed into the building.

The Office of Federal Operations has affirmed the dismissals of complaints where the matters raised are identical to those raised in a previous complaint or request for pre-complaint counseling. *See generally Terhune, supra. See Rainville v. U.S. Postal Service*, EEOC Appeal No. 01A51952 (May 4, 2006) (identical issue settled in a previous complaint) and *Porter v. U.S. Postal Service*, EEOC Appeal No. 01A02013 (February 12, 2003) (identical issues previously decided by the Commission). See also, *Hogan v. U.S. Postal Service*, EEOC Appeal No. 01A24892 (January 30, 2003) and *Smith v. U.S. Postal Service*, EEOC Appeal No. 01A14221 (November 5, 2002) (termination claims identical to those raised in complaints under investigation); *Mozee v. U.S. Postal Service*, EEOC Appeal No. 01A20805 (October 16, 2001) and *Bailey v. U.S. Postal Service*, EEOC Appeal No. 01A20804 (October 11, ) (continuing denial of a requested accommodations identical to previous accommodation complaints).

Issues #2, #3, #4, #5 and #6 raised in the instant complaint are merely a reiteration and/or extension of the previous complaint, 1E-985-0006-13. There is indication that the original fact pattern is distinctly different from that of the instant complaint; thus, there

is nothing in the record that would render these issues in the instant complaint independent from 1E-985-0006-13.

Therefore, the record shows that issues #2, #3, #4, #5 and #6 of your complaint are identical to a previous complaint and is now **dismissed** in accordance with 29 C.F.R. §1614.107(a)(1) as stating the same claim that is pending before or has been decided by the agency or Commission.

---

1. **On April 4, 2013 your Supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property.**

*Furthermore,* regarding issue #1 in your instant complaint, based on the Case Chronology on page 2, your request for pre-complaint counseling was made **186 days** after you became aware of the issue alleged to be discriminatory – and well beyond the 45 day requirement.

29 C.F.R. §1614.107(a)(2) states that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in 29 C.F.R. §1614.105(a)(1) which specifies that an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. §1614.105(a)(2) states that the agency shall extend the 45-day time limit when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The Commission has adopted a "reasonable suspicion" standard to determine when the 45-day limitation period is triggered. *See Davis v. Department of the Air Force*, EEOC Appeal No. 01A21734 (March 18, 2003) and *Bracken v. U.S. Postal Service*, EEOC Appeal No. 01A05301 (June 13, 2002), *both citing Howard v. Department of the Navy*, EEO Request No. 05970852 (February 11, 1999). Moreover, the Commission has held that waiting until one obtains "proof" of discrimination similar will not toll the time limit. *See Hernandez v. U.S. Postal Service, EEOC Appeal No. 01A43044* (September 10, 2004) and *Bracken v. U.S. Postal Service, EEOC Request No.* 05900065 (March 29, 1990).

In issue #1 of the instant complaint, you allege that on April 2013 your supervisor filed a false threat report and emailed the Postal Inspectors you were stealing Postal property. *This is a very specific event of alleged discrimination as documented by you*

– 6 –

and are **186 days** prior to the date that you initiated contact with an EEO Counselor, well beyond the 45 day requirement as set forth in the EEOC Regulations.

Title VII prohibits "unlawful employment practices." The term "practice" has repeatedly been interpreted to apply to a discrete act or single "occurrence," even when it has a connection to other acts. Each discrete act starts the limitations period and complainants who believe that they have been discriminated against in connection with such a discrete act must request counseling within the 45-day time period established in EEOC regulations 29 C.F.R. §1614.107(a)(2). In *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002), the Supreme Court stated, "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Elsewhere, the Court noted, "Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the... [statutory]... time period after the discrete discriminatory act occurred." The Office of Federal Operations has acknowledged that where a discrete act is involved in a complaint, a complainant must seek counseling within the established forty-five day period. *See Cornwell v. Department of Interior*, EEOC Appeal No. 01A04763 (Board 10, 2002). Applying the standards announced in *Morgan*, you were obligated to request pre-complaint counseling no later than 45 days from the date when you became aware of the alleged discrimination, which would have been by May 19, 2013.

You did not claim that you were unaware of the time limits for contacting an EEO Counselor and the record contains an affidavit attesting to the fact that the EEO poster is appropriately displayed at your facility. The EEO and Resolution Specialist's Inquiry Report contains a statement to that effect. In *Guin v. U.S. Postal Service*, EEOC Request No. 05890382 (June 2, 1989), the Commission stated that, "...constructive knowledge will be imputed to an employee where the employer has fulfilled [its] statutory obligation by posting notices informing employees of their rights and obligations under Title VII...."

You have not provided any evidence that you were unaware of the time limit for contacting an EEO Counselor, or that despite due diligence you were prevented by circumstances beyond your control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

In fact, the record reflects that you have engaged in prior EEO activity (1E-981-0018-06, 1E-981-0022-08, 1E-981-0037-07, 1E-981-0044-12, 1E-985-0006-13) so you are deemed to have constructive knowledge of the EEO complaint process and the applicable time periods for filing claims.

– 7 –

Furthermore, processing ceased on your previous EEO Complaint Number 1E-985-0006-13 on November 4, 2013 when you were issued the Final Agency Decision. Any allegation of discrimination, such as described in issue #1 that occurred prior to that date should have been raised during the processing of that complaint (or earlier).

Since your request for pre-complaint counseling was made more than 45 days after the issue alleged to be discriminatory, issue #1 of your complaint is now **dismissed as untimely** in accordance with 29 C.F.R. §1614.107(a) (2).

---

Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, within 30 **calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time and acceptance of the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision. If you choose to file a civil action, that action should be captioned

- 8 –

**Lance P. McDermott vs. Patrick R. Donahoe,** Post ster Gener , **U.S. Postal Service**. You may also request the court to appoint an a ney for you nd to authorize the commencement of that action without the payment of es, costs, or curity in such circumstances as the court deems just. Your applica. ust be filed thin the same 90-day time period for filing the civil action.

Tamra Schweiberger
EEO Services Analyst

January 24, 2014

Enclosures:   PS Form 2570, EEO Dispute Resolution alist's (DRS) quiry Report
             EEOC Form 573, Notice of Appeal/Petition



**UNITED STATES POSTAL SERVICE** ®

### EEO Complaint of Discrimination in the Postal Service
(See Instructions and Privacy Act Statement on Reverse)

| 1. Name | 2. SSN or EIN | 3. Case No. |
|---|---|---|
| Lance P. McDermott | 538.66.9927 | 1E-985-0001-14 |

| 4a. Mailing Address (Street or P.O. Box) | 4b. City, State, and Zip+4 |
|---|---|
| 1819 S. 104th St. | Seattle WA 98168 |

| 5. Email Address * | 6. Home Phone | 7. Work Phone |
|---|---|---|
| Treke @ hotmail.com | (206) 763.6268 | ( ) |

| 8. Position Title (USPS Employees Only) | 9. Grade Level (USPS Employees Only) | 10. Do You Have Veteran's Preference Eligibility |
|---|---|---|
| Maint. Mech. MPE | PS-09 | ☒ Y ☐ No |

**11. Installation Where You Believe Discrimination Occurred** (Identify Installation, City, State, and Zip+4)

Kent Priority Mail Annex
22430 Russell Road
Kent, WA  98032

**12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory**

See Attached

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| | |

| 13c. Mailing Address (Street or P.O. Box) | 13d. City, State, and Zip+4 |
|---|---|
| | |

| 13e. Email Address * | 13f. Home Phone ( ) | 13g. Work Phone ( ) |
|---|---|---|

\* Providing this information will authorize the Postal Service to send documents electronically.

**14. Type of Discrimination You Are Alleging**

☐ Race (Specify):
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):
☐ Sex (Specify):
☐ Age (40+) (Specify):
☒ Retaliation (Specify Prior EEO Action):
☒ Disability (Specify): Color E___
☐ Genetic Information (Specify):

**15. Date on Which Alleged Act(s) of Discrimination Took Place**

See Attached

**16.** Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against or treated differently than other employees or applicants because of your race, color, religion, sex, age (40+), national origin, information, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C___*

See Attached

**17. What Remedy Are You Seeking to Resolve this Complaint?**

See Attached

**18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS Mediator?**

☒ Yes (Date you received the Notice of Final Interview):
Signature Confirmation: 2308 3250 0000 3924 0221

**19a. Signature of Dispute Resolution Specialist**

*Jas Waseral*

**20. Signature of Complainant or Complainant's Attorney**

13

of this Complaint

PS Form 2565, October 2010 (Page 1 of 2)

K1



EEO Complaint 1E-985-0001-14, of Discrimination, PS Form 2565, Attachment, 18 Nov. 2013

14. Discrimination – I have suffered conduct based on perceived disability of color blindness that is sufficiently severe and pervasive to create a hostile and abusive work environment in retaliation for my protected activities.

Retaliation - for previous EEO activities -

1. EEO #551-2006-0017X, January 2006.
2. EEO #1E-981-0018-06, March 2006.
3. EEO # 1E-981-0037-07, May 2007.
4. EEO #1E-981-0044-08, April 2008.
5. EEO #1E-985-0004-12, June 2012
6. EEO #1E-985-0006-13, March 2013

15. Dates – Please see the attached PS Form 2564-A, 19 Oct., with attachments and notice of right to file, 6 Nov. 2013, for issues and dates.

16. Actions - Please see the attached PS Form 2564-A, 19 Oct., with attachments and notice of right to file, 6 Nov., for issues and dates.

Negotiated Defined Specific Issues:

1. On 04/04/13, while I was on medical approved Stress Leave 1-5 April (now FMLA protected), SMO Ken Dow emailed Medical, IS Inspectors, OIG Inspectors, Threat Assessment Team and Law Department Officials that I was a Threat, Misconduct and stealing postal property. SMO Dow also filed late, false - Work Place Incident, - Threat, - Misconduct, and - Theft of Postal Property Reports against me.

2. On 04/08/13, Federal Law Enforcement Officers without reasonable or probable cause detained me and searched my car in the public parking lot, taking my personal property (machete and pickaxe). After the Inspectors left with my property that made SMO Dow "uncomfortable," SMO Dow gave me the first Notice of Enforced Leave (discipline) if I did not volunteer for Light Duty for being Color Blind (FMLA protected).

On 07/01/13:
3. SMO Dow called in a false Police Report that I was an ex-employee threating him with a weapon. The Kent Police detain/search me for weapons at work and threaten to remove me.
4. After I told SMO Dow and the Kent Police showing them that I had FMLA protected leave the Kent Police left. SMO Dow then gave me a Direct Order under threaten of discharge to turn in Light Duty documents for being color blind (FMLA color blind #11800501305).
5. When I did not comply with SMO Dow's unlawful Direct Order, SMO Dow called (?) and: -
6. – Federal Law Enforcement Officers in bullet proof vests and packing guns detained me, search my backpack, locker, toolbox and car in the public parking lot and took my personal keys, Identification and access card without reasonable or probable cause ordering me [threat of arrest] not to return to work.

On 09/01/13:

7.  Sunday, I had Return to Work documents given to me by District Nurse Daniels (copy to MMO Marzec) and fill out by my Medical Provider.  (FMLA for stress #110000495039)

8.  I told acting 204B Mail Supervisor Tony Kirk (only supervisor there) that I had the paperwork.  Mail Supervisor Kirk told me to given the paperwork to Maintenance Supervisor Dow the next day (Monday).

9.  SMO Dow (day off) was called by an employee that I was there.  SMO Dow called 204B Kirk and told him to give me Direct Order to leave the facility.

10.  When I did not, Postal Inspectors again using their Federal Law Enforcement Authority detained me and order me to leave the facility – not to come back until Management contacted me [threat of arrest].

11.  Management did not/has not contacted me.

12.  I have not been paid (on enforced leave [color blind] since 30 May) for my (part) days worked or Holidays.

If you do not agree with the <u>defined accepted issue</u>(s), you must provide a written response specifying the nature of the disagreement within seven (7) calendar days of receipt of this letter to me.  You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional unrelated allegations of discrimination.  (See NEEOISO Acceptance letter, Eric Wilson, 1E985-0006-13, 28 June 2013.)

17.  I am seeking to be made whole and damages.

Sworn to and Submitted, 19 November 2013,

Lance McDermott,
1819 So 104th ST,
Seattle, WA  98168
Cell 206 331-1990
Treke@hotmail.com

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

# UNITED STATES POSTAL SERVICE
# EQUAL EMPLOYMENT OPPORTUNITY
# IN THE MATTER OF:

LANCE P MCDERMOTT
1819 S 104th St
Seattle, WA 98168-1647
Complainant,
           v.
PATRICK R. DONAHOE
Postmaster General
United States Postal Service
Western Area
Agency.

Delivery Confirmation Complainant:
0312 2120 0000 4198 2432

Agency Case Number: 4E-980-0032-14

Date Formal Filed:  March 14, 2014

## DISMISSAL OF FORMAL EEO COMPLAINT

The agency acknowledges the receipt of the formal complaint of discrimination referenced above.  Enclosed is PS Form 2570, EEO Dispute Resolution Specialist's Inquiry Report.  This is the Postal Service's final decision on the above-cited discrimination complaint.

Specific Issue(s): You allege harassment based on Retaliation (Prior EEO Activity) and Disability (Color Blind) when:

1. On April 4, 2013 your supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;
2. On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;
3. On May 30, 2013, you were placed on enforced leave for your FMLA[1] protected condition and since you have not been paid for your part days worked or Holidays;
4. On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;
5. On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building;

---

[1] In issues 3 and 5, you make reference to your Family and Medical Leave Act (FMLA) protected condition.  While FMLA protects employees from adverse action for leave taken for FMLA certified conditions, the FMLA does not fall under the jurisdiction of the EEOC.  The enforcement of the Family and Medical Leave Act is committed by law to the U. S. Department of Labor which has regulations and established procedures to accomplish this statutory obligation.  See 29 U.S.C. §26 29 U.S.C. §2617 and 29 C.F.R. §825, Subpart D.

P.O. Box 21979
Tampa, FL  33622-1979

– 2 –

6. On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building; and

7. On, or around, December 30, 2013, you received an invoice for $794.10.

Chronology

You were a Maintenance Mechanic MPE at the agency's Seattle Priority Mail Annex in Kent, Washington at the time of the alleged discriminatory action. The record reflects that you requested pre-complaint processing on February 2, 2014, and received a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on March 5, 2014. Subsequently, on March 14, 2014, you filed a formal complaint of discrimination with the agency.

Analysis and Conclusion

You allege harassment based on Retaliation (Prior EEO Activity) and Disability (Color Blind) when:

1. **On April 4, 2013 your supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;**
2. **On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;**
3. **On May 30, 2013, you were placed on enforced leave for your FMLA protected condition and since you have not been paid for your part days worked or Holidays;**
4. **On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;**
5. **On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building;**
6. **On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.**

29 C.F.R. §1614.107(a)(3)) calls for the dismissal of a complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party. Such dismissals prevent a Complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions and in order to grant due deference to the authority of the federal district court. See Thomas v. National Credit Union Administration, EEOC Appeal No. 0120064892 (April 9, 2007). See also, Baylink

– 3 –

v. Department of Veterans Affairs, Appeal No. 01A53457 (September 29, 2005) (Citing Shapiro v. Department of the Army, EEOC Request No. 05950740 (October 10, 1996); Stromgren v. Department of Veterans Affairs, EEOC Request No. 05891079 (May 7, 1990); and Kotwitz v. U.S. Postal Service, EEOC Request No. 05880114 (October 25, 1988)).

The evidence in the record reveals that on November 7, 2013, you filed a civil action, styled Lance McDermott v. U.S. Postal Service, Et Al., Civil Action No. C13-2011, in the United States District Court for the Western District of Washington. The record further discloses that the claims raised therein are the same as those raised as issues 1-6 in the instant complaint.

Therefore, your complaint alleging discrimination as cited above is now dismissed in accordance with 29 C.F.R. §1614.107(a)(3).

**You allege harassment based on Retaliation (Prior EEO Activity) and Disability (Color Blind) when:**

1. *On April 4, 2013 your supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;*

2. *On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;*

3. *On May 30, 2013, you were placed on enforced leave for your FMLA protected condition and since you have not been paid for your part days worked or Holidays;*

4. *On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;*

5. *On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building;*

6. *On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.*

Equal Employment Opportunity Commission (EEOC) Regulations 29 C.F.R. §1614.107(a)(1) provides that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint that fails to state a claim under 29 C.F.R. §1614.103 or 29 C.F.R. §1614.106(a) or that states the same claim that is pending before or has been

– 4 –

decided by the agency or the Commission. The Commission has held that the same claim is one that sets forth identical matters. Terhune v. United States Postal Service, EEOC Request No. 05950907 (July 18, 1997). For purposes of determining whether a new complaint states the same claim, the Commission focuses on the action(s) or practice(s) of the agency about which the complainant complains. Meros v. Department of Commerce, EEOC Request No. 05950690 (January 10, 1997).

The issues raised in your instant complaint, as stated above, are identical to those raised in your previous EEO Complaint Number 1E-985-0001-14 and 1E-985-0006-13.

Agency Case No. 1E-985-0001-14 was dismissed procedurally on January 24, 2014. You did not appeal. Issues 3-6 were dismissed for prior selection. You filed an MSPB appeal on those issues 148 days prior to your filing a formal complaint. Issues 2-6 were dismissed, or also dismissed, for stating the same claim as prior complaint, Agency Case No. 1E-985-0006-13. Issue #1, as stated below, was dismissed for untimely contact.

You received a Final Agency Decision on November 4, 2013 regarding EEO Complaint Number 1E-985-0006-13. In Complaint Number 1E-985-0006-13 the Final Agency Decision addressed the issues of, among others, when on April 8, 2013 the Postal Inspectors removed the machete from your car, on April 8, 2013 you were requested by your manager to participate in the District Reasonable Accommodation Committee and/or request light duty based on your restrictions and on May 30, 2013 you were placed on Enforced Leave and instructed to leave the building.

Regarding issue #2, this is the identical issue that was extensively investigated in EEO Complaint Number 1E-985-0006-13. Regarding issues #3, #4, #5 and #6, these are extensions of your Enforced Leave from May 30, 2013, for which you are still out as of the date of this decision letter. The issue regarding your Enforced Leave from May 30, 2013 until present was extensively investigated in EEO Complaint Number 1E-985-0006-13 and included your light duty/DRAC request, incorrect pay, management refusing your medical documentation and you not being allowed into the building.

The Office of Federal Operations has affirmed the dismissals of complaints where the matters raised are identical to those raised in a previous complaint or request for pre-complaint counseling. See generally Terhune, supra. See Rainville v. U.S. Postal Service, EEOC Appeal No. 01A51952 (May 4, 2006) (identical issue settled in a previous complaint) and Porter v. U.S. Postal Service, EEOC Appeal No. 01A02013 (February 12, 2003) (identical issues previously decided by the Commission). See also, Hogan v. U.S. Postal Service, EEOC Appeal No. 01A24892 (January 30, 2003) and Smith v. U.S. Postal Service, EEOC Appeal No. 01A14221 (November 5, 2002) (termination claims identical to those raised in complaints under investigation; Mozee v. U.S. Postal Service, EEOC Appeal No. 01A20805 (October 16, 2002) and Bailey v. U.S. Postal Service, EEOC Appeal No. 01A20804 (October 11, 2002) (continuing denial of a requested accommodations identical to previous accommodation complaints).



– 5 –

Issues #2, #3, #4, #5 and #6 raised in the instant complaint are merely a reiteration and/or extension of the previous complaint, 1E-985-0006-13. There is no indication that the original fact pattern is distinctly different from that of the instant complaint; thus, there is nothing in the record that would render these issues in the instant complaint independent from 1E-985-0006-13.

Therefore, issues 1-6 of your complaint are identical to a previous complaint and is now dismissed in accordance with 29 C.F.R. §1614.107(a)(1) as stating the same claim that is pending before or has been decided by the agency or Commission.

You allege harassment based on Retaliation (Prior EEO Activity) and Disability (Color Blind) when:

1. On April 4, 2013 your supervisor filed a false threat report and emailed the Postal Inspectors that you were stealing Postal property;

2. On April 8, 2013 the Postal Inspectors violated your rights when they detained you, searched your car and took your personal property;

3. On May 30, 2013, you were placed on enforced leave for your FMLA protected condition and since you have not been paid for your part days worked or Holidays;

4. On July 1, 2013 your Supervisor called the Police Department and reported you as an ex-employee and a threat, and you were searched for weapons by the Police;

5. On July 1, 2013 your Supervisor demanded you fill out a light duty/reasonable accommodation request for FMLA protected leave, called the Postal Inspectors who searched your belongings and your car, took your badge and escorted you out of the building;

6. On September 1, 2013, your Supervisor refused your return to work documents, ordered you to leave the facility and called the Postal Inspectors who removed you from the building.

29 C.F.R. §1614.302(a)(1) defines a "mixed case complaint" as a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, or handicap related to or stemming from an action that can be appealed to the Merits Systems protection Board (MSPB). A "mixed case appeal" is defined at 29 C.F.R. §1614.302(a)(2) as an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age. Issues which can be appealed to the MSPB are described at 5 C.F.R. §1201.3 and include *Enforced Leave*. Individuals who can appeal to the MSPB are identified in



– 6 –

39 U.S.C. 1005 (a) and Public law 011-90 and include veteran's preference eligible employees.

Since this is a mixed case, you may elect initially to file either a mixed case complaint with the agency or a mixed case appeal directly with the Merit Systems Protection Board (MSPB) pursuant to 5 C.F.R. §1201.151, but not both.   See 29 C.F.R. §1614.302(b). EEOC regulations, specifically 29 C.F.R. §1614.107(a)(4), provide that an agency shall dismiss a complaint where the complainant has first raised a "mixed case" issue in an appeal to the MSPB and, therefore, made the election contemplated by 29 C.F.R. §1614.302.

The record establishes that you filed an appeal with the MSPB concerning the same action challenged in issues 1-6 of the instant complaint.  You filed your MSPB appeal on June 25, 2013 and the appeal is docketed under MSPB Docket No. 0201303990 and is pending a decision.  In contrast, your formal complaint was filed on March 14, 2014, or 262 days after you filed your MSPB appeal.  Since you have made an election to proceed before the Merit Systems Protection Board, Issues #1-6 in your formal complaint of discrimination is now dismissed in accordance with 29 C.F.R. §1614.107(a)(4).    See Rodriguez v. U.S. Postal Service, EEOC Appeal No. 0120080575 (February 7, 2008) and Fuller v. U.S. Postal Service, EEOC Appeal No. 0120065001 (October 19, 2007), citing Hammond v. General Services Administration, EEOC Request No. 05940428 (August 25, 1994).

### 7.  On, or around, December 30, 2013, you received an invoice for $794.10.

Regulations found in 29 C.F.R. 1614.107(a) state that prior to a request for a hearing in a case, the agency shall dismiss an entire complaint: (1) that fails to make a claim.

In this complaint, you allege that you received an invoice indicating that you were in debt in the amount of $794.10.  You indicated that you were not told what the debt was for. All issues related to the collection of a postal debt fall within the Debt Collection Act. The Commission does not have jurisdiction over Debt Collection Act disputes.

Matters concerning debt collection should be presented to the Judicial Officer:

Judicial Officer
2101 Wilson Blvd., Suite 600
Arlington, VA 22201-3078

The Debt Collection Act, 31 U.S.C. 3711 et seq., mandates that monetary disputes involving an agency of the United States government and any claimed debtor must be resolved through the provisions of the Debt Collection Act. The Commission has previously held that challenges to agency's actions under the Debt Collection Act are not within the scope of the EEO complaint process and the Commission's jurisdiction. See

– 7 –

Baughman vs. Department of Army, EEOC Appeal No. 01900865 (February 26, 1990). The proper forum for complainant to challenge the appropriateness of the collection process and validity, of his debt is through the administrative process of the Debt Collection Act. As you are essentially alleging violations of the Debt Collection Act by challenging the existence of the debt the Commission determines that complainant's allegations are not within the scope of its jurisdiction, and, as such, fails to state a claim. Amato v. Department of the Army, EEOC Appeal No. 0120064457 (July 18, 2007)(Complainant was sent a demand letter and his wages were garnished).

The Commission has consistently held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. Kleinman v. U.S. Postal Service, EEOC Request No. 05940585 (September 22, 1994); Lingad v. U.S. Postal Service, EEOC Request No. 05930106 (June 24, 1993). See also Quiney v. U.S. Postal Service, EEOC Appeal No. 0120091977 (April 24, 2009) (the Commission found that the complainant's claim based on sex and age that she was issued a letter requesting that she repay monies in accordance with a settlement agreement was a collateral attack on the proceedings of the Debt Collection Act process); Testa v. U.S. Postal Service, EEOC Appeal 01A51138 (February 23, 2005) (the Commission found that the complainant's claim based on sex, disability, and reprisal that he was notified of the agency's intent to collect a payroll error by making deductions from his pay check in defiance of judicial orders was a collateral attack on the administrative process of the Debt Collection Act); and Magnuson v. U.S. Postal Service, EEOC Appeal No. 01A33403 (August 25, 2003) (the Commission found that the complainant's claim based on age and reprisal that a Judge issued a ruling that he had not established a basis for relieving him of a liability of $20,000 was a collateral attack on the Debt Collection Act).

Therefore, your complaint alleging discrimination as cited above in issue # 7 is now dismissed as failing to state a claim in accordance with 29 C.F.R. 1614.107(a) (1).

Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, D.C. 20013-8960, or facsimile to (202) 663-7022. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must

– 8 –

certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

<u>Right to file a civil action</u>

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned **Lance P. McDermott vs. Patrick R. Donahoe, Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

*Ismael A. Medina*
_____
Ismael A. Medina
EEO Services Analyst

April 17, 2014
_____
Date

Attachment:
1.   PS Form 2570, EEO Dispute Resolution Specialist's (DRS) Inquiry Report
2.   EEOC Form 573, "Notice of Appeal/Petition"

*Motion For*

# ~~Notice of~~ Right to File Class Complaint

**UNITED STATES POSTAL SERVICE ®**

TO: Class Agent Name *(First, MI, Last)*

*Lance Mc Dermott*

Re: Case No.

*1E - 985 - OCC 4 - 17*

This notice will attest to the fact that on _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matter that you raised during the pre-complaint processing stage has not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you receive this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retained one to represent you. I am providing you with PS Form 2565, *EEO Complaint of Discrimination in the Postal Service*, for this purpose. Your complaint must be mailed or delivered to:

>   NEEOISO – Formal Complaints
>   U.S. POSTAL SERVICE
>   P.O. BOX 21979
>   TAMPA, FL 33622-1979

In accordance with 29 C.F.R. §1614.204(a) (1), (2), and (3):

A "class" is a group of employees, former employees or applicants for employment who, it is alleged, have been or are being adversely affected by an agency personnel management policy or practice that discriminates against the group on the basis of their race, color, religion, sex, national origin, age (40+), disability, or genetic information.

A "class complaint" is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that: (i) the class is so numerous that a consolidated complaint of the members of the class is impractical; (ii) there are questions of fact common to the class; (iii) the claims of the agent are typical of the claims of the class; (iv) the agent of the class, or, if represented, the representative, will fairly and adequately protect the interests of the class.

An agent of the class is a class member who acts for the class during processing of the class complaint.

*A class complaint must contain the following information:*

(1)  Your name, address, position, and level;

As the agent of the class, you have a regulatory requirement to report immediately a change in your mailing address to the address below:

>   NEEOISO-EEO – Contact Center
>   U.S. POSTAL SERVICE
>   P.O. BOX 21979
>   TAMPA, FL 33622-1979

(2)  The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3)  The specific type of discrimination alleged (e.g., race – African American, sex – female);

(4)  A description of the personnel policy or practice which prompted the complaint and an explanation as to how the policy or practice discriminates against you (the class agent) and the class;

(5)  The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

## Privacy Act Statement

**Privacy Act Statement:** Your information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. Collection is authorized by 39 U.S.C. 401, 409, 410, 1001, 1005, and 1206. Providing the information is voluntary, but if not provided, we may not be able to process your request. We may disclose your information as follows: in relevant legal proceedings; to law enforcement when the U.S. Postal Service® (USPS®) or requesting agency becomes aware of a violation of law; to a congressional office at your request; to entities or individuals under contract with USPS; to entities authorized to perform audits; to labor organizations as required by law; to federal, state, local or foreign government agencies regarding personnel matters; to the Equal Employment Opportunity Commission; and to the Merit Systems Protection Board or Office of Special For more information regarding our privacy policies, visit *www.usps.com/privacypolicy*.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date |
|---|---|---|---|
| | | | |

*Dispute Resolution Specialist: If you are mailing this notice you must send it by Priority Mail®, Signature Confirmation™ delive*

PS Form 2579-B, Notice of Right to File Class Complaint, 10 November 2012

In accordance with 29 C.F.R. 1614.204 I am of a Class of employees and former employees who have been adversely affected by the U.S. Postal Service's centralized EEO claims investigation office located in Tampa, FL.

The centralized EEO claims investigation office's EEO Analysts are not in the local Chain-of-Command and are out of the local jurisdiction of the Administrative Courts they are serving in proxy for the Postal Service. Therefore, they are not accountable to the Courts and have no legal standing to participate in any local Administrative or Civil proceeding.

(i) There are numerous employees and former employees who have been injury by the Agency's centralized EEO claims investigation office located in Tampa, FL.

(ii) There are questions of fact common to the Class.

(iii) My claims of violations of protected rights by the Agency are typical and common for the Class.

(iv) I can fairly and adequately protect the interests of the Class. However, given the right to file a Class Action I would endeavor to retain a Class Action Law Firm to represent members of the Class. If Class Action is denied I ask that I may be allowed to file an individual EEO Complaint based on the unlawful employment practices I have submitted for review here.

1.  Lance McDermott
    Cell: 206 331-1990
    Mail Processing Equipment (MPE) Mechanic, level 9
    PMA, 22430 Russell Road, Kent, WA 98032

2.  Specific Matters:

    a. U.S. Postal Service EEO Analysts are unlawfully substituting the Agency's "Specific Issues" that are false statements (18 U.S.C. 1001, USPS ELM 661.2 l) into the federal record of the EEO Complaint Resolution Process for the original Charges of the Employee. This also violates the Federal Rules of Evidence, Rule 607, Hearsay. 29 CFR § 1601.7, - "(a) **A charge** that any person has engaged in or is engaging in an unlawful employment practice…" The Agency's "Specific Issues" are not the original Charges submitted by employees.

    b. U.S. Postal Service EEO Analysts making agency decisions without the required fact-finding and with no appeal.

    (1) EEO Services Analyst Eric Wilson (attachment 1), 16 October 2012, - "… all relevant information and evidence will be addressed in the agency's final decision. There is **no right to appeal this decision at this time**."

    (2) The Agency Acknowledgement, (attachment 2) 30 August 2012, page 5, - "**There is no right to appeal** this decision at this time. (See 29 C.F.R. 1614.107) A copy of this correspondence will be associated with the investigative file and **will become a part of the record of** this complaint."

    A biased employee such as the EEO Analyst is without final decisionmaking authority and cannot bind the employer even if her she had "substantial influence" or played a significant role in the adverse employment decision. *Hill v. Lockheed Martin Logistics Management Inc.*, 354 F.3d 277, 291 (4th Cir. 2004). Therefore, the EEO Analyst's Specific Issues of the Complaint's claims true or lies cannot bind the Postal Service and it cannot legally be non-appealable.

    c. EEO Services Analyst Eric Wilson (attachment 1), 16 October 2012, - "All of the items in your letter have been represented in the acceptance letter dated July 23, 2012, as well as acceptance of the amendment letters dated August 13 & 30, 2012." This is not true.

    My Information for Pre-Complaint Counseling, PS Form 2564-A, C. Description of Incident, - "I applied for position(s) during Open Season (exhibit 3) and was found to be 'ineligible to apply,' 13 April, by MMO David Hoff (exhibit 1)." (attachment 3)

    Rebecca S. Pagan wrote the Agency's (attachment 5), "Specific Issue(s)," 23 July 2012, torn from my Charges, - "5. On April 13, 2012, you were advised you had an ineligible rating for the positions you applied for; …" "You are reminded that any notification of disagreement with the defined accepted issues is not opportunity or forum to

raise additional, unrelated allegations of discrimination." The Agency "Acceptance for Investigation" letter dated 23 July 2012, shows that the Agency took 70-days to respond to my Charges of 2 May 2012 and I had 7-day deadline to respond back.

Rebecca S. Pagan, Agency Acceptance for Investigation, (attachment 6), 13 August 2012, - "You are reminded that any notification of disagreement with defined accepted issues is not an opportunity or forum to raise additional claims ..."

Brenda K. Hilton, Manager EEO Compliance and Appeals, Agency Acknowledgment Letter (attachment 7), 4 April 2006, - "If you wish amend (add issues of claims that are like or related) to your complaint..."  (What happen to the "Compliance and Appeals," i.e. "Appeals"?)

29 § 1601.12, - "A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received."

My Statement, (attachment 8), 2 October 2012, - "This misrepresents the fact that Dave Hoff  "researched" and found that I was ineligible for the position and "based" on this false finding I was "not eligible to apply during Open Season"  that was open to everyone else. The fact remains in my training record that I did pass the KSA skill test for the welding position and therefore qualified to be placed on the register."  I also have work at and been paid at the higher level Electronic Technician position and therefore, eligible for placement on that register."

d. My original Charges in the Information for Pre-Complaint Counseling, PS Form 2564-A, 2 May 2012, (C.) Description of Incident/Action when "changed" by USPS EEO Services Analyst Rebecca S. Pagan. My charge was that: - "The Agency is not posting all vacancy announcements and promotion opportunities on the bulletin board in the PMA facility for 15 days as required by Handbook EL-312. 734.1."

The Agency's "Acceptance for Investigation" 23 July 2012, 1. - "… you were denied the opportunity at higher level;…"

EEO Acceptance letter, (attachment 9), 10 May 2006, - "2. On March 20, 2006, you were denied a promotion opportunity when Tool & Parts clerk Linda Mainor was promoted to a Supervisor of Maintenance Operations (SMO) position that was not posted on the Official Bulletin Board for 15 days, as required."

EEOC Office of Federal Operations, Decision 1E981004408 (attachment 10), 10 November 2008, page 2, - "The Commission finds that the agency has mischaracterized complainant's claim. A fair reading of the complaint, … reveals that complainant is, in fact, alleging that he was not selected, because of discrimination/retaliation, for a supervisory vacancy in Tools & Parts… and where and how vacancy announcements are made to employees goes to the merits of his claim, which cannot be resolved without an investigation."

The EEOC already found material misrepresentation of the merits of my Charges by the Agency's "Specific Issues" in 2006.  In 2012 the Agency is still mischaracterizing (lying) about my Charges and Claims.

e. Eric Wilson (attachment 1) wrote, - "Your requested expanded explanation of the issues as you perceive them would not alter the agency's investigation of the allegations of discrimination."

My statement (attachment 11), 25 August 2012, - "1. Change of Working Conditions, unlawful contracting - I am a Mail Processing Equipment (MPE) Maintenance Employee and a Union Steward who investigated a Retired Postal Employee Electronic Technician (ET) Charles Neumeister working in the Priority Mail Annex (PMA), 22430 Russell Road, Kent, Washington. I put in a Request for Information (RFI), 28 February 2012, about his retirement, proposal and contract and only received retired ET Charles Neumeister's Notification of Separation, Effective 30 June 2011 (exhibit 1). I again put in a RFI, 6 March 2012, for the proposal, contract and who was working with the retired ET contractor (exhibit 2). I received Neumeister's proposal and information that Engineer and Project Manager Don Hamel was his boss and ET Dennis Livingston was working with him Out-of-Schedule (time & half). I again put in an RFI, 14 May, 21 May, and 29 May 2012 and received "Given on Last RFI," "No MNT 49-10 Found?" (exhibit 3-1), "Relevance" (exhibit 3-2), and "Relevance to PMA" (exhibit 3-4).  USPS Seattle Priority Mail Annex Policy, Subject: Contractor's Working On Postal Premises, 1 January 2011, (exhibit 4) states – "Inspection and monitoring documentation of contractor work and related projects for the Seattle Priority Mail Annex is located [in] Maintenance Supervisors office." However, the Maintenance Supervisor Ken Dow, my boss, would not give me a copy of Neumeister's contract. I told Ken Dow that Neumeister was given an unlawful contract and he ignored me. Charles Neumeister was awarded an unlawful contract and I informed my Supervisor Ken Dow as required.  I was then completely confounded that Ken Dow asked me to work (not Out-of-Schedule)

with Neumiester. I said no and Ken Dow returned with Project Manager Don Hamel in tow to give me a "Direct Order" under threat of discharge to work for Neumiester and become part of the criminal activity (exhibit 5). I ask for the "Direct Order" to be in writing and Ken Dow said that, - "I said I don't have to put it in writing." I protested but did the work. Ken Dow charged me with:   a) - "failure to follow instruction" (exhibit 6),   b) - "Failure to be in Regular Attendance" (exhibit 7) and   c) - Failure to "a direct order" (exhibit 8).   Ken Dow conducted three (3) back-to-back Investigative Interviews him-self, (and not a non-bias supervisor).   In the investigations I clearly said – "Charles was a retired Federal Employee and it was unlawful for him to work Title 18 Section 207" (exhibit 6, question 1).  The interviews were given two days before I was to take my first two-week vacation in 15 years.  Ken Dow gave me a (1) Letter of Warning, 23 July 2012, and "corrected copy date 7/25/2012 (exhibits 9), when I returned from vacation for: ..."

Eric Wilson, - Acknowledgement and Partial Acceptance of Amendment to Complaint (attachment 12), 30 August 2012, - "11. You were given 3 investigative interviews on July 2, 2012 and subsequently issued a Letter of Warning dated July 23 July, 2012."

Given that 29 CFR § 1601.7, - "(a) **A charge** that any person has engaged in or is engaging in an unlawful employment practice..." Where is my charge of unlawful actions that my Supervisor Ken Dow and a Manager Don Hamel forced me under threat of being "walked out the door" to work as Public Servant on a criminal contract give to a retired Postal Service Employee?  It is also unlawful to give contract to a contractor who cannot provide all of the supplies and equipment to complete the contract (without help of government employees).  These criminal charges were also unlawfully removed from my complaint.

f.. Rebecca Pagan (attachment 5), 23 July 2012, - "...If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing or ... you **have certain appeals rights.**"

Eric Wilson (attachment 12), 30 August 2012, page 5, - "**There is no right to appeal** this decision at this time. (See 29 C.F.R. 1614.107. A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint."

Eric Wilson (attachment 1), 16 October 2012, - "...At the conclusion of the investigation and dependent upon you client's election of appeal, an EEOC administrative judge will make a decision regarding the requested clarification, or, alternatively, all relevant information and evidence will be addressed in the agency's final decision. There is **no right to appeal this decision at this time.**"

The Agency is making "we find that" premature decisions of my Charges without my participation without full a neutral investigation and without appeal rights of those decisions.  I have a right to a Neutral Decision Maker, *Ward v. Village of Monroeville*, 409 U.S. 57 (1972).

3. Specific Type of Discrimination: - Violations of the protected constitutional and statutory rights.

4. A Description of the Personnel Policy or Practice: - Local Management's failure to conduct the administrative investigations required by the policies, procedures and guidance of the Postal Service and set forth in the EEO Management Directives (29 C.F.R. 1614). - National EEO Analysts creating Specific Issues that mischaracterize the Charges and Facts of the EEO Complaint. - National EEO Analysts making un-appealable decisions without the required independent fact-finding.

Consideration

In *Charles Phillips*, Appeal No. 01992787 and *Clarence Littlejohn*, Appeal No. 01A01596 v. *Department of the Navy*, 8 June 2000, the Commission found that the Navy's Pilot EEO Dispute Resolution Program failed to comport with 29 C.F.R. 1614. The Commission intended for the ADR program to operate within the Part 1614 process, not replace it. The ADR program may not require an individual to waive his right to an investigation, a hearing or an appeal to the EEOC. The Pilot Program failed to achieve resolution with a "factual record" developed by a Dispute Resolution Specialist (DRS). The Complainants documented the lack of trust in the process wherein they alleged that portions of their intake complaint remain incorrect (Specific Issues). "The final agency decision ignored the contradictory evidence raised in the summary report and drew conclusions for which we find no support in the above described record." ORDER (2) – "upon receipt of this decision, the agency shall immediately suspend the Pilot Program. The agency shall deem all complaints which are currently being processed through the Pilot

Program as unresolved ... (3)  Any ADR program which the agency establishes pursuant to 29 C.F.R. 1614.102(b)(2) must satisfy the requirements of 29 C.F.R. 1614 and comport with EEO MD-110, Chapter 3 (November 9, 1999)."

The U.S. Postal Service's EEO Analysis ignore direct evidence submit by employees and insert a false record with their Specific Issues not based on the facts of the Employee's Charges filed. These out-of-state and out-of-jurisdiction of the local Federal Court Contractors cannot be held accountable for their unlawful acts (civil suit). Therefore, these contracts are *per se* unlawful, hiding from the Federal Court's review and my protected right to sue.

*Dumaguit v. Potter*, Case No. C-06-2042 JSW, filed in the U.S. District Court for the Northern District of California U.S. Federal District Judge Hon. Jeffry White.  Mr. Gerald Dumaguit repeatedly complained to USPS management about ongoing discrimination, harassment and abuse of Filipino workers.  As an EEO investigator, responsible for investigating complaints, Mr. Dumaguit hoped his complaints would be taken seriously.  Instead, Mr. Dumaguit's picture was posted outside of his workplace in a "Wanted" style poster, with instructions that if he tried to enter the premises, the police should be called.  Instead of providing Mr. Dumaguit his retirement that he earned for working for USPS for over thirty years, USPS fired him and stripped him of his benefits and retirement. Shortly after Judge White's ruling, USPS and Mr. Dumaguit reached a settlement.

The U.S. Postal Service contracted out the work of investigating EEO Complaints after discriminating against and firing one of its own EEOC investigators who complained about discrimination against other Filipino EEO Investigators by Postal Service Managers.  Do the Managers that discriminated still have a job???

Postal Bulletin 22191 (10-12-06) (attachment 13), - "This is part of the EEO program improvements implemented in fiscal year 2004 when all EEO investigations were centralized.  The hotline will take advantage of proven technology and move the Postal Service further along in its efforts to be a model federal employer. Response time **will improve and employees will have more** convenient access to the EEO process."

USPSNEWS@WORK (attachment 14), - "One office, better service.  That's the reason for the new centralized EEO claims investigation office located in Tampa, FL.  The new office reports to Labor Relations Vice President Tony Vegliante.  The office will consolidate USPS EEO investigations under one manager.  A staff of professional EEO analysts will monitor investigations conducted by private independent contract investigators. ...  'This new process will be **fairer and more impartial for employees,** investigators and USPS,' said VP Tony Vegliante. These neutral investigators – **trained in accordance with EEO** Commission policy and regulations – will perform unbiased investigations..."

Postal Service Policy on Workplace Harassment (attachment 13), 25 September 2006, - "**Management Responsibility** – All **managers and supervisors are responsible** for preventing harassment and inappropriate behavior that could lead to illegal harassment and **must respond promptly** when they learn of any such conduct. Any manager or supervisor who receives a complaint **must** see that a **prompt** and thorough investigation is conducted and ensure the harassment/inappropriate conduct does not happen again.  Investigations of all forms of harassment must be done in accordance with the 'Initial Management Inquiry Process' (IMIP).  Materials are available in Publication 552, **manager's guide to** Understanding Sexual Harassment.  When harassment or inappropriate conduct is found, managers must take prompt and effective corrective action. ...  Retaliation against employees who raise a claim of harassment, report inappropriate conduct, or provide evidence in any investigation, is illegal and can result in disciplinary action, and should be referred to the OIG...."

ELM 664, - "b. Any information that causes the employee to believe that there has been a vio**lation of a federal criminal statute or any law or regulation directly or indirectly related to the responsible of** the Postal Service."  666.18, - "No one may take or fail to take a personnel action, or threaten to do so, with respect to any employee or applicant for employment because the employee or applicant discloses information that he or she believes evidences:  a.  A violation of any law, rule, or regulation, or  b.  A **gross waste of funds,** gross mismanagement, and abuse of authority..."  666.32, - "Upon receipt of the allegations, the Offi**ce of the** Inspector General will conduct a preliminary review of the allegations..."

Steps for Managers to Address Workplace Harassment, (attachment 14), September 2009, shows that management must respond promptly and begin the IMIP process before communicating the EAP and EEO options

to the employee. Step 4 requires "If criminal action has occurred notify Postal Inspection Service... Report to the OIG any ..." Management when notified of harassment does not conduct the IMIP process, does not report criminal activity to Inspection Service nor the OIG and does not refer the complaint to the next-higher-level manager as required by the federal regulations. Therefore the employee's sole recourse is to use the Contracted EEO process setup by Postal Management to bypass their responsibilities and that also does not follow the statutory rules for processing and investigating retaliation complaints.

Resolution:

I ask that the centralized EEO claims investigation office located in Tampa, FL be closed and the EEO Analysts' work returned to the local and accountable Supervisors and Managers in the Chain-of-Command that have legal responsibility for the prompt IMIP.

I seek the return of the investigations beyond the Chain-of-Command's ability to investigate for violation of any law, rule, or regulation, harassment, inappropriate conduct, gross waste of funds, gross mismanagement, abuse of authority or for providing evidence of such conduct as I have evidenced, be referred to the OIG with the statutory responsibility and authority to investigate employee conduct issues.

I seek injunctive relief with a ban on the EEO Analysts or any Postal Service Official from creating "Specific Issues" from the Complainant's EEO Charges without their participation.

I also seek a ban against any Postal Service Official making un-appealable EEO Complaint decisions before the required independent fact-finding investigation has been completed.

Lance McDermott
1819 So 104th ST
Seattle, WA 98168
Home: 206 763-6268
Email: treke@hotmail.com

RECEIPT
(ance Coverage Provided)
ebsite at www.usps.

AL USE

0008
17
11/13/2012  Analyst
EEO Service
0150
1979
36.22·1979

years

or Priority Mail
al mail.

Certified Mail. For

ted to provide proof of
ite and attach a Return
e postage to cover the
ceive a fee waiver for
Certified Mail receipt is

to the addressee or
the mailpiece with the

lease present the arti-
on the Certified Mail
age and mail.

making an inquiry.

Postal Service
FIED MAIL  RECEIPT
Mail Only; No Insurance Coverage Provided)
very information visit our website at www.usps.com.

FICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.75 |

11/13/2012

Sent To USPS EEO150-FAD
Street, Apt. No.,
or PO Box No.  P.O. Box 21979
City, State, ZIP+4  Tampa, FL 33622·1979

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, a
   item 4 if Restricted Del
■ Print your name and a
   so that we can return t
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Eric Wilson
EEO Service Analyst
USPS National EEO150
P.O. BOX 21979
Tampa, FL 33622·1979

2. Article Number
   (Transfer from service label)    7007 2560 0000 6132 4506

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                     NOV 19 2012
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

USPS EEO150-FAD
P.O. BOX 21979
Tampa, FL 33622·1979

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
   James E. George            NOV 16 2012
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7006 2150 0004 5725 5108

1 (2)

NATIONAL EEO INVESTIGATIVE SERVICES OFFICE



*UNITED STATES*
POSTAL SERVICE

October 16, 2012

Delivery Confirmation No.: Complainant:  0312 0860 0000 7122 0853

Lance McDermott
1819 So 104th St.
Seattle, WA  98168

Re: *Response to Objection to Accepted Issues, Lance McDermott, Complainant*
    EEO Complaint No.: Agency Case Number: 1E-985-0004-12
                      Date Formal Filed: June 21, 2012

Mr. McDermott:

This is in response to your letter dated October 2, 2012, received in this office on October 5, 2012, regarding your disagreement with the identification of the accepted issues.  All of the items in your letter have been represented in the acceptance letter dated July 23, 2012, as well as acceptance of amendment letters dated August 13 & 30, 2012. Your requested expanded explanation of the issues as you perceive them would not alter the agency's investigation of the allegations of discrimination. Therefore, the accepted issues will remain the same as stated in the acceptance letter dated June 21, 2012.

A copy of your objection to the accepted issues will be added to the investigative file. When the investigator contacts you, you may include your additional information in the affidavit that will be requested.  At the conclusion of the investigation and dependent upon your client's election of appeal, an EEOC Administrative Judge will make a decision regarding the requested clarification, or, alternatively, all relevant information and evidence will be addressed in the agency's final decision.  There is no right to appeal this decision at this time.

*Eric Wilson*
Eric Wilson
EEO Services Analyst

P.O. Box 21979
TAMPA FL 33622-1979

**RECEIPT**
*nce Coverage Provided)*
*bsite at www.usps.com*

**Postal Service™**
**FIED MAIL™ RECEIPT**
*(Mail Only; No Insurance Coverage Provided)*
*very information visit our website at www.usps.com*

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.75 |

11/13/2012

Sent To  USPS EEOISO - FAD
Street, Apt. No.,
or PO Box No.  P.O. Box 21979
City, State, ZIP+4  Tampa, FL 33622·1979

PS Form 3800, August 2006        See Reverse for Instructions

11/13/2012  *Analyst*
*EEO Service*
*OISO*
*1979*
*3622·1979*

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Eric Wilson
EEO Service Analyst
USPS National EEOISO
P.O. Box 21979
Tampa, FL 33622·1979

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                           ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
James E. George          NOV 19 2012
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)   7007 2560 0000 6132 4506

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

USPS EEOISO - FAD
P.O. Box 21979
Tampa, FL 33622·1979

A. Signature
X _____  ☐ Agent
                           ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
James E. George          NOV 16 2012
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
   (Transfer from service label)   7006 2150 0004 5725 5108

14

Office of Federal Operations
Equal Employment Opportunity Commission
Ref: Case #1E-985-0004-12
P.O. Box 77960
Washington, D.C. 20013-8960

28 November 2012

Karla M. Malone, USPS A/Manager EEO Services
Leslie Cedola, Manager, EEO Services
Eric Wilson, USPS EEO Services Analyst
Rebecca S. Pagan, USPS EEO Analyst
Jennifer Jasrvie, USPS EEO Contact Center
USPS EEOISO-FAD/National EEO Services Office
PO Box 21979
Tampa, FL 33622-1979



RECEIVED
DEC 03 2012
NEEOISO

To Whom It May Concern,

1. I am writing in reply to the USPS EEO Contact Center, Jennifer Jarvie's letter (exhibit 1), dated 11/19/12, closing my recent EEO Complaint. I did mail send a request for Right to File for EEO#1E-985-0004-12, copies of the Pre-Complaint Form dated 10/29/12 before the 10-day limit and made Motions for Class Action consideration to the USPS EEO Services Office. FAD received theirs 16 November 2012 and Eric Wilson who was "handling" my other EEO Complants received his 19 November 2012 (exhibit 3). I also sent the EEOC OFO a copy of the request for Right to file a civil complaint for EEO#1E-985-0004-12. But did not send the OFO a copy of the Pre-Complaint Form or the Motions for Class Action I thought had to be consider first by the USPS EEO Services Office. Therefore since the USPS EEO Service Office received a copy before the due date, I am asking that my third EEO Individual Complaint be accepted and/or the two Class Actions be also accepted for processing.

2. I am also reply to the correspondence from Karla Malone, A/Manager EEO Services (exhibit 2), dated 20 November 2012.

a. Manager Karla Malone claims that the EEOC administraive process starts (29 C.F.R. 1614(e)) with the formal complaint. This is wrong, 29 C.F.R. 1614 clearly states – "e) The agency shall complete its investigation within 180 days of the date of filing of an individual complaint..." My EEO Complaint (informal) was filed 2 May 2012 (exhibit 4). The letter from EEO Contact Center Jennifer Jarvie (exhibit 5) dated 3 May 2012, - "...explains the EEO administrative complaint process" and that the -"...submission of the enclosed forms ensures prompt processing" of the complaint.

b. Manager Karla Malone claims that my complaint is – "...currently under investigation." However, the Investigator Robert E. Campbell who sent me 148 questions in violation of the FRCP, was fired by EEO Services Manager Leslie Cedola (exhibit 6), 16 October 2012. I do not see in the "administrative process" or any other law, rule or regulation that gives the right of "do-over" to the Agency for the investigation or any other part of the administrative process when my protected rights are violated. The "new" investigator Willie R. Hargis has not contacted me. I objected to the false Issues and was told – "...the issues as you perceive them would not alter the agency's investigation..." and "There is no right to appeal this decision ..." (exhibit 6-2). I was not allowed to voluntarily (EEOC Appeal No. 01985294, June 8, 2000) participate in the creation of the Agency's Issues of my claims.

1 of 2

December 04, 2012

LANCE P MCDERMOTT
1819 S 104TH ST
SEATTLE            WA   98168-1647

Agency Case No: 1E-985-0004-12

Dear Lance McDermott:

The attached information was submitted after the completion of the investigative file.  Please add these documents to your copy of the recently submitted file.

If you have any questions, please feel free to contact me at the number below.

Sincerely,

Eric M. Wilson
EEO Services Analyst

cc: Margaret M. Boyle
    Manager, EEO Compliance and Appeals, Western Area

Enclosure

PO Box 21979
Tampa FL  33622-1979
Tel. (813) 739-2017
FAX  (651) 306-6576

Margaret M. Boyle
1823 10th Ave. W
Seattle, WA  98119-2947

25 Apr

# EEOC Office List and Jurisdictional Map



Equal Employment Opportunity Commission
15 Districts

Atlanta District Office

H1

letter carrier net work, info/investigation

25 Apr

# EEO Investigators

| | | |
|---|---|---|
| Ahearn, Dawn | Jordan, D'Ann *USPS* | Ruggiero, Linda *USPS* |
| Ambrogio, James *USPS* | Jurach, Adam *USPS* | Russell, Doug *USPS* |
| Anderson, Pamela | Jurach, Janet | Scanlon, Daniel *USPS* |
| Arnette, Ruthie | Kaiser, Cynthia *USPS* | Seymour, Judith *USPS* |
| Arroyo, Jeanette | Kaldahl, Karen | Siam, Lina |
| Austin, Carol *USPS* | Lamb, David | Smith, Ellen |
| Barsi, Oswald *USPS* | Lawrence, Kathryn | Sorgi, Raymond |
| Bedward, Deborah *USPS* | Legas, Carol *USPS* | Stevens, Amy *USPS* |
| Bledsoe, Marcia | Liddiard, Timothy *USPS* | Stevens, Donald *USPS* |
| Boelter, James | Lindemann, Jane | Tatum, Tamu *USPS* |
| Boyett, Robert *USPS* | Linville, Sherry | Taylor, Sandra |
| Boykins, Sandra *USPS* | Longoria, Tuyet | Thompson, Joy |
| Burns, Myra *USPS* | Ludwikowski, Roberta | Thompson, Shelley |
| Caldas, Enrique | Maddern, Robert *USPS* | Tolbert-Yancy, Joann |
| Carter, Michael | Maksud, Delia | Townsend, Terinee |
| Clear, Regina | Malone, Kimberlyn | VanBenschoten, Q *USPS* |
| Collier, Susan | Maloon-Gibson, Amicita | Vannoy, Richard |
| Connolly, James *USPS* | Manlove, Cynthia *USPS* | Varsalone, James |
| Cote, Karen *USPS* | McCollum, Gail | Voelker, Jessica |
| Crawford, Mary | Miles, Robert *USPS* | Von Gartzen, Emilie |
| Davis, Gail *USPS* | Mosiniak, Diana | Walker, Everette |
| Della Porta, Loraine | Moudakis, Lolita | Walters, Nancy *USPS* |
| Eads, Rosemary *USPS* | Nederloe, Brian | Williams, Kelly |
| Eaton, Roberta | Nigl, Mary *USPS* | Wiltz, Danita *USPS* |
| Edmonds, Tanisha | Ott, Fred | Wingfield, Richard |
| Falcao, Linda *USPS* | Paiva, Robert *USPS* | Wyllie, Sandra *USPS* |
| Fleury, Michael *USPS* | Parker, Julie *USPS* | Zimmerman, Jacalyn |
| Gold, Nora | Payne, Dana *USPS* | |
| Gravely, Steven | Peace, Sharon | |
| Greene, Dennis | Philbrick, Tammie | |
| Gregory, Marjorie *USPS* | Pierce, Dan | |
| Guardiola, Monica | Porter, Susan *USPS* | |
| Hargis, Willie | Pruitt, Barbara | |
| Harris, Shirley | Pullen, Jeffrey | |
| Hawkins, Michele | Raber, Kim *USPS* | |
| Heard, Robert | Reilly, Debra | |
| Herring, Jolanda Evon | Richter, Chad | |
| Howard, Cecil | Rios, Kathryn *USPS* | |
| Hudson-Coleman, Shijuana | Rodkey, Sue *USPS* | |

11/4/2008

H2
U

25 Apr

**[REDACTED] Investigators**

| | | |
|---|---|---|
| Aguilar, Victoria | Haffner, Natalee | Paiva, Robert |
| Anderson, Pamela | Hankins, Wendy | Parker, Julie |
| Anschutz, Thomas | Hargis, Wille | Payne, Dana |
| Arceneaux, Ronald | Harrell, Dana | Pearce, David |
| Austin, Carol | Harris, Shirley | Pemberton, Bobbie |
| Ayala, Gladys | Hawkins, Patricia | Phillips, Esther |
| Barsi, Oswald | Hayes, Robert | Pierce, Dan |
| Bledsoe, Marcia | Hayes-Kuse, Kristen | Porter, Susan |
| Blenner, Stuart | Mays, Vicki | Posey, Risette |
| Boyett, Robert | Hunter, David | Pullen, James |
| Boykin, Vanessa | Hunter, Sheila | Raber, Kim |
| Boykins, Sandra | Jenkins, Nadine | Rigo, Michelle |
| Burns, Myra | Jennings, Gloria | Rios, Kathryn |
| Campbell, Robert | Johnson, Brenda | Roberts Jr., Walter |
| Choy, Shou | Jones, David | Rodkey, Sue |
| Cisse, Carolyn | Jones, Janet | Ruggiero, Linda |
| Coleman, Yvonne | Jones, Linda | Russell, Douglas |
| Connolly, James | Jordan, D'Ann | Sackrider, Gregg |
| Conti, Mary | Jordan, Raymond | Scanlon, Daniel |
| Corvino, James | Jurach, Adam | Seymour, Judith |
| Cote, Karen | Jurach, Janet | Shayer, Richard |
| Cunningham, Carolyn | Kaiser, Cynthia | Sheehan, Richard |
| Davis, Gail | Kelly, Kandace | Shine-Green, Sherry |
| Delaney, Suzanne | Leahy, Joseph Warren Jr. | Siam, Lina |
| DePietropolo, George W. | Lee, Denise | Smith, Pamela |
| Dodson, James | Legas, Carol Ann | Stevens, Amy |
| Dolan, Mary | Liddiard, Timothy | Stevens, Donald |
| Eads, Rosemary | Lilly, Daniel | Tatum, Tamu |
| Edmunds, Sheila | Lindsay, Garry | Tatum, Wesley |
| Falcao, Linda | Long, Alonzo | Thompson, Kat |
| Faulkner, Theodore Jr. | Louis-Jeune | VanBenschoten, Q |
| Ferguson, Angela | Maddern, Robert | Vickers, Barbara |
| Fite, Kathryn | Malizia, Karen | Walters, Nancy |
| Fleury, Michael | Manlove, Cynthia | Wheeler, Debby |
| Fontek, Robert | McLaughlin, Gale | Williams, Glen |
| Ford, Shirley Payne | Miles, Robert | Williams, Vanessa |
| Foster, Lori | Moore-Kondek, Helene | Wilson, Monique |
| Galbreath, Nancy | Moschetta, RoseMarie | Wiltz, Danita |
| Garza, Daniel | Nederloe, Brian | Wingfield, Richard |
| Gavaldon, Frank | Nederloe, Jessica | Woodall, Ted |
| Gilmore, Regina | Neukirch, Deborah | Wyllie, Sandra |
| Gregory, Marjorie | Nigl, Mary | Zuniga Jr., Manuel |

Cogant Solutions
ADTR specialist usA

Smal USPS
mail EEO gp

28 Investigator

126

H2