Application
To the
Office of the Recorder
2101 Wilson Blvd. Suite 600, Arlington, VA 22201-3078
For the
Office of Administrative Law Judge
Or
Judicial Officer's
Review



Lance P. McDermott
       Plaintiff, *Pro Se,*      ) Agency EEO No. 1E-985-0004-12

    vs.                  ) Appeal of Initial and Final Agency Decisions, dated 25 March 2013, Title 39 § 960 & § 956.

Patrick R. Donahue, Postmaster General, U.S. )
Postal Service, *et al.*

I Lance McDermott wish to make an Application for Appeal to Review the Initial and Final

Decisions of the U.S. Postal Service National Equal Employment Opportunity (EEO)

Investigative Services Office's (ISO) Partial Acceptance/Partial Dismissal dated, 25 March 2013

(exhibit 5), of my Formal EEO Complaint, for the following reasons:

Pursuant to Title 39 § 960.8, in a adversary adjudication 5 U.S.C. § 504, where a Agency

Official renders a Initial or Final Agency Decision (FAD) the Judicial Officer or Chief

Administrative Law Judge is authorized to review and take final action on matter.  I believe that

this is a covered proceeding pursuant to § 960.3 (b) Adjudications under 5 U.S.C. § 554 in which

the position of the Postal Service is presented by an Agency Representative who participates in

the proceeding.  I believe that the Partial Acceptance Letter is a discrete substantive position (act,

§ 960.12) in the EEOC Administrative proceeding.  I have raised and again raising questions of

the jurisdiction of the Agency's Officials involved and the authority of their decisions that must

be review and answered before proceeding with the EEOC process.

The Court long ago established in *Bimetallic Investment Co. v. State Board of Equalizatio*

1  239 U.S. 441 (1915), that the government violates the Fourteenth Amendment when it fails to

2  provide people a fair and equal opportunity to be heard.  The Supreme Court held – "Their rights

3  are protected in the only way that they can be in a complex society, by their power, immediate or

4  remote, over those who make the rule."  239 U.S. at 445 -- I have not had my claims heard.

5

6  *Res Judicata* – EEO Commission Decision (Title 29 § 1614.503), Appeal No. 0120083506,

7  10 November 2008, (exhibit 1), - "...reprisal for prior protected EEO activity under Title VII of

8  the Civil Rights Act of 1964.  ... The Commission finds that the agency has mischaracterized the

9  complainant's claim. A fair reading of the complaint ... Whether of not vacancy announcements

10  are made to employees goes to the merits of his claim..."  The Agency has not respected the

11  EEOC's Decision.

12  Federal Rules of Evidence 608, - " A witness's credibility may be attacked or supported by

13  testimony about the witness's reputation for having a character for truthfulness or untruthfulness,

14  or by testimony in the form of an opinion about that character…"  I challenge the truthfulness of

15  the National EEO Investigative Services Office's "Specific Issues" of my EEOC Complaints and

16  the Decisions based on the untruthfulness.

17                                                    Issues

18  I challenge and seek review of the jurisdictional and delegation of authority of the USPS EEO

19  Services Office (ISO) located in Tampa, FL.

20  I ask for review of the Agency's Initial Decisions, Findings and Final Decisions.

21  I ask for review of the jurisdictional and delegation of authority of the contract granted by the

22  ISO to the out-of-state EEO Investigator.

23  I ask review and remedies of my EEO Complaints and allegations that have not been

24  processed, investigated or decision made by the Agency.

25  I also ask for review of my Spin-Off Complaints, Class Action Status and Criminal Charges.

## Jurisdiction

The USPS EEO ISO located in Tampa, FL does not have territorial jurisdictional authority to participate in any administrative or later the civil proceeding in Seattle, WA. The ISO's Officials are not acting with a written delegation of authority (exhibit 11) to make Agency decisions or legally grant contracts for EEO investigations. The distance also adds mailing time to the process and the Agency adds extra burdens like a 7-day response time (exhibit 5) not found in the governing EEOC rules.

EEOC Regulation, MD 110 Chapter 3, VII, A – Fairness – "...2. Neutrality – "To be effective, an ADR proceeding must be impartial and must be **independent of any control by either party, in both perception and reality. ...**"

Article III of the Constitution vests the judicial power, - "in one supreme Court and in such inferior courts as Congress may for time to time ordain and establish."

"...judicial review is particularly important in enjoining and redressing constitutional violations inflicted by all levels of government and government officers." - *Constitutional Law*, Aspen Law 1997, page 49, quoting Susan Bandes, The Idea of a Case, 42 Stan. L. Rev. 227 (1990).

The EEOC Administrative Proceeding is a limited inferior Court established by Congress. The Agency must establish that it has jurisdiction granted by Congress before inflicting any proceeding on anyone.

## Agency Decisions

In *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), Chief Justice Marshall wrote, - "...But where a specific duty is assigned by law, and individual rights depend upon the performance of that duty, it seem equally clear that the individual **who considers himself injured**, has a right to the laws of his country for a remedy." *Id.* at 166. I have been injured.

MD-110 Chapter I, V. A. 2 – "Before the Counselor begins the inquiry, s/he must be certain

1  that the claim(s) are clearly defined and the **aggrieved person agrees** on how the agency defines

2  the claim(s) that are to be the subject of the inquiry …"

3      MD 110 Chapter 2 D. Requirements of the Formal Complaint -- Must be in writing; -- Must be

4  specific with regard to the claim(s) that the aggrieved person raised in EEO counseling and that

5  the **complainant wishes to pursue**; …"

6

7      REFERENCE:  USPS National Investigative Service Office (ISO), Investigative Report, 10

8  November 2012, Evidence of Record (**ER**) for Agency EEO Case No. 1E-985-0004-12, FAD 12

9  Feb 13 (exhibit 3) on Appeal to the EEOC OFO.

10      ISO Acknowledgement and Partial Acceptance, 30 August 2012 (ER167-173), - "...If you do

11  not agree with the defined accepted issues(s), you must provide a written response specifying the

12  nature of the disagreement within seven (7) calendar days ..."

13      . Letter sent to ISO, 29 July 2012 (ER0183), - "I disagree with all the premature findings of the

14  "EEO Service Analyst" and "we" that truncate and misstate my claims of discrimination and

15  retaliation without a full and non-bias investigation required by the EEOC Statute.   With

16  previous EEO Complaints that I filed I spent months trying to correct the "Specific Issues" that

17  will be investigate by "we" (as stated in the footnote 1).   I can appreciate that "we" found that

18  my Complaint "present a series of ongoing and related acts."   However, I object to "we" finding

19  of "factors that presents a disconnect" of my Complaint. …"

20      Agency Response to Objection to Accepted Issues, (ER0182), - "This is in response to your

21  letter dated October 2, 2012, received in this office on October 5, 2012, regarding your

22  disagreement with the identification of the accepted issues.  **All of the items in your letter have**

23  **been represented** in the acceptance letter dated July 23, 2012, as well as acceptance of

24  amendment letters dated August 13 & 30. 2012.  **Your requested expanded explanation of the**

25  **issues as you perceive them would not alter the agency's investigation**… There is **no right to**

1  **appeal** this decision at this time. – Eric Wilson, EEO Services Analyst."

2      Letter sent to ISO, 22 August 2012, (ER0186), – "Again I disagree with the accepted issues

3  and I did file another EEO Complaint about the Letter of Warning. - Issue 1.  **Management** did

4  not post on the bulletin board and did not tell any other employee that the **higher level position**

5  was open..."

6      Letter from ISO (exhibit 2), 4 December 2012, – "The attached information was submitted

7  after the completion of the investigative file.  Please add these documents to your copy of the

8  recently submitted file.  If you have any questions…"  (Note: I first wrote the ISO disagreement -

9  29 Jul 12 and 22 Aug 12, months before the Investigative Report was completed 10 Nov 12.

10  EEOC Regulations provide that, - "A complainant may amend a complaint at any time prior to

11  the conclusion of the investigation to include issues or claims...")

12      Final Agency Decision (FAD), 12 February 2013 (exhibit 3), page 9, - "…any deficiency in the

13  record preventing the complainant from meeting his or her burden of proof is not **attributable to**

14  the **agency's failure to conduct a proper investigation**.  … information regarding the

15  complainant's claims has been extracted from the Formal Complaint and other relevant

16  documents contained in the file and **are not given any weight** as they are unsworn statements."

17      ISO Partial Acceptance, 25 March 2013 (exhibit 5), page 3, - "If you do not **agree** with the

18  defined accepted issue(s), you must provide a written response specifying the **nature of your**

19  disagreement within seven (7) calendar days of receipt…"  Page 4, - "You have no **right to**

20  appeal this decision at this time."   -1. EEOC rules require my participation in creating the issues

21  of the complaint and my approval of the issues before the process is continued.  -2. EEOC rules

22  do not have a 7-day time limit for the Agency to respond nor do the rules state that I have only 7-

23  days.  -3. I believe that I do have appeal rights when my Constitutional and Statutory Rights are

24  being violated.

25      So my specific complaints of my protected activity vs. the Agency's adverse actions were

1   truncated into mischaracterized "Specific Issues" that I have not approved of MD-110 Chapter I,

2   V. A. 2 and have no burden to pursue or justify.  I had a protected right to participate in the

3   creating the issues for the EEOC administrative process.  So the Agency violated my right to

4   participate, add to, change or agree with issues and imposed a 7-day response time (burden) that

5   is not part of the EEOC's Regulations for processing the Complaint.   My evidence presented,

6   affidavits, documents, deposition, previous EEOC Decision 2008 and EEO IR 1E-985-0018-06,

7   2006, (similar issues decided) were not given any "weight" by the FAD Writer.

8

9       In *Carter v. Champion Bus, Inc.,* ARB No 05-076, ALJ No. 2005-SOX-23 (**ARB Sept. 29,**

10   2006) the ARB noted *Doyle v. Alabama Power Co.,* 1987-ERA-43 (Sec'y Sept. 29, 1989) that, -

11   "when ... [a] complainant **receives misleading information** from a responsible government

12   agency..." – "...there is a complicated administrative procedure, and an unrepresented,

13   unsophisticated complainant receives information **from a responsible government agency...**"

14   . EEOC Regulations provide that, - "A complainant may amend a complaint at **any time** prior to

15   the conclusion of the investigation to include issues or claims like or related to those raised in the

16   complaint." However, the ISO Partial Acceptance, 25 March 2013 (exhibit 5), - "You are

17   reminded that any notification of disagreement with the defined accepted issues is **not an**

18   opportunity or forum to raise additional ... There is no right to appeal this decision at this time."

19       So first the Agency removes specific allegations from my complaint and then creates its

20   Specific Issues without my participation.  Then the Agency tells me that I can disagree with its

21   Specific Issues.  When I disagree I'm told that it does not matter to the investigation and the

22   Agency tells me that I cannot change or add additional allegations (that they took out) into my

23   complaint with no appeal.

24

25   When I complained about the ISO giving a retired Federal Employee, Robert Campbell,  a

Application of Appeal

*1(*

*1*

1  contract to investigate my charges that the Agency gave a retired Postal Service Employee a

2  Contract that violated 18 USC 207. The EEO Contractor had sent me 168 Affidavit Questions

3  (FRCP limit 25) based on the Agency's Specific Issues and not my claims (ER0104). In

4  comparison the IR for EEO No. 1E-981-0018-06, submitted 13 July 2006, for the Formal Filed 1

5  April 2006 (12 weeks), Affidavit A page 7 of 14, Lance McDermott, asked 22 Questions with 3

6  Supplemental Questions. Mr. Campbell send a copy of the "Specific Issues" (ER0411, ER0407,

7  ER0445) to the Agency's Officials named in the complaint so that they could prepare "a detailed

8  affidavit will preserve your thoughts and guard against faded memory" (ER0412, ER0438,

9  ER0446). Mr. Campbell even coached Agency Officials in filling out affidavits – "I have

10  prepared a short affidavit for you to execute concerning the two positions discussed" (ER0411).

11  (What two positions did the Investigator discuss with Management?) "It would be greatly

12  appreciated if you complete the affidavit and email back to me by the end of the week"

13  (ER0441). The Investigation was conducted over the internet using unencrypted information and

14  un-secure home based computers (RCampbell150@cfl.rr.com) violating the Privacy Act

15  (ER0188), the confidentiality of the EEOC process and the Agency's own Information Security

16  Regulations.

17       I complained again about the retired federal employee and his 168 questions. The ISO

18  replaced the retired federal employee and gave the contract to an unqualified and unknown out-

19  of-state Contractor, Willie Hargis. The Mr. Hargis did not send out new questions or

20  supplemental and used the evidence collected and tainted by Mr. Campbell.  The out-of-state

21  EEO Contract Investigator did not conduct any face-to-face interviews necessary and normally

22  required to determine if the person is telling the truth. A Contractor does not have any legal

23  authority to have Federal Employees swear to a statement of affidavit. This empowered Agency

24  Officials to lie again in their "sworn" Affidavits (EEOC Decision 10 Nov 08, (ER068) – "The

25  Commission finds that the agency has mischaracterized complainant's claim.") Those "sworn"

1    Affidavits were given more weight by the Agency's FAD Writer Karla M. Malone. FAD for

2    EEO Complaint No. 1E-985-0004-12 (exhibit 3), page 9, - "Since the complainant failed to

3    provide an affidavit and to respond fully to the questions posed, information regarding the

4    complainant's claims has been extracted from the Formal Complaint and other relevant

5    documents contained in the file and are not given any weight as they are unsworn statements."

6    Therefore, the 115 pages of Affidavit A of the Investigative Report 1E-985-0004-12 were not

7    given any "weight" by the FAD Writer who I do not know if she is a federal employee or

8    contractor.

9

10    The PS Form 2571 Certification states, - "I understand Section 1001, Title 18 ... Whoever, in

11    any manner within the jurisdiction of any department or agency of the United States knowingly

12    and willfully falsifies, conceals or covers up by any trick ... or makes or uses any false writing...

13    **USPS Standards of Conduct** Postal Service regulations require all postal employees to

14    cooperate in any postal investigation. Failure to supply the requested information could result in

15    disciplinary action (ELM 666) ... **Oath/Affirmation** Subscribed and (sworn)(affirmed) before

16    me on this___day of____, 20___. Signature of EEO Complaints Investigator    Signature of

17    Affiant..."

18    First, the Agency has not established the jurisdiction of the Agency's EEO investigator.

19    Congress established and limited the jurisdiction to investigative all Postal Employees to the

20    OIG. The law specifically requires postal employees to cooperate in the Office of Inspector

21    General (OIG) investigations. Congress gave limited jurisdiction to the Agency and those

22    judicial limits do not include "any postal investigation." Second, it is oblivious from the "legal"

23    PS Form 2571, May 2001, that was established by the Agency long ago that the Investigator must

24    be present (territorial jurisdiction) to swear the Oath and take the Affirmation. I've seen

25    Management abuse their authority of employees by putting them on paid administrative leave for

1   months at a time while Management conducts an investigation (see ET Dan Shannon, ET Norm

2   Harding).  Administrative Leave is used as an unjust pre-punishment even if Management

3   determines the Employee is "not guilty." Incompetent Federal Managers and Supervisors make

4   incompetent Federal Investigators.

5

6       The reality is that the unassigned EEOC Analyst Eric Wilson violated my right to participate.

7   Therefore my burden to participate in resolving the "Specific Issues" was also removed by Eric

8   Wilson. My first legal burden in the EEOC administrative process was to file charges. The

9   Agency's next burden was to accept or deny the charges and claims. The Agency processed my

10  pre-claims (ER080) and allowed me to file a Formal Complaint (ER084). The next burden was

11  on both parties to define the claims that are to be the subject of the inquiry and both parties agree

12  on the "defined" claims to pursue.  I did not participate in the creation of the Agency's "Specific

13  Issues." The "Specific Issues" extracted from my original claims by I-don't-know-who and are

14  hearsay. I did not/do not agree with them.  These actions again violated my Constitutional Due

15  Process Right for an impartial investigation and hearing "independent of any control by either

16  party, in both perception and reality."  EEOC Analyst Eric Wilson lied to me and misrepresented

17  that I did not have any right to appeal the Agency's "Specific Issues."

18                                   Agency's Investigation

19      ISO Partial Acceptance, 25 March 2013 (exhibit 5), page 3, - "The investigation will not

20  involve the following issue(s) which you raised in your complaint…"

21

22      GREG ABBOTT Attorney General of Texas, Opinion No. GA-0608, 13 March 2008, - "The

23  USPIS and USPS-OIG derive their federal **investigative authority** from 18 U.S.C. § 3061

24  (2000) (granting investigative and other law enforcement powers to "Postal Inspectors and other

25  agents of the United States Postal Service designated by the Board of Governors to investigate

criminal matters related to the Postal Service and the mails"). (4) That grant of **authority is limited** to "the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses" **and the** enforcement of certain other federal laws determined to "have a detrimental effect upon the operations of the Postal Service." Id. § 3061(b)(1)-(2).

   The USPS-OIG was established in 1997 to, among other things: "[p]rovide an independent and objective unit to conduct and supervise audits and investigations relating to programs and operations of the Postal Service." 39 C.F.R. § 221.3(b)(1) (2008); see also 5 U.S.C. app. 3 § 8G(f) (2000). To that end, the USPS-OIG is responsible for "detecting and preventing fraud, waste, and abuse in the programs and operations of the Postal Service, [and] **investigating all allegations of violations of postal laws or misconduct by postal employees,** including mail theft." 39 C.F.R. § 230.1(d) (2008). The USPS-OIG and its inspector general have "oversight responsibilities for all activities of the Postal Inspection Service." Id. §§ 221.3(b)(4), 230.1(e).

   Title 39, section 233.1 of the Code of Federal Regulations, entitled "Arrest and investigative powers of Postal Inspectors," sets forth certain authority of inspectors of the USPIS and inspectors of the USPS-OIG, referring to both as "Postal Inspectors." Id. § 233.1(a). While recognizing their common authority to enforce laws related to the mails, the section circumscribes the primary responsibility of the USPS-OIG and the USPIS:

   (b) Limitations. The powers granted by paragraph (a) of this section shall be **exercised only--**

      (1) In the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses. With the exception of enforcing laws related to the mails:

         (i) The **Office of Inspector General will investigate all allegations of violations of postal laws or misconduct by postal employees,** including mail theft; and

         (ii) The Inspection Service will investigate all allegations of violations of postal laws or

1   misconduct by all other persons.  Id. § 233.1(b). …"

2

3       By law the Postal Service OIG has the legal authority to conduct investigations of all Postal

4   Employees and the Agency itself was not.  USPS Administrative Support Manual (ASM)

5   211.131, - "The OIG is responsible for promoting economy, efficiency, and effectiveness, and

6   preventing and detecting fraud, waste, and abuse in **all postal programs** and operations.  The

7   OIG conducts and supervises audits, evaluations, and investigations…"  211.33, - "There are no

8   exceptions when an inquiry, such as an investigation, inspection, evaluation, fact-finding, review

9   or audit is conducted under the **authority of** the Inspector General Act."  The Agency's EEO

10  Program is subject to the OIG's jurisdictional authority to conduct or supervise investigations of

11  "all postal programs."

12      The OIG is not conducting investigations of other postal service programs like Workplace

13  Improvement Program (WIP) or Hostile Work Environment (HWE) Programs.  The OIG is not

14  supervising investigations conduct by other Postal Service Officials who are acting without a

15  delegation of authority and without government warrant or just cause.  Where does the USPS

16  EEO ISO derive its jurisdiction and investigation authority from?

17

18      29 CFR § 1614.108 Investigation of complaints, (a) The investigation of complaints shall be

19  conducted by the agency against which the complaint has been filed.   (b) **In accordance with**

20  **instructions** contained in Commission Management Directives, the agency shall develop an

21  **impartial and appropriate factual record** upon which to make findings on the claims raised by

22  the written complaint.

23      DOL - Drafting Discrimination Complaint Determinations, Presenter:  Seena Foster

24  (foster.seena@dol.gov), (exhibit 4), **Complaint Investigation Plan** (CIP), - "- Central to a sound

25  investigation and well-reasoned decision.  -  Your roadmap during the investigation to make sure

Application of Appeal

1   that you are through – requires identification and development of the following: --'Issues' and

2   'Basis' of the complaint..."  Page 27, - The Acceptance Letter "- Interrogatories (seeking

3   additional information) may be attached to the letter.  These questions should be developed based

4   on information identified as needed in your CIP."  Page 28, " – Includes a statement of the

5   allegations:  - Be specific regarding the alleged actions; ... – Provide a specific due date of

6   Respondent's position statement..."  Page 29, - **"If the issues are framed incorrectly at this**

7   **stage, the investigation will be taken off course and be a complete waste of time."** Page 38,

8   Issues Accepted – "Should be clearly stated and should reflect the same exact issues set forth in

9   your acceptance letter."

10      The federal contract Investigation Report (IR) does not even identify any protected activity,

11   adverse actions, disputed or undisputed facts.  Nor has any of my criminal allegations have been

12   investigated.  The Contract Investigators did not follow any investigation guideline standard

13   (OIG) or create a Complaint Investigative Plan.  Apparently these Contract Investigators are not

14   train to any EEOC or federal standard any more than Supervisors (Ken Dow, exhibit 13) or

15   Managers (Norman Allen, exhibit 10) receive any training before conducting Investigations.   I

16   was in the Military (DOD) and served as an Officer.  I was trained to do AR 15 and Line Of Duty

17   Investigations before I could conduct an investigation that could led to punishment or forfeiture.

18   I also could not do an investigation without the approval in writing from a Commander who had

19   UCMJ authority.

20

21      The limited judicial investigation authority granted to the Agency by Congress is abused

22   throughout the Agency and at all levels of authority.  Agency Officials without any written

23   authority use investigations to harass, intimidate and threaten employees (exhibit 12).

24      Supervisor of Maintenance Operations (SMO) Ken Dow thinks he has the authority to charge

25   me, investigate the charges (exhibit 13), play judge and jury and issue discipline to me (exhibit

1   14) that is simply harassment (exhibit 17).

2       Manager of Maintenance Operations (MMO) Dave Marzec, who doe no have a direct-

3   reporting relationship (exhibit 7) uses his "Manager's" authority to conduct investigations

4   (exhibit 13), but doesn't sign the Letter of Warning resulting from that investigation (exhibit 14).

5   MMO Marzec believes that he possess the authority to conduct medical investigations of

6   employees.  He demands that they under go medical exams and provide documentation for

7   approved FMLA conditions (exhibit 15).  MMO Marzec even created his own governmental

8   looking forms to support his abusive investigations (exhibit 16).  Step 2 Designee David Marzec,

9   31 March 2003 (exhibit 18), - "…The Union contends that the Notice of Seven (7) Day

10  Suspension issued to Mr. McDermott was 'blatantly punitive,' rather than corrective in nature.

11  The Union further contends that Mr. McDermott has been the focus of Management's efforts to

12  harass him for the past 14 months. … Management contends that no harassment of Mr.

13  McDermott or any other maintenance employee at the Seattle P&DC has taken place."  That

14  abusive investigation and 7-day Suspension was for reading the Employee and Labor Relations

15  Manual (ELM) during work hours (exhibit 19).

16

17      The Agency's Workplace Improvement Program (WIP) investigations are not being conducted

18  by OIG Investigators.  All Employees are required by regulation to report Threats and Hostile

19  Work Environment (HWE) problems.  The Seattle District WIP reporting website is password

20  protected so only Supervisors and Managers can report problems.   The WIP website is being

21  managed by Dr. David Pichard the former Employee Assistance Program (EAP) contractor that

22  was given a Federal Position when his EAP contract was not renewed (crime?).  Not being able

23  to access the website to report problems employees must tell their Supervisor and Managers who

24  may or may not report the problems that they in many cases are causing.  I called my

25  Maintenance Manager Jim Norris and told him that my Supervisor Ken Dow was causing a HWE

1    by giving me direct orders, refusing to provide those order in writing, threatening me with

2    discharge, and telling me that taking wood out of the dumpster was stealing.  MM Jim Norris

3    sent MMO Norman Allen to the Kent, WA, Priority Mail Annex (PMA) where I work to

4    investigate.  The first thing I asked for was the written delegation of authority for MMO Allen to

5    conduct the investigation.  He did not have one.

6         MMO Norman Allen's undated Hostile Work Environment Investigation (exhibit 10) for an

7    incident 3 December 2012, found that, - "...There is a preponderance of evidence that supports

8    the employee continued to remove wood items from the site and thus the statement by the

9    supervisor that **his action could be considered theft.**  This would also lead to additional

10   evidence of this employee failing to follow the instruction of his supervisor.  ... **The employee's**

11   **actions are a direct contribution to the perception of a hostile work environment."**

12        Chain of Command, 17 September 2008, - "...If the employee feels they need additional

13   support with either equipment or information, they should use the following protocol:  1.  Ask

14   their immediate Supervisor about any issues or needed tools to perform their job..."

15        ER0356 shows that Ken Dow has had eight training classes for "Employee Right to Know."

16   I submitted an affidavit not requested by MMO Allen and he simply attached it to his report

17   (page 19) the same as the EEEO ISO did to my spin-off Class Action Complaints.  MMO Allen's

18   bogus HWE investigation found that Management was blameless and I was a theft and caused a

19   hostile work environment by asking for written copies which is a FOIA protected activity.

20

21        When SDO Ken Dow reported that an Employee threatened him in a National Reassessment

22   Program (NRP) meeting unlawfully discharging the Employee.  (NRP is another Program that

23   that OIG does not investigate or audit)  The Agency sent Postal Inspector M. Vanicek to

24   investigate.  The first thing I asked Inspector Vanicek was if he was doing a criminal or

25   administrative investigation.  He said administrative.  I ask for the written delegation of

1  authority.  He said that he did not need one.  I argued.  He conducted his administrative

2  investigation away and created a "jacketed" Criminal Report No. 184855-WPV (Work Place

3  Violence) 16 February 2011 (exhibit 20).  Workplace Incident Report (exhibit 20-7), - "Christine

4  Batara and I were **doing a removal on Brenda Burke MPE at the Seattle PMA for NRP.**"

5  Email SDO Ken Dow (exhibit 20-13), - "…Jim Norris called me… he asked if I had made an

6  incident report … he told me that we do no know how employees will act but **I need to make a**

7  **report …**"  The Inspector lied in his report (exhibit 20-5), - "…When you add this to the

8  **statement of McDermott who said that BURKE may have mentioned a gun…**"  That lie

9  from a Federal Law Enforcement Officer was used and added to by MM Jim Norris and SMO

10  Ken Dow to give discharged Brenda Burke a 14-day suspension (exhibit 21) - "When

11  interviewed by Postal Inspectors, **Mr. McDermott said you may have said 'get a gun and go**

12  **postal'** but he wasn't certain."

13      Now I have MMO Marzec trying to force me into asking for Light Duty and Reasonable

14  Accommodation for being partially color blind (exhibit 16) to discharge me using the NRP.

15

16      USPSNEWS@WORK, 2004 (exhibit 6), - "One office, better service. … The office will

17  consolidate USPS EEO investigations **under one manager.** … The independent contractors will

18  bring neutrality to USPS EEO investigations … Previously, USPS Employees conducted EEO

19  investigations of claims made by USPS employees USPS.  'This **new process will be fairer** and

20  more **impartial** for employees, investigators and USPS.' said Vegliante.  These neutral

21  investigators – **trained** in accordance with EEO Commission policy and regulations…" One

22  Manager and Trained?

23      Postal Bulletin 22191 (10-12-06), page 4, - "…This is part of the EEO program improvements

24  implemented in fiscal year 2004 when all EEO investigations were centralized.  This hotline will

25  take advantage of proven technology and more the Postal Service further along in its efforts to be

1   a model federal employer. **Response time will improve and employees will have more**

2   **convenient access to the EEO process."** Response time did not improve and employees have

3   been truncated out of the process.

4       The EEO Investigative Report produced by the Contractor, 10 November 2012, is 3 inches

5   thick. My Formal Complaint was filed 21 Jun 13, the investigation took 20-weeks (IR for EEO

6   No. 1E-981-0018-06, 12 weeks). USPS records show that Contract Investigators are paid $4,000

7   per investigation. A Contractor (retired federal employee) would only have to do 10

8   investigations per year to earn $48,000 extra. So is the governmental ISO Program really saving

9   time or the money that the American Public pays for?

10      Deposition, Lance McDermott, 4 December 2006 (exhibit 22), page 7, - "I don't have to show

11  you the rule. The judge will be happy to explain the rule…" Page 14, **"I'm entitled** to ask

12  questions even though they're in the affidavit and even though they're in the investigative file."

13  Page 28, - **"I have an independent right** today to ask you the same questions that the EEO

14  investigator asked you…" Page 38, - Judge Gaffin indicated he'd be available today if we had

15  discovery disputes…" (*ex parte* communications) Page 57, - "THE COURT: What do you

16  mean that the Postal Service did not conduct the affidavit? MR. MOSHER: The investigator.

17  It's not the Postal Service now. It's – and in this case I'm not sure, but it's a **contracted agency**

18  **that conducts the official report of investigation,** but it's not the Postal Service conducting its

19  discovery in this case. He's basically saying everything that was covered in the official report of

20  investigation is something that I can't go into because it's already done, and I strongly disagree."

21  Page 58, - "THE COURT: …One is an investigator, one is now the legal representative, and

22  generally, those questions are allowable." So a USPS Attorney and an Administrative Judge

23  believe that the contact EEO investigations are worthless to the EEO administrative process and

24  the Agency has a right to re-do the contract EEO investigation.    Saving money?

25      Questions asked by Employees in the EEO process are met by the Agency's Legal

1  Representative by General Objections (exhibit 23), - "The Agency objects to each document

2  request to the extent that and insofar as it attempts or purports to impose requirements or

3  obligations on the Agency beyond those imposed by the Federal Rules of Civil procedures. …

4  'Vague and Ambiguous,' 'Overbroad,' 'Calls for irrelevant information,' and 'Burdensome'."

5

6      The Administrative Dispute Resolution Act states that Attorneys should not be use in

7  administrative proceedings.  Administrative proceedings are supposed to be designed to allow

8  parties to settle without the expense of Attorneys.  Is it fair and Equal Access to Justice for the

9  Agency to have Federal Attorneys muddy the process and declare that they have extra rights?  Is

10 it fair and equal for the Agency to have local Federal Law Enforcement Officials conducted

11 administrative investigations for Management complaints and hired untrained out-of-state

12 Contract Investigators for Labor Employee complaints?  Is it Constitutional for Management

13 Officials to charge employees, investigate employees and also play judge, jury and executioner

14 without a written delegation of authority from the direct-reporting Manager/Decision-maker of

15 the effected Employee?

16                                    **Final Agency Decision**

17     I include the Final Agency Decision, 12 February 2013 (exhibit 3) because the Agency's

18 Partial Dismissal, 25 March 2013 (exhibit 5) page 3, - "The regulations provide that any

19 allegations regarding the improper processing of complaints must be raised during the processing

20 of the underlying complaint.  It is inappropriate to initiate a new complaint over processed

21 matters…"

22     As I hope the Court will see that many of my allegations have been unlawfully removed from

23 my complaints.  My Spin-Off complaints and allegations for the improper processing, Criminal

24 allegations and Class-Action Status have not been process, reviewed, heard or decided.   It is also

25 hoped that this administrative process will save the Agency (the Public) and my self the legal

1    expense that Civil Action would bring.

2

3    ARB Decision No. 06-016, 06-053, *Hobson v. Combined Transport, Inc.*, (Jan 31, 2008), -

4    "Compensatory damages are designed to compensate discriminatees not only for **direct pecuniary**

5    loss, but also for such harms as impairment of reputation, personal humiliation, **and mental**

6    anguish and suffering. ...willful, deliberate, of an aggravated nature, or the result of culpable

7    conduct ... **negligent, to the point of disinterested as to compliance."**

8    ABA Model Code, Cannon 7, EC-7-21, - "The civil adjudicative process is primarily designed

9    for the settlement of disputes between parties. ... the **process is so misused may be deterred**

10   **from asserting his legal rights** and thus the usefulness of the civil process in settling disputes is

11   impaired."

12

13   I was told that I could disagree with the Specific Issues (ER0170, ER0175, ER0179), and

14   when I did I was told I had no right to change them or appeal them (ER0182). I was told that it

15   would not matter to the investigation with no appeal. I challenged the EEO Investigation

16   Contract given to a retired federal employee to investigate my claims of a retired federal

17   employee being given a contract that violated 18 U.S.C. 207 (ER104). The Contract

18   Investigator Bob Campbell improperly sent information to Management (ER0392, ER0411,

19   ER0437) to "prepare your testimony" and "preserve your thoughts and guard against faded

20   memory" (ER0393). The Agency replaced the Investigator (retired federal employee, 18 USC

21   207) but not the 168 questions based on the Agency's issues.

22   EEO Service Analyst and FAD Writer Karla Malone participated in the processing of my

23   claims, creating the Agency's specific Issues of my claims and the investigation of the Specific

24   Issues and not my claims. I do not even know if she is a Federal Employee or Contractor. ISO

25   Partial Acceptance, 25 March 2013 (exhibit 5), page 4, - "...or of your right to a final agency

1  decision by the agency head or designee without a hearing." EEO Service Analyst Karla Malone

2  who wrote the FAD (exhibit 3) was not designed by the Agency Head or EEO Manager (exhibit

3  11) to make the FAD.  Karla Malone by not being properly assigned to my case and accessing my

4  EEO information violated my right to privacy and the confidentiality of the EEOC process.  Now

5  I am challenging the Final Agency Decision that is based on a bogus investigation of the Agency

6  created issues that is hearsay at best and can be considered false written statements (18 U.S.C.

7  1001) at worst.

8

9      My Administrative burden ended when my Constitutional and Statutory Rights were first

10  violated.  The "Specific Issues" of the Agency became (in legal terms) the Agency's Response to

11  my claims.  My legal burden was improperly shifted to responding to the Agency's Response

12  (Specific Issues) to my claims.  I had no burden to prove, justify or disagree the Agency's

13  Response that I thought were lies.  The Agency's Response was created by an out-of-the-court's

14  jurisdiction Agency Official without proper delegation of authority is not admissible in any local

15  administrative or district court.  The Agency's Response is hearsay created by an Agency Official

16  who cannot testify to the truth of the Agency's Response in the local administrative or district

17  court.  The Agency's Investigation is based on that hearsay and the out-of-state Contract

18  Investigator cannot testify to the truth of findings from that investigation in any local

19  administrative or district court.  The Final Agency Decision is based on that hearsay.

20      The final Agency Decision does not consist of the findings of the merits of each issue in my

21  complaint.  The Decision is based on the Agency's "Specific Issues" and the "Statement of

22  Claims" created from the Agency's "Specific Issues" not my claim in my complaint.  The

23  Decision "merits" or "rationale" of the Investigation findings based on the Agency's created

24  Statement of Claims is a mischaracterization of my original claims.

25      MD 110, Chapter 3, II, B, 1, c, – "In any ADR proceeding conducted under this Directive, the

neutral's duty to the parties is to be "**neutral, honest, and to act in good faith**…" EEOC Policy Statement - The neutral must also act consistently with the ADRA and:  1- Ensure that ADR **proceedings are conducted consistent with EEO law** and Part 1614 regulations, including time frames; 2- Ensure that proceedings are **fair, consistent with the core principles** in Section VII of this Chapter, particularly providing the parties the opportunity to be represented by any person of his/her choosing throughout the proceeding; 3- Ensure that an agency representative participating in the ADR proceeding has the **authority and responsibility to negotiate** in good faith and that a person with authority to approve or enter into a settlement agreement is accessible to the agency's representative…"     VI, A, 9 – "An assurance that the agency will **make accessible** an individual with settlement authority and that no responsible management official or **agency official directly involved in the case will serve as the person with settlement authority.**"

The Decision was made by a low level EEO Services Analyst who could not grant or impose the appropriate remedies of an Agency Decision-Maker if discrimination or retaliation was found.  The Decision-Maker/EEO Services Analyst Karla Malone did not have the required delegation of authority from the Postmaster General (ASM 112.31) to make a Decision for the U.S. Postal Service.   Nor was Carla Malone assigned to my case (ER0164).   The Decision is based on its "Statement of Claims" created outside the jurisdiction of the local Administrative Court and therefore inadmissible hearsay in any Court.

Merits of the Decision - Statement of Claims

MD-110 Chapter 2,V,A,2, - "…Before the Counselor begins the inquiry, s/he must be certain that the claim(s) are clearly defined and **the aggrieved person agrees on how the agency defines the claim(s)** that are to be the subject of the inquiry and subsequent attempts at resolution, whether through counseling or ADR."  Before the administrative process begins!

"If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of you disagreement…" (ER 0179)  Response (ER 0183), - "I disagree with

1   all the premature findings of the "EEO Service Analyst" and "we" that truncate and misstate my

2   claims..."

3      I was not allowed to participate in creating them and did not agree with the Agency's "Specific

4   Issues" and also I was told that I had "no right to appeal" (Eric Wilson, EEO Services Analyst,

5   16 Oct 12 & 30 Aug 12). Eric Wilson was not assigned to my case (ER0164).

6      The Final Agency Decision was made by Karla M. Malone, EEO Services Analyst, who is not

7   listed as the Case Manager (ER0164). Karla Malone wrote, 20 Nov 12, that the Agency was

8   going to await for a Decision from the OFO before proceeding on my EEO Complaint. The

9   Agency did not wait.

10     The Agency completed the Investigation and attached my spin-off Class Action Complaints to

11  the Completed Investigation with processing or investigating them. ISO letter (exhibit 2), 4

12  December 2012, - "The attached information was submitted after the completion of the

13  investigative file. Please add these documents to your copy of the recently submitted file. ... Eric

14  Wilson EEO Services Analyst." Eric Wilson was not assigned to my case (ER0164).

15     Case Manager Shannon Sysk (ER0164) was involved in my 2009 EEO (ER0465) that the

16  EEOC found were lies (ER068) and my filing in District Court 2:08-cv-01846-JCC (ER0446).

17     The Investigation Report 28 November 2012 is signed by Leslie Cedola, Manager, EEO

18  Services, (ER02) who is not listed as a Case Manager (ER164-166). Leslie Cedola assigned a

19  new Investigator Willie R. Hargis (ER0483) to the case knowing that I cited a possible violation

20  of 18 USC 207 (failed to report a possible crime). But the new Investigator did not send me new

21  questions and use replaced (without explanation) investigator Bob Campbell's 168 old questions

22  not based on my complaint issues. Leslie Cedola was part of my 2006 EEO Complaints

23  (ER0453) that the OFO Decision 10 November 2008 (ER067-070), found on Appeal that, - "...

24  the agency has mischaracterized complaint's claims." Leslie Cedola by not being properly

25  assigned to my case and accessing my EEO information also violated my right to privacy and the

1   confidentiality of the EEOC process.

2      USPS ISO EEO Case Manager/Counselor (ER0164-0166) Shannon Sysk assigned 6/25/2012

3   was involved in my November 2006 EEO, January 2009 EEO (ER0465) and District Court, C08-

4   1846-JCC (ER0160), filing May 2009 (ER0466).

5      The Agency improperly dismissed part of my claims that another employee's Building work

6   was contracted out and he was given my Mail Processing Equipment (MPE) work to do

7

8      In *Morriss v. LG&E Power Services, LLC*, ARB No. 05-047, ALJ No 2004-CAA-14 (ARB

9   Feb 28, 2007) the ARB found that after the complainant shows adverse act, protected activity,

10  and nexus, the burden shifts to the respondent to prove it took the adverse action for a legitimate,

11  non-discriminatory reason.  The ARB described direct evidence of retaliation:  "Direct evidence

12  of retaliation is **'smoking gun' evidence;** evidence that conclusively links the protected activity

13  with the adverse action.  Such evidence must speak directly to the issue of discriminatory intent

14  and may not rely on the drawing of inferences.  ...he must show that the explanation is a phony

15  reason."  Smoking gun - 18 USC 207 (ER0365)

16     In *Clemmons v. Ameristar Airways, Inc.*, ARB No 05-048, 05-096, ALJ No 2004-AIR-11

17  (ARB June 29, 2007), the ARB found that the ALJ made errors when he merged the

18  Respondent's – "...**burden of production** with its later burden of prove by clear and convincing

19  evidence that it would have taken the adverse action absent protected activity."  Also see *Luckie*

20  *v. United Parcel Service, Inc.*, ARB No 05-026 (ARB June 29, 2007), - "...erred when he

21  described the legal burden of proof..."   I did not have a legal burden to disagree wit the Specific

22  Issues.  The Agency had the burden to get my approval before proceeding.

23     I strongly protested (protected activity) a criminal act 18 USC 207 (ER084).  I was forced

24  under threat of discharge to perform a criminal act.  My Supervisor conducted an investigation of

25  my protected activity (ER0366).  I was given a Letter of Warning (ER0383) for "Your actions are

1  clearly insubordinate and a blatant challenge to management's authority." If I had not protested,

2  my Supervisor would not have conducted an investigation or given me a Letter of Warning.

3    "I applied for position(s) during Open Season (exhibit 1) [ER033] and was found to be

4  'ineligible to apply,' 13 April, by MMO David Hoff (exhibit 2) [ER034]." (ER028) "The

5  Agency's 'Acceptance for Investigation' 21 June 2012, 5. – 'On April 13, 2012, you were

6  advised you had an ineligible rating for the positions you had applied for..' This misrepresents

7  the fact that Dave Hoff 'researched' and found that I was 'not eligible to apply during Open

8  Season' that was open to everyone else.  The fact remains in my training record that I did pass the

9  KSA skill test for welding position and therefore qualified to be placed on the register."-

10  (ER0193)  Affidavit David Hoff, - "16.  If you were aware of the Complainant's prior EEO

11  activity, how did you become aware?  I am not aware of any EEO activity. ... 18. ... The

12  Complainant reported that on April 13, 2012, you notified him he was ineligible for the positions

13  he applied for during Open Season ... The letter that was sent to the Complainant informed him

14  that he was ineligible to apply for the positions during Open Season, not that he was ineligible

15  for a specific job.  The Complainant applied for ET, MM7, AMT, AMS, Welder, BEM,

16  Carpenter, LBM, Painter and Plumber.  I reviewed his file and based on his pervious information

17  he was already eligible for AMT, AMS, Welder, Carpenter, LBM, Painter, Plumber, MM& and

18  has been since 7/17/1998... 22.  ... I have no knowledge of prior EEO activity."

19    MMO Dave Hoff claims that he is not my Manager and he does not work in Human Resource

20  nor is he in a direct-reporting relationship with access to my eOPF (exhibit 7).  So why was Mr.

21  Hoff "researching" my personal file that only my Supervisor, Manager or Human Resource

22  Official has Privacy Act access to?  That would violate my privacy.  Did MMO Dave Hoff have a

23  written delegation of authority to conduct pre-screening of eligible employees?  My training

24  record (ER0434) shows I was eligible since 1998 and MMO Dave Hoff's affidavit says so.  So

25  why did my Supervisor SMO Ken Dow tell me that I was not qualified to weld and get rid of the

1   welding equipment that other employees and I were using to repair equipment?  How many other

2   employees did MMO Dave Hoff declare ineligible or help?  MMO Dave Hoff's belated offer to

3   help me is as unlawful as his hindering me for any federal job.

4       In *Allen v. Stewart Enterprises, Inc.*, ARB No. 06-081, ALJ No. 2004-SOX-60 to 62 (ARB

5   July 27, 2006) both the "tangible job consequences" and a detrimental effect" test in determining

6   whether the Respondent engaged in adverse employment action:  1. "Tangible job consequence is

7   one that "constitutes a significant change in employment status" such as failing to promote or "a

8   decision causing significant change in benefits." 2.  Under the detrimental effect test, an

9   employment action is adverse if it is "reasonably likely to deter employees" from protected

10  activities.

11      1.  I have cited failure to promote (not posting on the bulletin board allowing me to apply)

12  and a decision (to get rid of my tools, equipment and supplies) that change the benefits of using

13  the tools and the supplies to do my job repairing equipment.  The temporal connection is that

14  every time I used my Sick or FLMA Leave (protected activity) my Supervisor Ken Dow got rid

15  of my tools and supplies.

16      2.  Getting a Letter of Warning for protesting criminal activity is reasonably likely to deter

17  me from protesting criminal activities as required of me by law.   The temporal connection is that

18  I protested a criminal act, my supervisor Ken conducted an investigation and I was given a Letter

19  of Warning.

20      3.  As a Union Stewart I protested the unlawful firing of Brenda Burke.  Supervisor Ken

21  Dow with Maintenance Manager Jim Norris help filed a false Threat Report.  Inspection Service

22  conduct a malicious (criminal) administrative investigation that found – "The Inspector said that

23  McDermott said that Brenda was going to get a gun."  Temporal - Brenda Burke received a 14-

24  day Suspension because of my protesting her unlawful discharge.

25                              Chronology

1    The USPS EEO ISO did not process my charges.  The EEO Investigator did not investigate my

2    complaint or claims.  The Contract EEO Investigator investigated the Agency's Statement of

3    Claims (Specific Issues).  The EEO questions were created by another Contract EEO Investigator

4    who was replaced by the Agency.  The Contract Investigator did not review or use any of the

5    evidence I submitted.  The Agency did not make Final Agency Decision based on my claims and

6    evidence submitted.  The Agency's Decision-maker did not have a delegation of authority to

7    make a decision for the U.S. Postal Service.  The Agency did not process my spin-off Class

8    Action Complaints of violating my Constitutional and Statutory Rights (OFO letter 2 Jan 13).

9                                      Applicable Law

10   The five plus pages of the Agency's legal citation in the FAD mostly does not apply or is a

11   deliberate miss-direction of my original claims.  However, in *Frady* the Agency cites, - "...the

12   agency does not carry its burden of production."  I produced the Original Complaint.  The

13   Agency did produce the Specific Issues, Investigation and Decision.  So legally my only burden

14   is for what I produced and not what the Agency produced having no burden or legal authority to

15   produce it.

16   In *Tincher* the Agency cites, - "Pretext involves more than a mistake.  It means that the reason

17   offered by management is factually baseless..."   In *St. Mary's* the Agency cites, - "...an ultimate

18   finding of unlawful discrimination is required whether or not the employer's explanation for its

19   action was believable."  What is the difference between factually baseless and believable?

20                                       Background

21   The Agency's "Background" is a repeat of the "Statement of Claims."

22   FAD - "The record shows that despite a request by the EEO Investigator, the complainant

23   failed to provide an affidavit in support of his claims."  I did provide an affidavit, Investigation

24   Report Affidavit A (ER0189-0293).

25   FAD - "The requested posed specific questions which would have assisted the complainant in

1   providing testimony and evidence to satisfy his burden of proof." My burden of proof rested

2   with my Claims and not the Agency's Specific Issues. The Agency had the burden to allow me

3   to participate in creating the Issues and my right to approve the Issues to be investigated.

4       FAD - "...any deficiency in the record preventing the complainant from meeting his or her

5   burden of proof is not attributable to the agency's failure to conduct a proper investigation."

6   Why is the Agency blaming me for its failure to conduct a "proper investigation?"

7   <center>Prima Facie Analysis – Discrete Acts</center>

8       The Agency's "Discrete Acts" are just regurgitation of its Specific Issues and are also hearsay.

9       Thus, based on the above, the complainant has satisfied Prong 1 of his prima facie claim of

10   retaliation. However, none of the management officials involved in the claims brought forth in

11   this complaint, expressed awareness of the complainant's prior EEO involvement. ... the

12   complainant has not satisfied Prong 2 ..." "As indicated, none of the management officials

13   named in this complaint expressed awareness of the complainant's prior involvement in

14   protected EEO activity."

15       Affidavit A (ER0197), - "In 2003, Maintenance Supervisor Dave Hoff stole my idea to

16   upgrade the Tray Management System (TMS) train trolleys (Deposition page 113-117)..."

17   Deposition – Investigation Report Affidavit A - ER0235-0267.   MMO Dave Hoff, MMO Dave

18   Marzec and Engineer Don Hamel have been named in pervious EEOs and Civil Complaints.

19   (Note:  I did not rely upon "temporal proximity alone to establish causation.")

20       In *Clark v. Pace Airlines, Inc.*, ARB No 04-150, ALJ No. 2003-AIR-28 (ARB Nov, 30, 2006),

21   the ARB summarized the law concerning proof of causation through temporal proximity:

22   "Retaliatory motive may be inferred when an adverse action closely follows protected activity..."

23       In *Bechtel v. Competitive Technologies, Inc.*, ARB No. 06-010 (Mar. 26, 2008), "...the ARB

24   summed up the proper analysis as follows: ... If CTI established by clear and convincing

25   evidence that it would have taken unfavorable action against Bechtel absent his protected

1  activity. ... If CTI does not, and providing the Bechtel has established his protected activity as a

2  contributing factor of his discharge, the ALJ should consider appropriate remedies..."   The

3  Agency has not shown that it would have done the same acts if I did not engage in protected

4  activity.

5      Email, Dave Hoff, 1/18/02 (exhibit 8), - "I was working with a contractor ... Lance McDermott

6  had the power brush assembly in his hand."  1/31/02, - "Lance McDermott was seated at one of

7  the computers..."  11-21-02, - "As I was walking out of 010 I observed Lance McDermott

8  climbing the ladder..."

9      Grievance Summary, 6 February 2003 (exhibit 9), - "It is the union's belief that the Letter of

10  Suspension is another attempt to harass and to silence a critic of poor management practices. ...

11  On Nov. 21, 2002 I received a statement from MES David Hoff (attachment 23) that he had

12  witnessed Mr. McDermott crossing over an induction unit without using the crossover ... with no

13  other supporting evidence I was left with Mr. Hoff's statement in contradiction with Mr.

14  McDermott's... On January 24, 2003, Mr. McDermott was observed by SMO Henry Eger and

15  SMO Taylor Welch using his personal typewriter ..." (typing a three-part Safety Form)

16

17      Res Judicata - EEOC Decision (§ 1614.503), Appeal No. 0120083506, 10 November 2008,

18  (exhibit 1), - "... **Whether or not vacancy announcements are made to employees goes to the**

19  **merits of his claim...**"

20      ER035, Detail Opportunity – Post Immediately, not to Exceed Ninety Days 4/2/2012

21      ER0398, Affidavit of Dave Marzec, #5, - "…Temporary detail positions are not required to be

22  posted…"

23      ER0408, Email Maintenance Manager Jim Norris, 13 Oct 09, - "I have attached the notice for

24  your posting.  Keep in mind that the maintenance organization is going through some significant

25  changes.  204B opportunities are to be approved by me."

1    ER0410, email MMO Dave Marzec, 5 Feb 08, 204B Vacancy Announcement MPE.doc, -

2    "Please post the attached, and inform your employees of this opportunity."

3    ER0421, Affidavit MMO Dave Hoff, #21, - "...Notification will be posted on the bulletin

4    board..."

5    ER0426, letter from MMO Dave Hoff, 13 Apr 12, - "...I have researched your eligibility. You

6    currently have an **ineligible rating** for the position(s) you have applied for. Based on this, you

7    are not eligible to apply during Open Season."   ER0420, Affidavit Dave Hoff, #18, - "...I

8    reviewed his file and based on his pervious information **he was already eligible** for AMT, AMS,

9    Welder, Carpenter, LBM, Painter, Plumber, MM& and has been since 7/17/1998."   (Also see

10   Incraft Rating Summary 7/18/1997, ER0432.)

11   ER040, Handbook EL-312.322.22, - "The EA is responsible for ensuring that announcements

12   are posted in appropriate locations ... a.  On public and **employee bulletin boards**..."  734.1, -

13   "The vacancy announcement **must be posted** throughout the area of consideration, for no less

14   than 15 calendar days..."  74 EAS Positions, 743.17, - "...Announcements are **posted** for a

15   minimum of 15 calendar days..."   So according to the Postal Service Regulations all positions

16   temporary and permanent must by be competitively fill and that starts with notice - posting of the

17   vacancies.

18                              Pretext – Discrete Acts

19   FAD - "Since management has articulated its nondiscriminatory justification for the action

20   taken, the complainant now has the burden of proving ... Or, the complainant could have shown

21   that the proffered explanation of the Agency was, unworthy of credence."

22   Decision of the EEOC OFO, 10 Nov 08, (ER067-070), - "...The Commission finds that the

23   agency has mischaracterized complaint's claim.   ... Whether of not vacancy announcements are

24   made to employees goes to the merits of his claim, which cannot be resolved with an

25   investigation."  The Agency lied again and is "unworthy of credence."

Hostile Work Environment Harassment – Non-Discrete Acts

FAD - "... It is noted that the file does not contain affidavits or other statements from witnesses in support of the complainant's claims of harassing behavior on the part of management officials."

I did submit Affidavits – Investigation Report Affidavit A, Deposition ER0235-0267 and Agency Response to Interrogatories ER0279-0288..

I did submit other statements – ER028-032, ER084-087, ER0141-0142, ER0183-0185, ER0190-0202, and ER0268-0274.

I did submit statements from other persons – IS Threat Investigation ER047-066 and MPE Thomas Ruiz ER0122.

I did submit a Decision of the EEOC ER067-070, ER0132-0135, and ER0155-0158.

FAD - "Since management has articulated legitimate non-discriminatory reasons for its actions..."  Lying is not a reason or legitimate.


FAD - "Moreover, the complainant's stated claims of harassment did not rise to the level of a hostile work environment, as alleged."    "In a hostile work environment claim, there must have been a steady barrage …"

ER028, - "On 25 April called in sick for FLMA leave and the next day, Friday my day off, SMO Ken Dow ordered BMM Manny Castillo to throw in the dumpster the metal in my welding area and the wood I recycled (saved) to repair equipment in the PMA."

ER0125 Welding Work Order, ER0128 Welder gas cylinders returned to Airgas 7/26/12

ER0371, - "6.  Did you weld several of these rollers together?"

ER0420, - "... he was already eligible for AMT, AMS, **Welder**, Carpenter, LBM, Painter, Plumber, MM7 and has been since 7/17/1998"

ER029, - "On 25 May on my day off, SMO Ken Dow had Manny Castillo throw in the

1  dumpster the wood and metal that I had collected to fix equipment…"

2     ER086, - "Ken Dow unlawfully disposed of Postal Service property (purchased with Public

3  Funds) and equipment I need to do my job just to harass and prevent me from doing my job as I

4  have done in the past (change of working conditions)."

5     There has been a "steady barrage" of harassment and retaliation forcing me to file more EEOs.

6

7     Title 39 § 956.4, (2), - "Inform the respondent of the subsection of section 207 (18 U.S.C. 207)

8  that he or she is alleged to have violated and of the basis of the allegation…"

9     FAD, - "In matters involving common workplace occurrences, unless it is reasonably

10  established that the actions were somehow abusive and offensive … when judged by a reasonable

11  person's standards … alleged conduct is severe, pervasive and objectively harassing." "Mr.

12  Hamel expressed that he only recalled the complainant asserting his **disagreement that a retired**

13  **federal employee was being allowed to work as a contractor for the Postal Service**. He

14  stated that the **complainant maintained that such a practice was illegal**."

15     ER084, - "I told Ken Dow that Neumeister was **given an unlawful contract and he ignored**

16  **me.** … I was then completely confounded that Ken Dow asked me to work with Neumeister. I

17  said no and Ken\ Dow returned with Project Manager Don Hamel in tow to give me a 'Direct

18  Order' under threat of discharge to work for Neumiester…"

19     ER0347, Email Don Hamel, - "…McDermott then said that he would not because he would

20  not be party to an unlawful act, explaining that having a retired federal employee performing a

21  contract work for the Postal Service **was illegal**. … Mr. McDermott appeared to be rather

22  agitated…"

23     ER0365, Investigative Interview, 7/2/2012, #1, - "On June 27th 2012 I asked you to work with

24  Don Hamel and Charley Neumeister, you refused… I said Charlie Neumiester was a Federal

25  employee [retired] it **was illegal** to have a contract 18 USC 207…"

1  ER0390, Affidavit of Ken Dow, #18, - "…Lance refused stating that it's **a federal crime** to

2  work with Charley Newniester, I gave Lance a direct order…"

3  ER0442, Affidavit of Dave Marzec, #5, - "…I asked what illegal action and the complainant

4  responded that **it is illegal** for a retired federal employee to work as a contractor for the Postal

5  Service and he refused to be part of that action."  #18, - "The Complainant reported that on June

6  27, 2012 he was ordered to work with Charles Neumeister who he identified as a contractor

7  working for you under an **unlawful contract**…"  ER0444, EIO Don Hamel, - "…In wanting to

8  calm him down I told the complainant that I'm not a legal person and there's a system in place

9  for resolving legal issues like this and that **I would abide by any ruling and if we are wrong**

10 **it'll be corrected."**

11

12  In *Hirst v. Southwest Airlines, Inc,* ARB No. 04-116, 04-160, ALJ No. 2003-AIR-47 (ARB Jan.

13  31, 2007), the ARB cited *Fe Ry. Co. v. White,* 126 S. Ct. 2405 (June 22, 2006) that an

14  Employer's action is "materially adverse" if the "employer's actions must be harmful to the point

15  that they could dissuade a reasonable worker from making or supporting a charge of

16  discrimination."  USDOL/OALJ Reporter at 10-11, quoting 126 S. Ct. at 2409.

17  Is it a "common workplace occurrence" to be forced to perform a criminal act?  I thought that

18  it was abusive, offensive, severe, pervasive and criminal (18 USC 207).

19                                Conclusion

20  FAD, - "…any deficiency in the record preventing the complainant from meeting his or her

21  burden of proof is not attributable to the agency's failure to conduct a proper investigation."

22  ISO Partial Acceptance, 25 March 2013 (exhibit 5), page 3, - "…allegations regarding the

23  improper processing of complaints must be raised during the processing of the underlying

24  complaint."

25  The Agency is to blame for a Decision based on an investigation of their bogus hearsay

1   Specific Issues that I was prevent in participating in and not my clearly stated claims.

2                                        Statement of Relief/Remedy

3       I ask the Court find that the National EEO Investigative Service Office located in Tampa, FL,

4   does not have any jurisdiction authority or proper written delegation of authority from the

5   Postmaster General for participation in administrative proceedings held in Seattle WA.

6       I ask the Court find that the National EEO Investigative Service Office does not have any legal

7   authority to contract out the EEO investigation of postal employees.

8       I ask that the Court direct the closure of the National EEO Investigative Service Office located

9   in Tampa, FL, and the work returned to the Local District Human Resource Office.

10      I ask the Court to direct the Agency to return all investigative work of Postal Employees back

11  to the OIG as Congress intended.

12      I ask the Court to Direct a Federal Law Enforcement Agency to investigate the criminal

13  charges contained in my complaints.

14      I ask the Court to review and resolve all my EEO Complaint Claims and allegations.

15      I ask the Court to remove to another Court or grant Class-Action Status to my Spin-Off

16  Complaints if it finds that it lacks jurisdiction to hear these claims or to grant remedies.

17      Respectfully submitted on this 6th Day of April 2013,

18  Lance McDermott
19  1819 So 104 ST
    Seattle, WA  98168
    (206) 331-1990
20  treke@hotmail.com

21  Copies Sent:

22  PMG Patrick R. Donahoe
    475 L'Enfant Plaza, SW
23  Washington, DC 20260-0010

24  USPS EEO ISO
    P.O. Box 21979
25  Tampa, FL 33622-1979

Office of the Recorder, exhibits:

Partial Acceptance/Partial Dismissal No. 1E-985-0006-13, 25 Mar 13

1 - EEOC OFO Decision No. 1E-981-0044-08, 10 Nov 08
2 – USPS ISO "attached information," 1E-985-0004-12, 4 Dec 12
3 – FAD EEO No. 1E-985-0004-12, 12 Feb 13
4 – DOL Drafting Discrimination Complaint Determinations, Seena Foster
5 – USPS ISO Partial Acceptance, 1E-985-0006-13, 25 Mar 13
6 – USPSNEWS@WORK "new process will be fairer" 2004
7 – eAccess Manager for Lance McDermott – Kenneth D. Dow
8 – Emails Dave Hoff, "I observed Lance" Jan 02
9 – Grievance Summary Step 1, "No harassment of Lance" SMO Poulin Feb 03
10 – Hostile Work Investigation, "considered theft" MMO Norman Allen, Dec 12
11 – USPS Active Delegations of Authority "Manager of National EEO Services"
12 – Step 2 Grievance, "threats of Investigative Interviews" Steward Mansfield 22 Feb 13
13 – Investigative Interview, "Is this your signature on the 3971?" SMO Dow 24 Jan 13
14 – Letter of Warning "Attendance" SMO Dow 7 Feb 13
15 – Medical Documentation, MMO Marzec, 6 Feb 13
16 – "Referral for Reasonable Accommodation Consideration," Dave Marzec, 19 Mar 13
17 – Step 1 Grievance, "has a grudge against McDermott" Steward Cornette, 24 Jan 13
18 – Step 2 Grievance Decision "no harassment" David Marzec, 31 Mar 03
19 – 7-day Suspension, "read the ELM" SMO Poulin, MMO Carter Aug 03
20 – IS Report 1848555-WPV "McDermott who said" Inspector M. Vanicek, 16 Feb 11
21 – 14-day Suspension, "McDermott said" SMO Dow, MM Jim Norris, 10 Mar 11.
22 – Deposition, "The investigator, It's not the Postal Service" 4 Dec 06
23 – Agency Response to EEOC interrogatories, "The Agency objects" 24 Sep 08

 **UNITED STATES**
**POSTAL SERVICE**

*JUDICIAL OFFICER*

2101 Wilson Boulevard, Suite 600
Arlington VA 22201-3078
703-812-1900 Fax: 703-812-1901

April 18, 2013

Mr. Lance P. McDermott
1819 S. 104th Street
Seattle, WA 98168

Dear Mr. McDermott:

This is in response to your Application to the Judicial Officer for appeal of initial and final agency decisions.  As the Judicial Officer Department does not handle matters of the nature of your complaint, I have taken the liberty of forwarding your letter to the Manager, Human Resources Integration and Support for an appropriate response.

Sincerely,

Diane M. Mego

Diane M. Mego
Staff Counsel

cc:  Manager, Human Resources Integration and Support

N I

NATIONAL EEO
INVESTIGATIVE SERVICES OFFICE


**UNITED STATES**
**POSTAL SERVICE**

April 25, 2013

Mr. Lance McDermott
1819 South 104th Street
Seattle, WA  98168-1647

Dear Mr. McDermott:

The Office of the Postmaster General has asked me to respond to your misguided April 6, 2013, filing with the Postal Service's Judicial Officer.  Despite your mistaken belief, the Judicial Officer does not have regulatory jurisdiction to hear or review matters related to EEO complaint processing.  Your submission contains a significant amount of misinformation; references case law, regulations, and arbitration awards which are clearly not relevant to proceedings in the federal-sector EEO complaint process; and draws unwarranted conclusions concerning the processing of your EEO complaints.

With respect to the processing of your EEO complaints, Case Number 1E-985-0004-12, which contained 21 allegations of discrimination, was fully investigated and was the subject of a final agency decision dated February 12, 2013.  You disagreed with the conclusions drawn in that decision and filed EEOC Appeal Number 0120131641, which is currently pending before the Office of Federal Operations of the Equal Employment Opportunity Commission.  Case Number 1E-985-0006-13, containing eleven allegations of discrimination, was recently accepted on March 25, 2013.  A single allegation involving dissatisfaction with the manner in which a previous complaint was processed was properly dismissed as a separate allegation in accordance with the EEOC's regulations and case precedent concerning spin-off complaints.  *See* 29 C.F.R. 1614.107(a)(8) and EEOC Management Directive 110, Chapter 5, Part IV.D.  Consequently, your previous complaints have been processed in strict accordance with the EEOC's regulations.

Your submission to the Judicial Officer makes the spurious claim that the National EEO Investigative Services Office (NEEOISO) does not have the authority to process EEO complaints.  You dubiously contend that NEEOISO does not have "territorial jurisdiction" to investigate complaints arising in Seattle and that only the Office of the Inspector General can investigate EEO complaints.  EEO complaints are processed by the affected federal agency in accordance with EEOC regulations which provide, in pertinent part, that each agency shall, "(2) Provide for the prompt, fair, and impartial processing of complaints in accordance with this part and the instructions contained in the Commission's Management Directive."  *See* 29 C.F.R. 1614.102(a)(2).  The regulations also provide that the agency's EEO Director shall, "(4) Provide for counseling of aggrieved individuals and for the receipt and processing of individual and class complaints of discrimination; and (5) Assure that individual complaints are fairly and thoroughly investigated and that action is taken in a timely manner in accordance with this part."  *See* 29 C.F.R. 1614.102(b)(4) and (5).  In short, agencies are required to establish and maintain complaint processing functions which, in the Postal Service's case, is managed by its National EEO Investigative Services Office which has been in operation for more than eight years.  In fact, agencies have investigated their own EEO complaints for decades in compliance with various versions of Equal Employment Opportunity Commission regulations.

P.O. BOX 21979
TAMPA, FL  33622-1979

WWW.USPS.COM

N2

You also question the manner in which investigations are conducted under the auspices of NEEOISO. In particular, you question the use of contractors to conduct investigations, the lack of face-to-face investigations, and the number of affidavit questions posed to you by a contract investigator. It may surprise you to know that most agencies use contractors to perform EEO investigations and there has never been a question concerning their ability to do so. Moreover, the Postal Service has not conducted face-to-face EEO investigations for nearly twenty years and this practice has never been questioned as inappropriate. The Federal Rules of Civil Procedure concerning limits on discovery do not apply in the federal-sector EEO complaint process and the number of questions posed by Investigators are directly related to the number of allegations raised by complainants and the bases of discrimination alleged. For example, if a complainant, such as yourself, raises 21 allegations of discrimination in his complaint, he should not be surprised that the Investigator has to present numerous questions for his response in order to thoroughly to investigate the claims. Finally, you contend that a contractor does not have the authority to have a federal employee swear to a statement in an affidavit. The fact is that it is the affiant who declares under penalty of perjury that the statements made in the affidavit are true by signing the document.

You claim that the agency has mischaracterized the allegations raised in your complaints. This is hard to accept given the assiduous identification of 21 separate allegations in one complaint and eleven in another. You appear to believe, incorrectly, that claims raised in previous complaints which have been the subjects of final action have some cumulative effect in or can be reasserted in future complaints. This is not the case. You also appear to believe that you can mix "criminal actions", "class action status", and even the unrelated claim of another employee in with your claims. This is also not the case. EEOC regulations do not provide for the consideration of criminal matters, provide for appeal rights following agency final actions on complaints, and include a separate procedure for processing allegations of class-wide discrimination. Moreover, you have misinterpreted a decision by the Office of Federal Operations on a procedural dismissal (EEOC Appeal Number 0120083506, November 10, 2008) as a decision on the merits of your complaint which supposedly has *res judicata* effect in future complaints. This is clearly erroneous in that the decision simply indicated that the agency was incorrect in dismissing your complaint because the dismissal relied on the legitimate, non-discriminatory reason for taking the action (which involves the merits of the complaint) to conclude that the complaint failed to state a claim. Following the remand, you chose to file a civil action in United States District Court on this claim.

This response will not address the merits of either of your pending complaints inasmuch as one is pending on appeal before the EEOC and the other is currently under investigation. I would encourage you to cooperate with the investigator when he or she approaches you for an affidavit.

Sincerely,

William R. Caldwell
Executive Manager

N 2