United States District Court,
Western District of Washington
at Seattle

— FILED
— LODGED
— ENTERED
— RECEIVED

# 16   CV-00377 JCC

Lance P. McDermott
　　　　Plaintiff, *Pro Se,*

vs.

　U.S. Postal Service (USPS),
Postmaster General, Megan Brennan, *Et*
*Al*;

　　　　and
　Greater Seattle Area Local (GSAL),
American Postal Workers Union
(APWU), AFL-CIO, President, Myrna
Umali; *Et Al,* Salaried Union Officials.

　　　　Defendants.

)

)

)

)

Case No.:

Motion for Injunctive relief

Noted for Consideration on

1 April 2016

CLERK U.S. DISTRICT COURT
AT SEATTLE
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

I filed a request for back pay, 12 January 2015 (enclosed), I have not received

the back-pay or a denial and appeal rights.   I plead for the preliminary injunctive

relief of the immediate restoration of over 9-months back-pay and of over 900

hours of sick and annual leave wrongfully taken.

I have (1) a strong likelihood of success on the merits of my discrimination

complaints, (2) I will suffer irreparable injury, - bankruptcy, - no sick leave, and

unable to afford an attorney, (3) it will harm others if I do not – wife/creditors, and

(4) the public interest will be furthered by showing that willful discrimination will

not be tolerated.

Agency Handbook PO-702, Tort Claims Administration .431.2, - "When a valid claim is received and it appears the Postal Service liability can be clearly established, a fair and reasonable settlement should be offered."

The Civil Service Reform Act, Back Pay Act of 1966 (5 U.S.C. § 5596), - "...an amount equal to all or any part of the pay, ... which the employee normally would have earned or received during the period of the personnel action had not occurred..." The Back Pay Act requires back pay to employees subjected to unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the [employee's] pay. 5 U.S.C. §§ 5596(b)(1), (b)(1)(A)(i), (b)(2)(A).  5 C.F.R. § 550.804(b)(1).  Defining an "appropriate authority" as "an entity having authority in the case at hand to correct or direct the correction of an unjustified or unwarranted personnel action, including . . . a court." 5 C.F.R. § 550.803.  See *DAVID P. ADAM; et al (class), v. U.S. Department of the Interior*, Case: 09-17091 03/01/2011, ID: 7663304, DktEntry: 17-1(9th Cir. 2011).

Section 501 of the Rehabilitation Act prohibits discrimination and OPM Regulation 353.304© states that discriminated employees "must be restored to all rights and benefits" if the disability was the "motivating factor" behind the discrimination, 29 U.S.C. § 791(g).

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court stated, - "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.  A [§ 1983] plaintiff must prove that the conviction or sentence has bee reversed on direct appeal, expunged by executive order, declared invalid… 28 U.S.C. § 2254.  512 U.S. at 486-87.  My unjust enforced leave overturn,– RTW approval, MM Norris, 6 Mar 14 (exhibit K10), and PS Form 50, 11 March 2014 (exhibit V).

USPS Management Instruction, EL-430-2012-4, Back Pay, Authorization – "A rescission, i.e., a unilateral cancellation of modification of a personnel action by the Postal Service."  Indefinite Suspension, - "Back pay period of more than 6 months – the employee must provide documentation detailing his…"  Manager of Employees Submitting Back Pay Claims, - "Is responsible for…" "Providing the claimant with the necessary forms and instructions…"

The Supreme Court found that, despite reinstatement and back-pay the employee and their family still "had to live for 37 days without income [and without knowing] whether or when the employee could return to work… an indefinite suspension without pay could well act as a deterrent, even it the suspended employee eventually received pack pay." *Burlington Northern Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2410-16 (2006), 548 U.S. at 67 and 73.  "Emotional trauma … suffered as a result of an [allegedly] hostile work

1    environment" can constitute injury that is sufficient to establish Article III

2    standing.  *Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 185 (2dCir.

3    2001).

4            The original decision to place me on unpaid enforced leave, because of my

5    disability, has been over-turned.  Therefore, I request immediate restoration of my

6    back pay and the over 900-hours of saved sick and annual leave that was

7    wrongfully taken from me.

8

9            Respectfully submitted this 14th of March 2016,

10

11           Lance McDermott

12           1819 So 104 ST
             Seattle, WA  98168

13           206 331-1990
             treke@hotmail.com

14

15

16

17

18

19

20

21

22

23

24

25

12 January 2015

Request for Back-Pay

I request Back Pay pursuant to EL-430-2012 rescission of the Enforced Leave personnel action by the Postal Service.

I request that my Back-Pay packet forms PS 8039, PS 2146, PS 8038, PS 2240, and PS 8041 be processed.

I request that my 926 hours of sick and annual leave used be restored.

I request to be paid back the $794.10 paid for Health Care Benefits.

I request to be paid back the $1,047.09 I had to pay TSP.

I request to be paid back the 64 hours of annual leave withheld in 2014.

And, I request that interest be paid.

Please process my Back-pay within the required 30 days of submission or let me know of any missing documents before denial.

Thank you,

Lance McDermott,
1819 So 104 ST
Seattle, WA 98168
206 331-1990

Supervisor


**UNITED STATES POSTAL SERVICE ®**

**Back Pay Decision/ Settlement Worksheet**

**Instructions:** This form is used to submit a claim for payment of back pay compensation authorized by (1) a settlement agreement, arbitration award, or agency or court decision in the case of a contested personnel action; (2) a rescission by management in the case of an uncontested personnel action; or (3) a Postal Service™ approval of back pay in case of an erroneous retirement determination.

The claimant, the Postal Service certifying officials, and the Postal Service final approval authority must all sign this form to acknowledge that they have reviewed its contents and agree with the statements made on this form. *A form missing any of the three signatures will be returned to the originating office.*

*See Exhibit 2 and Exhibit*

## A. Claimant Identification

**Claimant Name (Last, First, MI)**
McDermott, Lance P

**Employing Office Address (Number, street, suite, etc.)**
22430 Russell Road, Bldg "C"

**Designation/Activity Code (DES/ACT)**
16/8

**Claimant EIN (Employee ID)**
03272132

**USPS® Contact Name (Last, First, MI)**
Alexis Delgado

**City** Kent  **State** WA  **ZIP+4®** 98032

**USPS Contact Office Address (Number, street, suite, etc.)**
34301-9th Ave. S, Ste. 215

**Employing Office Telephone Number (including area code and extension)**
206·437·2198

**City** Federal Way  **State** WA  **ZIP+4** 98003

**USPS Contact Telephone Number (including area code and extension)**
206·381·6692

## B. Claim Information

**Back Pay Period: From (MM/DD/YYYY)**
05/30/2013

**Back Pay Period: To (MM/DD/YYYY)**
03/14/2014

**Finance Number to Be Charged**
54-7649

**Date of Settlement, Decision, Ruling or Erroneous Retirement Determination (MM/DD/YYYY)**
03/11/2014 See Exhibit 2

**Does this settlement or decision constitute, or include, a lump sum payment?** *(If yes, please state amount and relevant pay period (PP/YY).)*

☒ No
☐ Yes  $ _____

Relevant Pay Period _____ / _____

**Did this settlement or decision award court costs or attorneys' fees?** If yes, please provide the amount, payee(s) names, mailing addresses, and tax identification number(s) (TIN).

☒ No
☐ Yes

**NOTE:** Attach additional information as necessary.

**Claim Category**
☒ Contested Personnel Action
  ☐ Settlement
  ☒ Decision
☐ Rescission
☐ Erroneous Retirement Determination Approved for Back Pay
☐ Other (specify): _____

**Employee Status During Back Pay Period**
☒ LWOP
☐ Separated
☐ Denied Employment
☐ Duty Status Unchanged
☐ Separated Erroneously for Retirement
☒ Other (specify): Enforced Leave

**Forum for Settlement or Decision**
☐ Pre-arbitration
☐ Pre-trial
☐ Equal Employment Opportunity Commission (EEOC)
☐ Merit Systems Protection Board (MSPB)
☐ Arbitration Decision
☐ Court Decision
☒ Other (specify): See Exhibit 3

## C. Interest and Reimbursable Expenses

**Is interest expressly awarded in the settlement?**

☒ No
☐ Yes

**NOTE:** Interest is computed after the claim has been processed and is paid by a separate check.

**Is any portion of this claim for compensatory damages?** *(If yes, please state amount.)*

☒ No
☐ Yes  $ _____

**Is any portion of this claim for reimbursable expenses (such as per diem and/or mileage)?** *(If yes, please state amount.)*

☒ No
☐ Yes  $ _____

**NOTE:** Expenses must be substantiated by expense report.

## D. Compensation from the Postal Service and Other Sources

(1) Is the claimant a former Postal Service employee who received a terminal payout for accrued annual leave upon separation? *(If yes, please enter the gross dollar amount and date paid.)*

☒ No
☐ Yes     Amount *(Gross)* $ _____

Date Paid (MM/DD/YYYY) _____

(2) Is the claimant a former Postal Service employee who was overdrawn for annual leave upon separation and therefore had an invoice (Notice of Demand) issued? *(If yes, please enter the gross dollar amount.)*

☒ No
☐ Yes     Amount *(Gross)* $ _____

---

(3) Did the claimant receive **workers' compensation** during the back pay period? *(If yes, list date(s) verified by the U.S. Department of Labor in the columns below.)*

☒ No
☐ Yes

| Date From (MM/DD/YYYY) | Date To (MM/DD/YYYY) | Gross Amount Received $ |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

NOTE: Attach additional information if necessary.

(4) Did the claimant receive **unemployment benefits** during the back pay period? *(If yes, list date(s) verified by state employment security agencies in the columns below.)*

☐ No
☒ Yes

If yes, which state(s)? *Washington*

| Date From (MM/DD/YYYY) | Date To (MM/DD/YYYY) | Gross Amount Received $ |
|---|---|---|
| 09/20/2013 | 09/11/2014 | $15,704 |
|  |  |  |
|  |  |  |

NOTE: Attach additional information if necessary.

---

(5a) Did the claimant obtain **outside employment** during the back pay period? *(If yes, list date(s) in the columns below.)*

☒ No
☐ Yes

| Date From (MM/DD/YYYY) | Date To (MM/DD/YYYY) | Gross Amount Received $ |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

NOTE: Outside employment is employment the employee obtained during the back pay period.

(5b) If the answer to **outside employment is no**, was the claimant ready, willing, and able to work?

☐ No
☒ Yes

NOTE: If the claimant was ready, willing, and able to work but failed to seek outside employment, the claimant will be denied back pay compensation, subject to the provisions of the *Employee and Labor Relations Manual* (ELM) 436.2, limitations. Please list any period(s) of time to be disallowed from the back pay award in Section F below.

---

(6a) Was the claimant **self-employed** during the back pay period?

☒ No
☐ Yes

(6b) If yes, report the difference between what was earned in the 6-month period prior to the back pay period and what was earned during the back pay period.

$ _____ *(Gross)*

NOTE: For more information, see IRS Publications 334, *Tax Guide for Small Businesses*, and 535, *Business Expenses*.

---

(7a) Did the claimant have **secondary employment** during the back pay period?

☒ No
☐ Yes

NOTE: Secondary employment is employment that the claimant had while working for the Postal Service directly prior to the back pay period and that would have continued even if the claimant had remained working for the Postal Service.

(7b) If yes, did work hours of **secondary employment** increase during the back pay period?

☐ No
☐ Yes

If yes, report any increase between what was earned in the 6 months prior to the back pay period and during the back pay period.

Gross Increase Amount $ _____

## E. Benefit Elections

**Health Insurance**

- ☐ No Coverage
- ☒ Enrollment Continued (Never Terminated) *See Exhibit 4*
- ☐ Retroactive Reinstatement
- ☐ Enroll as a New Employee

Plan Code: _____

Effective Date: _____

**Thrift Savings Plan** *See Exhibit 4*

- ☐ No Participation
- ☐ Retroactive Reinstatement

Contribution Rate (%) _____

Or $ _____ per pay period

Effective Date: _____

**NOTE:** Attach copies of the TSP Election form(s) covering the back pay period. Upon returning to work, the claimant must access *PostalEase* if the claimant wishes to participate in TSP and have contributions deducted from current earnings.

**Retirement Benefits**

(1a) Did the claimant receive any annuity payments from the federal government during the back pay period?

- ☒ No
- ☐ Yes

If yes, please enter the claimant's Civil Service Annuity (CSA) retirement account number_____ and report the amount(s) received.

| Date From (MM/DD/YYYY) | Date To (MM/DD/YYYY) | Gross Amount Received $ |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**NOTE:** Attach additional information if necessary.

**NOTE:** The above amount(s) will be deducted automatically from the back pay award and electronically transmitted to the Office of Personnel Management (OPM) to satisfy the claimant's indebtedness and restore applicable retirement credit.

**Flexible Spending Accounts**

- ☐ Claimant was not participating in FSA prior to back pay award.
- ☐ Claimant was participating in FSA, but chose Option #1 on PS Form 8038 not to have participation restored for remainder of Plan year. (Claimant will be invoiced for any FSA contribution arrearage up to eight pay periods.)
- ☒ Claimant chose Option #2 on PS Form 8038 to have FSA participation restored up to the balance of the Plan year. (Claimant will owe additional FSA contributions for the additional term of participation.)
- ☐ Claimant missed FSA Open Season during the back pay period and has been advised to contact the Human Resource Shared Services Center if New Enrollment (as Belated Enrollment) is desired.

**Leave Benefits**

- ☐ No Leave Benefits
- ☒ Full Leave Benefits
- ☐ Partial Leave Benefits

If "partial leave benefits" is checked, please explain below:

_____

_____

_____

**NOTE:** Unless specifically addressed in the settlement or decision, claimants who receive a lump sum payment typically do not have leave benefits credited for the back pay period. Alternatively, unless stated otherwise in the settlement or decision, claimants who receive other than lump sum disbursements are typically credited with full leave benefits up to the maximum allowable carry-over, as would have accrued if they had been active employees in pay status during the back pay period.

(1b) Did the claimant make a voluntary withdrawal of retirement funds, either CSRS or FERS?

- ☒ No
- ☐ Yes   Amount $ _____

**NOTE:** The above amount(s) will be deducted automatically from the back pay award and electronically transmitted to the Office of Personnel Management (OPM) to satisfy the claimant's indebtedness and restore applicable retirement credit.

**Life Insurance**

Eligibility for life insurance coverage after a return to pay and duty status is determined by the law and regulations for the Federal Employees Group Life Insurance (FEGLI) Program, administered by the Office of Personnel Management (OPM). For detailed information on how FEGLI handles coverage in such situations, and what options are available to a Postal Service employee, see ELM 436.5, Life Insurance Coverage.

## F. Periods Disallowed

For Failure to Seek Outside Employment *(List dates below.)*

| | | |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Claimant Unable to Perform Postal Service Job and Did Not Elect to Substitute Annual or Sick Leave, per ELM 510 *(List dates below.)*

| | | |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## G. Salary Progression

If award is to make the employee whole, all salary history corrections must be made before submission of back pay documents to the Eagan ASC for processing (e.g., step deferments for LWOP during back pay period should be canceled). A copy of the revised service history is acceptable.

## H. Work Schedule

Please complete the following information:

Tour start time: _____ *0500*

Tour end time: _____ *1330*

Lunch period: _____

Rural Carriers — Evaluated Weekly Hours: _____

**Nonscheduled Days**

- ☒ Saturday
- ☐ Sunday
- ☐ Monday
- ☐ Tuesday
- ☐ Wednesday
- ☐ Thursday
- ☒ Friday

**Scheduled Days**

- ☐ Saturday
- ☒ Sunday
- ☒ Monday
- ☒ Tuesday
- ☒ Wednesday
- ☒ Thursday
- ☐ Friday

**Instructions:** In the sheet below, enter the paid hours that would have occurred during the back pay period had the claimant worked. For employees with flexible work schedules, complete all the applicable columns for the 13 pay periods prior to removal, separation, or extended LWOP, per ELM 436. If the claimant did not work 13 pay periods prior to removal, separation, or extended LWOP, list as many pay periods as are available.

| Year | PP | Week | Work Hours (52) | Overtime (53) | Night Shift Differential (54) | Holiday Work (57) | Holiday Leave (58) | Sunday Premium (72) | Annual Leave (55) | Sick Leave (56) | Other (Please specify) |
|------|-----|------|------|------|------|------|------|------|------|------|------|
| 2013 | 30 May 13 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 14 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | 8 | 8 | | | |
| 2013 | 15 | 1 | 32 | 4 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 16 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 17 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 18 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 19 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 32 | 4 | | | 8 | 8 | | | |
| 2013 | 20 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 21 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 22 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 32 | 4 | | | 8 | 8 | | | |
| 2013 | 23 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 40 | 5 | | | | 8 | | | |
| 2013 | 24 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 32 | 4 | | | 8 | 8 | | | |
| 2013 | 25 | 1 | 40 | 5 | | | | 8 | | | |
|      |     | 2 | 32 | 4 | | | 8 | 8 | | | |

PS Form **8039**, April 2009, Page 4 of 5

## H. Work Schedule

Please complete the following information:

Tour start time: _0500_

Tour end time: _1330_

Lunch period: _____

Rural Carriers — Evaluated Weekly Hours: _____

**Nonscheduled Days**
- ☒ Saturday
- ☐ Sunday
- ☐ Monday
- ☐ Tuesday
- ☐ Wednesday
- ☐ Thursday
- ☒ Friday

**Scheduled Days**
- ☐ Saturday
- ☒ Sunday
- ☒ Monday
- ☒ Tuesday
- ☒ Wednesday
- ☒ Thursday
- ☐ Friday

**Instructions:** In the sheet below, enter the paid hours that would have occurred during the back pay period had the claimant worked. For employees with flexible work schedules, complete all the applicable columns for the 13 pay periods prior to removal, separation, or extended LWOP, per ELM 436. If the claimant did not work 13 pay periods prior to removal, separation, or extended LWOP, list as many pay periods as are available.

| Year | PP | Week | Work Hours (52) | Overtime (53) | Night Shift Differential (54) | Holiday Work (57) | Holiday Leave (58) | Sunday Premium (72) | Annual Leave (55) | Sick Leave (56) | Other (Please specify) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2013 | 26 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 40 | | 5 | | | 8 | | | |
| 2014 | 01 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 32 | | 4 | | 8 | 8 | | | |
| 2014 | 02 | 1 | 32 | | 4 | | 8 | 8 | | | |
| | | 2 | 40 | | 5 | | | 8 | | | |
| 2014 | 03 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 32 | | 4 | | 8 | 8 | | | |
| 2014 | 04 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 40 | | 5 | | | 8 | | | |
| 2014 | 05 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 32 | | 4 | | 8 | 8 | | | |
| 2014 | 06 | 1 | 40 | | 5 | | | 8 | | | |
| | | 2 | 40 | | 5 | | | 8 | | | |
| 2014 | 07 | 1 | 16 | | 2 | | | | | | |
| | | 2 | | | | | | | | | |
| | | 1 | | | | | | | | | |
| | | 2 | | | | | | | | | |
| | | 1 | | | | | | | | | |
| | | 2 | | | | | | | | | |
| | | 1 | | | | | | | | | |
| | | 2 | | | | | | | | | |
| | | 1 | | | | | | | | | |
| | | 2 | | | | | | | | | |

## I.  Special Instructions

Please list any special instructions: *(e.g., mailing instructions or joint name on payments).*

NOTE: Back pay awards are typically paid via a paper check mailed to the address of record for the finance number expensed. Alternative mailing arrangements are not available unless a settlement or decision specifically directs other mailing procedures, or the payment is for interest, non-wage income, or reimbursable expenses.

## J.  Signatures

| Claimant's Name *(please print)* | Signature | Date *(MM/DD/YYYY)* |
|---|---|---|
| *Lance McDermott* | | 06092014 |
| Certifying Official's Name and Title *(please print)* | Signature | Date *(MM/DD/YYYY)* |

| Certifying Official's Mailing Address *(Number, street, suite, etc, if different from USPS contact address on page 1)* | City | State | ZIP+4® |
|---|---|---|---|
| | Certifying Official's Telephone Number *(including area code and extension)* | | |

| Final Approving Authority Name and Title *(please print)* | Signature | Date *(MM/DD/YYYY)* |
|---|---|---|

## K.  Privacy Act Statement

Your information will be used to process your back pay claim. Collection is authorized by 39 U.S.C. 401, 409, 410, 1001, 1003, 1004, 1005, and 1026; and 29 U.S.C. 2601 *et seq.* Providing this information is voluntary, but if not provided, we may not process your back pay claim.

We may only disclose your information as follows: in relevant legal proceedings; to law enforcement when the U.S. Postal Service (USPS) or requesting agency becomes aware of a violation of law; to a congressional office at your request; to entities or individuals under contract with USPS; to entities authorized to perform audits; to labor organizations as required by law; to federal, state, local, or foreign government agencies regarding personnel matters; to the Equal Employment Opportunity Commission; to the Merit Systems Protection Board or Office of Special Counsel; and to federal, state, or local governments administering benefit or other programs to conduct a computer match to verify eligibility, indebtedness, or compliance with requirements of the program.

## L.  Mailing Instructions

If this claim is (1) a pre-arbitration, agency, or pre-trial settlement with less than one pay period of hours adjustments (i.e., less than 80 hours). or (2) an agency, court, or arbitration decision with a lump sum payment of less than $10,000 or with less than one pay period of hours adjustments:

Mail to:   **Accounting Services**
**Payroll Services – Pay Location 9631**
**2825 Lone Oak Parkway**
**Eagan MN  55121-9631**

Otherwise mail to:   **Accounting Services**
**Financial Processing – Pay Location 9616**
**2825 Lone Oak Parkway**
**Eagan MN  55121-9616**

Attachment D
**Back Pay Documentation Requirements** (page 1 of 2)

**Terms:**

**Decision** — a document that memorializes an official determination made by a third party (such as a federal judge, administrative law judge, arbitrator, or hearing officer) regarding the appropriateness of a personnel action.

**Settlement** — a document that memorializes an agreement between an individual or his or her representative and the U.S. Postal Service.

**Rescission** — a unilateral ruling by management that an employee is to be paid for time not worked or time worked at a lesser number of hours or lower pay level.

**Erroneous separation for retirement** — approval of back pay when OPM officially denies a retirement application because of the employee's failure to fulfill eligibility criteria. Back pay for erroneous separation for retirement requires approval by the Manager, Retirement Programs, HQ Compensation, prior to processing.

| | Lump Sums Awards and Documents Required | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Less than $10,000.00 | | | | | | $10,000.00 to $99,999.99 | | | | | | $100,000.00 or more | | | | |
| | PS Form | | | | Copy of Award | Mailing Address | PS Form | | | Copy of Award | Mailing Address | | PS Form | | | Copy of Award | Mailing Address |
| **Authority by Which Award Was Granted** | GATS | 2240 | 8039 | 8041 | | | GATS | 8039 | 8041 | | | | GATS | 8039 | 8041 | | |
| Grievance-Arbitration[1] | X | X | | | X | | X | | | X | | | | X | | X | C |
| EEOC, MSPB, OPM, Other[2] | | | X | X | X | B | X | X | X | X | C | | | X | | X | C |
| Rescission | | X | | | X | A | | X | | X | C | | | X | | X | |

1 Lump sum grievance and pre-arbitration settlements and arbitration awards less than $100,000 must be processed via GATS. If payment cannot be made via GATS, and is less than $10,000, submit PS Form 2240 to Address A below. If between $10,000 and $99,999, send PS Form 8041 to Address B. A lump sum back pay award of $100,000 or more must be submitted on PS Form 8039 to Address C.

2 Third party or agency settlements may be submitted on PS Form 8041 if under $100,000. Third party or agency decisions always require PS Form 8039 in lieu of PS Form 8041, regardless of amount.

**Mailing Addresses**

A.   USPS SCANNING & IMAGING CENTER
     PO BOX 5212
     JANESVILLE WI 53547-5212

B.   ACCOUNTING SERVICES
     PAYROLL SERVICES – PAY LOCATION 9631
     2825 LONE OAK PARKWAY
     EAGAN MN 55121-9631

C.   ACCOUNTING SERVICES
     FINANCIAL PROCESSING – PAY LOCATION 9616
     2825 LONE OAK PWY
     EAGAN MN 55121-9616

Management Instruction EL-430-2012-4



**EMPLOYEE'S CLAIM FOR PERSONAL PROPERTY**

Type or write legibly in ink. Submit in triplicate to your supervisor within 14 days (if you are a bargaining employee), or 90 days (if you are a non-bargaining employee) from the date that loss or damage occurred.

**Part One – This Page Completed by Employee**

Name of Claimant
Lance McDermott

SSN
538·66·992X

Job Title of Claimant
MPE 109

Claimant's Home Address
1819 S. 104th St.
Seattle, WA 98168

Claimant's Work Address/Work Phone Number
22430 Russell Road, Bldg "C"
Kent, WA 98032

Date Loss/Damage Occurred
30 May 2013

Total Amount of Claim
$ 72,167

## Article(s) for Which Claim is Made

(Include paid receipt or other evidence showing purchase date and original price of lost or damaged article. If repairable, include an estimate for repair. If not repairable include a statement from a tailor, dry cleaner, etc., to substantiate. If claim is for eyeglasses, state exactly what part(s) are broken. Include an itemized receipt for the REPLACEMENT of damaged part(s). Replacement must be of the same quality as the damaged part(s).)

Back Pay
FMLA Leave - See Exhibit 7
PS Form 2485    5. Eyes. e. Is color vision normal... ☒ No
4. Risk Assessment - Essential Funtions + eOPF    Exhibit 8

## Description of Loss or Damage

(Give place, extent of damage, and circumstances of accident involving loss or damage. State salvage value.)

From 30 May 2013 to 11 March 2014 Dated 24 Oct 1996
Essential Job functions - See PS Form 2485

## Insurance Coverage/Recovery Attempt

Homeowners Insurance ☐ Yes ☒ No    Collision ☐ Yes ☒ No

Comprehensive ☐ Yes ☒ No    Other (Specify):

Has Claim been Filed with Insurance Company? ☐ Yes ☒ No

If "yes", action taken:

Name & Address of Insurance Company

Amount of Deductible
$

If damage/loss result from the negligence of another party, has an attempt been made to recover from that party?
☐ Yes ☒ No    (If "Yes" explain on separate sheet.)

I certify that the damage, loss, or destruction was not caused in whole or in part by any negligence or wrongful act of the claimant, or his agent or employee. All articles listed on this sheet (or additional sheets made part of this form) have been privately purchased and are not government property. No previous claim has been made to the government for the property for which this claim is made (except as explained on the attached sheet). This claim does not duplicate any claim made under the Workman's Compensation Program.

If any of the property for which claim is made is later recovered, claimant agrees to give written notice immediately to the US Postal Service.

I make the foregoing claim with full knowledge of the penalties involved for willfully making a false claim. (US Code, Title 18, Section 287, provides for a maximum fine of $10,000 or imprisonment for 5 years, or both.)

I hereby assign to the United States any right, title, and interest in and to any claim that I may have against any insurer or other party, arising out of the damage, loss, or destruction to the property described on this form and will, upon request, furnish such evidence as may be required to enable the United States to enforce such claim.

PRIVACY ACT: The collection of this information is authorized by 39 USC 1001 & 2008. It will be used to reimburse you for a loss of personal property. As a routine use, this information may be disclosed to an appropriate law enforcement agency for investigative or prosecutorial purposes, to a congressional office at your request, to OMB for review of private and relief legislation, to a labor organization as required by the NLRA, to the Office of EEOC when investigating an EEO complaint and where pertinent, in a legal proceeding to which the Postal Service is a party. Completion of this form is voluntary, however, if this information is not provided, it will result in your not receiving reimbursement for a personal loss.

Date of Claim
7 June 2014

Claimant's Signature
C. McDermott

PS Form 2146, November 1987

## Part 2 – Completed by Union Steward (Bargaining Employees)

Recommendation

*PAY employee All BACK PAY for twelve weeks Dollars due to being placed on Enforced leave by management in managements decration in amount of $22,500.00*

| Date of Recommendation | Signature | Name of Union |
|---|---|---|
| 6/5/14 | [signature] | APWU |

## Part 3 – Completed by Employee's Supervisor

(Forward non-bargaining unit claims immediately to: General Manager, Field Division (for Field Units); Regional Director, Human R[e]... Regional Office Units); and General Manager, Headquarters Personnel Division (for Headquarters and Related Units).  Forward ba... claims immediately to : Regional Labor Relations Office.

1. Was Claim Submission Timely?   ☐ Yes   ☐ No   *(If "no", explain.)*

   Is Part 1 Complete?   ☐ Yes   ☐ No

   Is Part 2 Complete?   ☐ Yes   ☐ No

2. Was possession of lost/damaged property reasonable, proper, and necessary to the performance of the employee's employment?

   ☐ Yes   ☐ No   *(If "no", explain.)*

3. Was there any negligence on the part of the employee which contributed to the loss/damage?

   ☐ Yes   ☐ No   *(If "no", explain.)*

4. Supervisor's Review *(State facts related to claim developed through your investigations, e.g., caused by faulty equipment.  Provide basis for recommen- dation of payment or denial.*

5. Based on the above, do you recommend payment?

   ☐ Yes   ☐ No

| Date of Report | Finance No. of Postal Installation | Signature and Title of Supervisor |
|---|---|---|
| | | |

PS Form **2146**, November 1987 *(Reverse)*



**UNITED STATES POSTAL SERVICE** ®

## Employee Statement To Recover Back Pay

**INSTRUCTIONS:** An employee may receive payment of back pay compensation authorized by: (1) a settlement agreement, arbitration award, or agency or court decision in the case of a contested personnel action; (2) a rescission in the case of an uncontested personnel action; or (3) a United States Postal Service® approval of back pay in the case of an erroneous retirement determination.

If you have been authorized to receive back pay compensation by one of the methods shown above, before your back pay claim can be processed, you must:

   a.  Complete this form.

   b.  Provide all required supporting documentation. Attach additional pages as necessary, noting on each attached page the question to which it relates.

### A. Employee Identification

| Name (Last, First, MI) | Address (Number, street, box, ste./apt. no.) |
|---|---|
| McDermott, Lance P | 1819 S. 104th St. |

| Claimant's EIN (Employee ID) | City | | |
|---|---|---|---|
| 03272132 | Seattle | | |

| State | ZIP+4® | Telephone No. (Include area code) | Current Position Title | Designation/Activity Code (DES/ACT) |
|---|---|---|---|---|
| WA | 98168 | 206·763·6268 | MPE/09 | 16/8 |

| Back Pay Period: From (MM/DD/YYYY) | Back Pay Period: To (MM/DD/YYYY) | Employing Office Finance No. | Employing Office Telephone No. (Include area code) |
|---|---|---|---|
| 05/30/2013 | 03/14/2014 | 54-7649 | 253·437·2198 |

| Employing Office Address (Number, street, box, ste./apt. no.) | City |
|---|---|
| 22430 Russell Road, Bldg "C" | Kent |

| State | ZIP+4 | USPS® Labor Relations or Human Resources Contact | USPS Contact Telephone No. (Include area code) |
|---|---|---|---|
| WA | 98032 | Alexis Delgado | 206·381·6692 |

### B. Statement Questions

*Employment* – Questions 1 – 4           ☒ Yes ☐ No

1. **Did you seek outside employment during the back pay period?**

   **NOTE:** Outside employment is employment you obtained during the back pay period.

   **NOTE:** Postal Service™ employees eligible for veterans' preference are not required to make reasonable efforts to obtain other employment while pursuing an administrative appeal with the Merit Systems Protection Board (MSPB).

   → Desert Storm Veteran, see Exhibit 1

       If YES, and if no outside employment was obtained for all or part of the back pay period, you must furnish the information required below based on the type of personnel action and the length of the back pay period.

     a.  SEPARATIONS AND INDEFINITE SUSPENSIONS. If the back pay claim is for a period of separation or indefinite suspension, you must furnish the following:

       (1)  If the back pay period is 45 days or less, you must the answer questions on this form.

       (2)  If the back pay period is more than 45 days but less than 6 months, you must provide a written explanation of the reasons outside employment was not obtained for all parts of the back pay period except for the first 45 days.

       (3)  If the back pay period is 6 months or more, you must provide detailed information concerning the efforts you made to obtain other employment for all parts of the back pay period except for the first 45 days. Please provide the following information for **each employer:**

*Questions 1 - 4 continued on Page 2*
PS Form 8038, April 2009, Page 1 of 6  PSN 7530-01-000-9907

*Questions 1 - 4 continued*

       (a) The date or approximate date the contact was made.
       (b) The business name, address, and telephone number.
       (c) Whether the contact was in person, by telephone, or by mail.
       (d) The name of the person contacted or who conducted the interview.
       (e) Whether an employment application was filed.
       (f) The reason, if known, why employment was not offered.

  b.  DENIAL OF EMPLOYMENT. If the back pay claim is for a period during which employment with the Postal Service was denied, you must provide the information required in item 1a(3) above for ALL parts of the back pay period during which other employment was not obtained.

---

**2.** **Did you have earnings from outside employment during the back pay period?**      ☐ Yes ☒ No

If YES, you must attach a statement from **each** of your employers showing the total number of hours you worked and your gross earnings for the back pay period.

**NOTE:** Outside employment is employment you obtained during the back pay period.

*Attach your employment/earnings statement.*

---

**3a.** **Did you have any earnings from secondary employment during the back pay period?**    ☐ Yes ☒ No

**NOTE:** Secondary employment is employment that you had while working for the Postal Service directly prior to the back pay period and that would have continued even if you had continued working for the Postal Service.

If NO, go to question 4.

If YES, you must attach a statement from **each** of your employers showing the total number of hours you worked and your gross earnings for the back pay period and go to question 3b.

*Attach your employment/earnings statement.*

---

**3b.** **Were the work hours of your secondary employment expanded (increased) during this period?**      ☐ Yes ☒ No

If YES, you must submit a statement from **each** of your employers showing the hours you worked and your gross earnings for the 6-month period prior to the beginning of the back pay period as well as for the back pay period.

*Attach your employment/earnings statement.*

---

**4.** **Were you self-employed during the back pay period?**      ☐ Yes ☒ No

If YES, you must submit an affidavit indicating the gross amount earned and any deductions for ordinary and necessary business expenses incurred in conjunction with such self-employment. Any business expense deductions claimed must be itemized and substantiated by receipts or other documentation, when available. If such employment existed prior to the back pay period, you must also submit your earnings for the 6-month period prior to the beginning of the back pay period.

*Attach your affidavit and employment/earnings statement.*

PS Form **8038**, April 2009, Page 2 of 6

*Other Income — Questions 5 – 7a & b*   ☒ Yes ☐ No

**5.   Did you receive unemployment compensation during the back pay period?**

If YES, identify the state(s) from which unemployment compensation was received, date(s) covered, and amount(s) received, and attach **an earnings statement from each state employment security agency.**

| STATE FROM WHICH COMPENSATION RECEIVED | STARTING DATE | ENDING DATE | GROSS AMOUNT RECEIVED |
|---|---|---|---|
| Washington | 9/20/13 | 3/11/14 | $ 5,704 |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

*Attach your earnings statements.*

**6.   Did you receive worker's compensation for any time during the back pay period?**   ☐ Yes ☒ No

If YES, note whether you received full or partial compensation, identify the date(s) covered and amount(s) received, and attach documentation of the workers' compensation payments received.

| FULL OR PARTIAL | STARTING DATE | ENDING DATE | GROSS AMOUNT RECEIVED |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

*Attach documentation.*

**7a.   Did you receive any annuity payments from the federal government during the back pay period?**   ☐ Yes ☒ No

If YES, write in your Civil Service Annuity (CSA) retirement account number _____
Identify the date(s) covered and amount(s) received.

| STARTING DATE | ENDING  DATE | GROSS AMOUNT RECEIVED |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**NOTE:** The amount will be deducted automatically from the back pay award and transmitted to the Office of Personnel Management (OPM) to be applied to your indebtedness to the federal retirement system and restore the applicable retirement credits.

**7b.   Did you make a voluntary withdrawal of deposits made to your CSRS or FERS retirement account?**   ☐ Yes ☒ No

If YES, please indicate the amount withdrawn $ _____

**NOTE:**  The amount will be deducted automatically from the back pay award and transmitted to the Office of Personnel Management (OPM) to be applied to your indebtedness to the federal retirement system and restore the applicable retirement credits.

*Attach additional sheets if necessary.*

*Leave* – *Questions 8a & 8b*

**8a. During the back pay period, were you ready, willing, and able to perform your Postal Service job?**    ☒ Yes ☐ No

If YES, go to question 9.

If NO, provide an explanation of your inability to work and state the beginning date(s) and ending date(s) of each period that you were unable to work, and go to question 8b.

*Attach additional sheets if necessary.*

**8b. Do you want to substitute credited annual leave or sick leave pursuant to the requirements of *Employee and Labor Relations Manual* (ELM) 510 for periods when you were not ready, willing, and able to perform your Postal Service job?**    ☐ Yes ☐ No

**Note:** If you were unable or unwilling to perform your job during the back pay period and you do not request annual or sick leave, you will not receive any compensation from the Postal Service for that period.

If YES, identify date(s) to be covered and type of credited leave to be substituted.

| STARTING DATE | ENDING DATE | TYPE OF CREDITED LEAVE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**NOTE:** You must submit PS Form 3971, *Request for or Notification of Absence*, to your supervisor or manager for any periods listed above.

*Attach additional sheets if necessary.*

*Health Insurance Benefits* – *Question 9*    ☒ Yes ☐ No

**9. Do you want to have Federal Employees Health Benefits (FEHB) coverage?**

If YES, indicate which one of the following options you prefer:

☐ Enroll in a new plan or option.

OR

☒ Reinstate your prior enrollment, retroactive to the date it was terminated.

*Thrift Savings Plan* – *Questions 10a – 10c*

**10a. What was your employment status during the back pay period?**

Terminated?    ☐ Yes ☐ No

OR

Leave Without Pay (LWOP)?    ☒ Yes ☐ No

OR

Denied Postal Service employment (you were not hired)?    ☐ Yes ☐ No

If YES to "denied Postal Service employment": Contact the Human Resources Shared Services Center for assistance in completing and submitting the correct documentation.

---

***Thrift Savings Plan** – Questions 10a – 10c continued*                                        ☒ Yes ☐ No

**10b.  Do you want to participate in the Thrift Savings Plan (TSP) during the back pay period?**

If YES, you must provide TSP-1 Forms for deductions for participation during the back pay period.

**Note:** The TSP-1 Forms cover only the back pay period. Upon your return to work you must access *PostalEASE* if you wish to participate in TSP and have contributions deducted from your current earnings.

*Attach Form(s) TSP-1 and/or Form(s) TSP-1c.*

---

                                                                                                  ☐ Yes ☒ No

**10c.  Did you make one or more Financial Hardship In-Service Withdrawals from your TSP account?**

If NO, go to Question 11:

If YES:

How many Financial Hardship In-Service Withdrawals did you make?_____

What is your eligibility date to resume TSP contributions?_____

**Note:** Employees are excluded from making TSP contributions for six months (13 pay periods) after receiving a Financial Hardship In-Service Withdrawal. To determine your eligibility date, see the notice you received from the TSP at the time your most recent financial hardship in-service withdrawal was processed. For more information, contact the Human Resources Shared Services Center, or the TSP at 1-877-968-3778.

*Attach Form(s) TSP-1 and/or Form(s) TSP-1c with the effective date as your eligibility date.*

---

***Flexible Spending Accounts** – Question 11a - 11c*

**11a.  Were you enrolled in the Flexible Spending Account (FSA) program prior to the back pay period?**

☒ Yes ☒ No
2014  2013

**11b.  If the answer to 11a is Yes, did your FSA participation end because of reaching eight consecutive pay periods of LWOP or because of termination associated with the back pay?**

☐ Yes ☐ No
Don't Know

**11c.  If you answered Yes to 11b, you have two options. Please select either one of the options below (but not both).**

1.  **Do nothing.** If you choose to do nothing, any outstanding invoice for FSA contributions applicable to the back pay period (up to eight consecutive full pay periods) will be adjusted and the amount deducted from your back pay award. You will be eligible for reimbursement from FSA for any qualified claims for expenses for eligible services or items you received through the ending date of FSA participation as it occurred during the back pay period.

    Do you choose to do nothing?

    ☐ Yes ☒ No

2.  You can choose to have your FSA participation restored up to the balance of the current Plan year, which ends on December 31 (or, if you subsequently separated from Postal Service employment, the FSA plan year ends the day after your separation). If you choose this option, *in addition to any outstanding invoice for FSA contributions applicable to the back pay period*, you will owe FSA contributions for the additional term of participation and can submit claims for reimbursement for eligible expenses you incurred through the last day of the current Plan year. (Beginning December 31, 2005, if you were an FSA participant on December 31 of each year you may also file claims for expenses for eligible services or items you received during the grace period for each plan year, which is the following January 1 through March 15.)

    Do you want to restore your FSA participation for the balance of the Plan year?

    ☒ Yes ☐ No

**Note:** If you missed FSA Open Season enrollment during the back pay period and would like to begin participation now, please contact the Human Resources Shared Services Center.

**Postal Service Indebtedness** – *Question 12*

12. **Do you have any outstanding indebtedness to the Postal Service that is not related to the period of your back pay award?**     ☐ Yes   ☒ No

   If YES, please indicate the amount, if any, you would like deducted from your final award.

   $ _____

---

**Life Insurance**

   **Eligibility for life insurance coverage after a return to pay and duty status is determined by the law and regulations for the Federal Employees' Group Life Insurance (FEGLI) Program, administered by the Office of Personnel Management (OPM).**

   For detailed information on how FEGLI handles coverage in such situations, and what options are available to a Postal Service employee, see *Employee and Labor Relations Manual* (ELM) 436.5, Life Insurance Coverage.

## C. Privacy Act Statement

Your information will be used to determine the amount of back pay you are entitled to receive under a decision/award or settlement agreement authorized by an appropriate authority. Collection is authorized by 39 U.S.C. 401, 409, 410, 1001, 1003, 1004, 1005, and 1026; and 29 U.S.C. 2601 *et seq.* Providing this information is voluntary, but if not provided, we may not be able to process your back pay claim.

We may only disclose your information as follows: in relevant legal proceedings; to law enforcement when the U.S. Postal Service (USPS) or requesting agency becomes aware of a violation of law; to a congressional office at your request; to entities or individuals under contract with USPS; to entities authorized to perform audits; to labor organizations as required by law; to federal, state, local, or foreign government agencies regarding personnel matters; to the Equal Employment Opportunity Commission; to the Merit Systems Protection Board or Office of Special Counsel; and to federal, state, or local governments administering benefit or other programs to conduct a computer match to verify eligibility, indebtedness, or compliance with requirements of the program.

**Civil Penalty for Presenting False or Fraudulent Claim:**

A person who submits a false or fraudulent claim is liable for a civil penalty of not less than $5,000 and not more than $10,000, plus an amount equal to three times the amount of damages sustained due to the false or fraudulent claim, and the costs of any civil action brought to recover such amounts (see 31 USC 3729-3731).

**Criminal Penalty for Presenting False or Fraudulent Claim or Making False or Fraudulent Statements:**

A person who submits a false or fraudulent claim or makes a false or fraudulent statement is liable for a criminal fine or imprisonment for not more than 5 years or both (see 18 USC 287, 1001).

## D. Employee Signature

I hereby certify that my answers to the above questions are true and correct to the best of my knowledge and belief, and I understand the above provisions regarding the Privacy Act Statement and the civil and criminal penalties for presenting false or fraudulent claims or making false or fraudulent statements.

_____     9 June 2014
Signature                                                          Date

U.S. Postal Service®

# Pay, Leave, or Other Hours Adjustment Request

| Number of Pages | of | | | |
|---|---|---|---|---|

| Employee's Name (Last, First, M.I.) | D/A | RSC | Level | Finance No. | Employee Identification Number | Yr | PP | Wk |
|---|---|---|---|---|---|---|---|---|
| McDermott, Lance P | | | 09 | 54·7649 | 03272132 | | | |

| Card Type: | Was Paid | | | | Should be Paid | | |
|---|---|---|---|---|---|---|---|

**Base Card ▶**

If more lines are needed, use the *Remarks* area below.

(To request changes for higher level (H/L) or dual appointment, use the area below. If more than one H/L or dual appointment card, use additional forms.)

| Description | Code | Hours | Description | Code | Hours |
|---|---|---|---|---|---|
| 52 Workhours | 052+ | | 52 Workhours | 052+ | 1544 |
| 53 Overtime | 053- | | 53 Overtime | 053- | |
| 54 Night Differential | 054 | | 54 Night Differential | 054 | 192· |
| 55 Annual Leave | 055+ | | 55 Annual Leave | 055+ | |
| 56 Sick Leave | 056+ | | 56 Sick Leave | 056+ | |
| 60 Full Day LWOP | 060+ | | 60 Full Day LWOP | 060+ | |
| 76 Non Scheduled Crossfoot | 076+ | | 76 Non Scheduled Crossfoot | 076+ | |
| | | | 58 Holiday | 058 | 72· |
| | | | 72 Sunday | 072 | 328 |

**Check One if Applicable**

Higher Level

RSC.................

Level ................

HLLD Y/N............

Dual Appt.

RSC ................

Level ................

Dual D/A ................

Fin. # ................

| 52 Workhours | 052+ | | 52 Workhours | 052+ | |
|---|---|---|---|---|---|
| 53 Overtime | 053- | | 53 Overtime | 053- | |
| 54 Night Differential | 054 | | 54 Night Differential | 054 | |

Hours must equal *(crossfoot)* 40

| Totals | | | | Grievance Step Number | |
|---|---|---|---|---|---|

Remarks

Grievance and/or GATS Number

Issuing Office Mailing Address

| Employee's Signature | | Date |
|---|---|---|

Authorizer's Printed Name

Authorizer's Telephone Number (Include area code)

| Authorizer's Signature | | Date |
|---|---|---|

| Processed YR/PP | Adj. Code | Reason Code | Processed By |
|---|---|---|---|

**Emergency Salary Authorization (In lieu of PS Form 1608, Emergency Salary Authorization and Receipt)**

| | | PP | Year | Amount of Advance for Week 1 |
|---|---|---|---|---|
| AIC 554 | Salary Check Substantially Less Than Net Amount Due | | | + $ |

Employee's Signature (I hereby certify that I have received an emergency salary payment of the stated amount. I authorize the USPS® to recover this amount upon receipt of the missing check or in the calculation of the salary check that reflects the appropriate adjustment, or subsequent salary checks, as required, to satisfy this debt.)

Issuing Retail Unit Number (10-digits)
+ $

Amount of Advance for Week 2

Date of Issue
Total Amount of Advance for Pay Period
= $

Date 9 June 14

Authorizer's Printed Name

**Authorizer's Signature** (It is your responsibility to promptly settle outstanding salary advances)   Date

Authorizer's Phone Number (Include area code)

(See Privacy Act Statement on Reverse)

PS Form **2240**, March 2010 (Page 1 of 2) PSN 7530-02-000-7406


**UNITED STATES**
**POSTAL SERVICE ®**

**Prearbitration or Agency**
**Settlement Worksheet**

**Instructions:** This form expedites processing of lump sum payments from pre-arbitration, pre-trial, and administrative agency settlement agreements. If the payment is for other than lump sum payments (for example, adjustments to hours or benefits), use **PS Form 8039, Back Pay Decision/Settlement Worksheet.** You must complete all sections of this form before Accounting Services will process the payment. Please print legibly or type when completing this form. A copy of the settlement agreement must accompany this form.

## I. Employee Identification

| | |
|---|---|
| Name (Last, First, MI) <br> McDermott, Lance P | Employee Identification Number (EIN) (Use SSN if EIN is unavailable) <br> 03272132 |
| Period covered by the settlement: <br> From: (MM/DD/YYYY) 30/05/2013    To: (MM/DD/YYYY) 01/03/2014 | Grievance/Case Number (See Exhibit 6) <br> E10T - 1E - C 13332927 |
| Designation/Activity Code (DES/ACT) <br> 1618 | Finance Number (to be charged) <br> 54 - 7649 |
| Employing Office Address (Number, street, suite, etc.) <br> 22430 Russell Road, Bldg "C" | Employing Office Telephone Number (include Area Code and Extension) <br> 253 . 437 - 2198 |
| City   Kent    State   WA    ZIP+4®   98032 | USPS® Contact Office Address (Number, street, suite, etc.) <br>      City    State    ZIP+4 |
| USPS Labor Relations, Human Resources, or Law Office Contact <br> Joan Wisecarver   (206) 381 - 6692 | |
| City    State    ZIP+4 | USPS Contact Telephone Number (include Area Code and Extension) |

## II. Settlement Information

| Date of Settlement: (MM/DD/YYYY) <br> 11/03/2014 | Relevant Pay Period: (PP/YYYY) <br> 13/2013 to 07/2014 | Lump sum amount to be paid: <br> $ 72,167 |
|---|---|---|

What was the forum of this settlement?

- ☐ Pre-arbitration
- ☐ Pre-trial
- ☐ Equal Employment Opportunity Commission (EEOC)
- ☐ Merit Systems Protection Board (MSPB)
- ☒ Other (specify): **※ SEE EXHIBIT 2 + 3 ※**

## III. Interest, Non-wage Income, and Reimbursable Expenses (if applicable)

**Note:** Issue a separate check for each. Issue IRS Form 1099-INT, Interest Income, for (A). Issue IRS Form 1099-MISC, Miscellaneous Income, for (B). IRS reporting requirements vary for reimbursable expenses listed in item (C). Advise employee to consult with a qualified income tax advisor for more information.

A) Was interest expressly awarded in the settlement?

- ☐ Yes (interest is computed on the lump sum amount)
- ☒ No

PS Form 8041, April 2009, Page 1 of 2 PSN 7690-07-000-1171

## III. Interest, Non-wage Income, and Reimbursable Expenses *(if applicable)* — continued

B) Is any portion of this lump sum payment for **non-wage income** (e.g. attorneys' fees) that is excluded from deductions and withholding?

☐ Yes   ☒ No

If **yes**, what amount of the lump sum payment is for non-wage income?   $ _____

C) Is any portion of this lump sum payment for **reimbursable expenses** (e.g., travel), including per diem and/or mileage?

☐ Yes   ☒ No

If **yes**, what amount of the lump sum payment is for reimbursable expenses?   $ _____

## IV. Special Instructions

Please list any special instructions: *(e.g., mailing instructions or joint name on payments)*

**NOTE:** Lump sum back pay awards are typically mailed to the address of record for the finance number expensed. Alternative mailing arrangements are not available unless the settlement specifically directs other mailing procedures, or the payment is for interest, non-wage income, or reimbursable expenses. Payments for interest, non-wage income and reimbursable expenses will be mailed directly to the employee.

## V. Signatures

Certifying official's name and title *(please print)*

_____

| Signature | Date *(MM/DD/YYYY)* |

## VI. Mailing Instructions

If the amount is *less than $1,500*, mail to:

Accounting Services
Payroll Services – Pay Location 9631
2825 Lone Oak Parkway
Eagan MN  55121-9631

If payment is for *$1,500 or more*, or includes *interest, non-wage income, or reimbursable expenses*, mail to:

Accounting Services
Financial Processing –Pay Location 9616
2825 Lone Oak Parkway
Eagan MN  55121-9616

IDENTIFICATION PURPOSES

SAFEGUARD (...) AREAS RENDER FORM (...)

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY |
|---|---|---|
| MCDERMOTT, LANCE PATRICK | ARMY/ARNG/TC | 538 66 992 |

| 4.a. GRADE, RATE OR RANK | 4.b. PAY GRADE | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| 1LT | 02 | 590415 | Year 00  Month 00  Day |

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|
| TACOMA, WA | 11413 CORNELL AVE. S. SEATTLE WA 98178 |

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8.b. STATION WHERE SEPARATED |
|---|---|
| 116th CS CTR RAOC (WTBYAA)/USARCENTI (CT) HQ STARC WA ARNG | FT. LEWIS, WA 98433-5000 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| 711 S YAKIMA, TACOMA WA 98406 | Amount: $ 100,000.00  No |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving) | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day |
|---|---|---|---|---|
| 88C TRANSPORTATION, GENERAL//NOTHING FOLLOWS | a. Date Entered AD This Period | 81 | 07 | 12 |
| | b. Separation Date This Period | 00 | 07 | 07 |
| | c. Net Active Service This Period | 03 | 08 | 18 |
| | d. Total Prior Active Service | 00 | 09 | 00 |
| | e. Total Prior Inactive Service | SEE | BLOCK | 18 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 00 | 07 | 21 |
| | h. Effective Date of Pay Grade | | | |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**
ARMY SERVICE RIBBON//ARMY LAPEL BUTTON//NATIONAL DEFENSE SERVICE MEDAL//DRIVERS AND MECHANICS BADGE W/ WHEEL// SOUTHWEST ASIA SERVICE MEDAL//NOTHING FOLLOWS

**14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)**
NONE//NOTHING FOLLOWS

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No X | 16. DAYS ACCRUED LEAVE PA |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | X Yes | No |
|---|---|---|

**18. REMARKS** ORDERED TO ACTIVE DUTY IN SUPPORT OF OPERATION DESERT SHIELD/DESERT STORM IAW USC 673B//PERIOD ABOVE DOES NOT ACCOUNT FOR ANNUAL AND/OR WEEKEND TRAINING THIS SOLDIER MAY HAVE ACCOMPLISHED PRIOR TO DATE ENTERED IN ITEM 12A//SOLDIER SERVED IN SOUTH WEST ASI 910117 THROUGH 910618//INDIVIDUAL COMPLETED PERIOD FOR WHICH ORDERED TO AD FOR PURPOSE OF POST SERVICE BENEFITS AND ENTITLEMENTS//NOTHING FOLLOWS

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b. NEAREST RELATIVE (Name and address, include Zip Code) |
|---|---|
| ADDRESS SAME AS BLOCK 7B | DARLENE MCDERMOTT ADDRESS SAME AS BLOCK 7B |

| 20. MEMBER REQUESTS COPY 6 BE SENT TO WA DIR OF VET AFFAIRS | X Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED *Lance P. McDermott* | | | RONALD G. HILL, CPT, AG, PERS MGT OFFI |

**SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)**

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) | |
|---|---|---|
| RELEASE FROM ACTIVE DUTY | HONORABLE | |
| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENTRY CODE |
| AR 638 - 100, Chapter 4 | LBK | NA |
| 28. NARRATIVE REASON FOR SEPARATION | | 30. MEMBER REQUESTS CO |
| EXPIRATION TERM OF SERVICE | | |
| 29. DATES OF TIME LOST DURING THIS PERIOD | | |
| NONE | | |



**UNITED STATES POSTAL SERVICE**

## Notification of Personnel Action

| 01 | EFFECTIVE DATE | 02 | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| | 03-11-2014 | | 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 |

### EMPLOYEE INFORMATION

| | | |
|---|---|---|
| 03 | EMPLOYEE NAME-LAST | MCDERMOTT |
| 04 | EMPLOYEE NAME-FIRST | LANCE |
| 05 | EMPLOYEE NAME-MIDDLE | P |
| 06 | MAILING ADDRESS STREET/BOX/APT | 1819 S 104TH ST |
| 07 | MAILING ADDRESS-CITY | SEATTLE |
| 08 | MAILING ADDRESS-STATE | WA |
| 09 | MAILING ADDRESS-ZIP+4 | 98168-1647 |
| 10 | DATE OF BIRTH | 04-15-1959 |
| 11 | VETERANS PREFERENCE | 01 - NO PREFERENCE |
| 12 | SEX | M |
| 13 | ETHNICITY - RACE | WHITE-NOT HISP |
| 14 | DISABILITY | 05 |
| 15 | LEAVE COMP DATE | 03-15-1994 |
| 16 | ENTER ON DUTY DATE | 01-27-1997 |
| 17 | RETIREMENT COMP DATE | 03-15-1997 |
| 18 | SERV ANNIVERSARY PPYR | 07-1997 |
| 19 | TSP ELIGIBILITY | |
| 20 | TSP SERVICE COMP DATE | 12-18-1996 |
| 21 | PRIOR CSRS SERVICE | |
| 22 | FROZEN CSRS TIME | |
| 23 | LEAVE DATA-CATEGORY | 8.00-HOURS/PP |
| 24 | LEAVE DATA-CHG PPYR | |
| 25 | LEAVE DATA-TYPE | 01-ADVANCE AL - EARN SL |
| 26 | CREDIT MILITARY SERV | |
| 27 | *reserved for future use* | |
| 28 | RETIREMENT PLAN | 8-FERS |
| 29 | EMPLOYMENT STATUS | |
| 30 | LIFE INSURANCE | C0+BASIC |
| 31 | SPECIAL BENEFITS | |

### POSITION INFORMATION

| | | |
|---|---|---|
| 32 | EMPLOY OFFICE-FIN NO | 547649 |
| 33 | EMPLOY OFFICE-NAME | SEATTLE PRIORITY MAI |
| 34 | EMPLOY OFFICE-ADDRESS | KENT WA 980324809 |
| 35 | DUTY STATION-FIN NO | 547649 |
| 36 | DUTY STATION-NAME | SEATTLE PRIORITY MAI |
| 37 | APPT EXPIRATION DATE | |

| | | |
|---|---|---|
| 38 | PROBATION EXPIR DATE | |
| 39 | FLSA STATUS | N - NON-EXEMPT |
| 40 | PAY LOCATION | 715 |
| 41 | RURAL CARRIER ROUTE | |
| 42 | RURAL CARR-L-RTE-ID | |
| 43 | RURAL CARR-PAY TYPE | |
| 45 | RURAL CARR-FLSA | |
| 46 | RURAL CARR-COMMIT | |
| 47 | RURAL CARR-EMA | |
| 48 | RURAL CARR-HOURS | |
| 49 | RURAL CARR-MILES | |
| 50 | JOB SEQUENCE | |
| 51 | OCCUPATION CODE | 5350-0001 |
| 52 | POSITION TITLE | MAINT MECH MPE |
| 53 | LABOR DIST CODE | 36 |
| 54 | DESIGNATION/ACTIVITY | 16/8 |
| 55 | POSITION TYPE | 1 - FULL TIME |
| 56 | LIMIT HOURS | |
| 57 | ALLOWANCE CODE | |
| 58 | EMPLOYMENT TYPE | V - VRA HIRING AUTHORITY |

### SALARY INFORMATION

| | | |
|---|---|---|
| 59 | PAY RATE CODE | A - ANNUAL RATE |
| 60 | RATE SCHEDULE CODE | P - POSTAL SERVICE SCH-2 |
| 61 | GRADE/STEP | 09/P |
| 62 | BASE SALARY | 50,067 |
| 63 | COLA | |
| 64 | COLA ROLL-IN IND | |
| 65 | NEXT STEP PPYR | |
| 66 | MERIT ANNIV DATE | |
| 67 | MERIT LUMP SUM | |
| 68 | SPECIAL SALARY CODE | |
| 69 | PROTECTED RSC | |
| 70 | PROTECTED GRADE/STEP | |
| 71 | EXPIRATION PPYR | |
| 72 | PROTECTED RC HOURS | |
| 73 | PROTECTED RC MILES | |
| 74 | RC GUARANTEED SALARY | |
| 75 | ANNUITY AMOUNT | |

### NATURE OF PERSONNEL ACTION

| | | | |
|---|---|---|---|
| 77 | NATURE OF ACTION CODE | 292 | 78 AUTHORITY |
| 79 | DESCRIPTION | RETURN TO DUTY | |
| 80 | CODE | 81 CODE | 82 CODE | 83 CODE |
| 84 | REMARKS | | |

PERSON ID:03272132 PERS ASSGN:03272132
RECEIVED NOTIFICATION FROM W.R. SUDDUTH,SEATTLE DISTRICT TO RETURN EMPLOYEE
TO DUTY EFFECTIVE 03/11/2014 FROM REGULAR LWOP. REMEDY INC 7925389  HRSSC,
MRTHOMAS, PPS, 3/14/2014

| | | | | |
|---|---|---|---|---|
| 85 | AUTHORIZATION | 86 | PROCESSED DATE | 03-14-2014 |
| | MANAGER, HUMAN RESOURCES | 87 | PERSONNEL OFFICE ID | |
| | SHARED SERVICE CENTER | 88 | OPF LOCATION | |

PS Form 50, January 2009 (Exception to Standard Form 50)          1-EMPLOYEE COPY - RETAIN FOR FUTURE REFERENCE



**UNITED STATES POSTAL SERVICE**

## Notification of Personnel Action

| | | |
|---|---|---|
| 01 | EFFECTIVE DATE | 09-15-2013 |
| 02 | SOCIAL SECURITY NUMBER | 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 |

## EMPLOYEE INFORMATION

| | | |
|---|---|---|
| 03 | EMPLOYEE NAME-LAST | MCDERMOTT |
| 04 | EMPLOYEE NAME-FIRST | LANCE |
| 05 | EMPLOYEE NAME-MIDDLE | P |
| 06 | MAILING ADDRESS STREET/BOX/APT | 1819 S 104TH ST |
| 07 | MAILING ADDRESS-CITY | SEATTLE |
| 08 | MAILING ADDRESS-STATE | WA |
| 09 | MAILING ADDRESS-ZIP+4 | 98168-1647 |
| 10 | DATE OF BIRTH | 04-15-1959 |
| 11 | VETERANS PREFERENCE | 01 - NO PREFERENCE |
| 12 | SEX | M |
| 13 | ETHNICITY - RACE | WHITE-NOT HISP |
| 14 | DISABILITY | 05 |
| 15 | LEAVE COMP DATE | 03-15-1994 |
| 16 | ENTER ON DUTY DATE | 01-27-1997 |
| 17 | RETIREMENT COMP DATE | 03-15-1997 |
| 18 | SERV ANNIVERSARY PPYR | 07-1997 |
| 19 | TSP ELIGIBILITY | |
| 20 | TSP SERVICE COMP DATE | 12-18-1996 |
| 21 | PRIOR CSRS SERVICE | |
| 22 | FROZEN CSRS TIME | |
| 23 | LEAVE DATA-CATEGORY | 8.00-HOURS/PP |
| 24 | LEAVE DATA-CHG PPYR | |
| 25 | LEAVE DATA-TYPE | 01-ADVANCE AL - EARN SL |
| 26 | CREDIT MILITARY SERV | |
| 27 | *reserved for future use* | |
| 28 | RETIREMENT PLAN | 8-FERS |
| 29 | EMPLOYMENT STATUS | LW-LEAVE W/O PAY |
| 30 | LIFE INSURANCE | C0+BASIC |
| 31 | SPECIAL BENEFITS | |

## POSITION INFORMATION

| | | |
|---|---|---|
| 32 | EMPLOY OFFICE-FIN NO | 547649 |
| 33 | EMPLOY OFFICE-NAME | SEATTLE PRIORITY MAI |
| 34 | EMPLOY OFFICE-ADDRESS | KENT WA 980324809 |
| 35 | DUTY STATION-FIN NO | 547649 |
| 36 | DUTY STATION-NAME | SEATTLE PRIORITY MAI |
| 37 | APPT EXPIRATION DATE | |

| | | |
|---|---|---|
| 38 | PROBATION EXPIR DATE | |
| 39 | FLSA STATUS | N - NON-EXEMPT |
| 40 | PAY LOCATION | 715 |
| 41 | RURAL CARRIER ROUTE | |
| 42 | RURAL CARR-L-RATE-ID | |
| 43 | RURAL CARR-PAY TYPE | |
| 45 | RURAL CARR-FLSA | |
| 46 | RURAL CARR-COMMIT | |
| 47 | RURAL CARR-EMA | |
| 48 | RURAL CARR-HOURS | |
| 49 | RURAL CARR-MILES | |
| 50 | JOB SEQUENCE | |
| 51 | OCCUPATION CODE | 5350-0001 |
| 52 | POSITION TITLE | MAINT MECH MPE |
| 53 | LABOR DIST CODE | 86 |
| 54 | DESIGNATION/ACTIVITY | 16/8 |
| 55 | POSITION TYPE | 1 - FULL TIME |
| 56 | LIMIT HOURS | |
| 57 | ALLOWANCE CODE | |
| 58 | EMPLOYMENT TYPE | V - VRA HIRING AUTHORITY |

## SALARY INFORMATION

| | | |
|---|---|---|
| 59 | PAY RATE CODE | A - ANNUAL RATE |
| 60 | RATE SCHEDULE CODE | P - POSTAL SERVICE SCH-2 |
| 61 | GRADE/STEP | 09/ P |
| 62 | BASE SALARY | 59,205 |
| 63 | COLA | |
| 64 | COLA ROLL-IN IND | |
| 65 | NEXT STEP PPYR | |
| 66 | MERIT ANNIV DATE | |
| 67 | MERIT LUMP SUM | |
| 68 | SPECIAL SALARY CODE | |
| 69 | PROTECTED RSC | |
| 70 | PROTECTED GRADE/STEP | |
| 71 | EXPIRATION PPYR | |
| 72 | PROTECTED RC HOURS | |
| 73 | PROTECTED RC MILES | |
| 74 | RC GUARANTEED SALARY | |
| 75 | ANNUITY AMOUNT | |

## NATURE OF PERSONNEL ACTION

| | | |
|---|---|---|
| 77 | NATURE OF ACTION CODE | 460 |
| 78 | AUTHORITY | |
| 79 | DESCRIPTION | LWOP (EXCEEDING 30 CALENDAR DAYS) |

| 80 | CODE | | 81 | CODE | | 82 | CODE | | 83 | CODE | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | REMARKS | | | | | | | | | | |

PERSON ID:03272132 PERS ASSGN:03272132
EMPLOYEE PLACED ON REGULAR LWOP. PER TACS. EMPLOYEE NON PAY STATUS BEGINS
EFFECTIVE 09 15 2013. REMEDY INC 7810837. HRSSC, KMCKANE, PPS, 02 10 2014

| | | |
|---|---|---|
| 85 | AUTHORIZATION MANAGER, HUMAN RESOURCES SHARED SERVICE CENTER | |
| 86 | PROCESSED DATE | 02-10-2014 |
| 87 | PERSONNEL OFFICE ID | |
| 88 | OPF LOCATION | |

PS Form 50, January 2009 (Exception to Standard Form 50)

1-EMPLOYEE COPY - RETAIN FOR FUTURE REFERENCE



February 11, 2014

Lance McDermott
1819 S 104th Street
Seattle, WA  98168

Mr. McDermott:

Your placement on enforced leave was the direct result of your refusal to interact with management on the issue of your medical limitations (*i.e.* color blindness). Should you decide that you would like to interact with management, please feel free to contact Jim Norris or Dave Marzec. You continue to have the right to request reasonable accommodation and/or light duty. However, as previously explained, you must avail yourself of one of these options, including a willingness to sit down and discuss your medical limitations, if any, and the impact of your medical limitations on the performance of the essential functions of your job. Absent your participation, management cannot make a proper determination and cannot return you to work.  I encourage you to avail yourself of your options.

Sincerely,

Alexis Delgado
Manager, Human Resources – Seattle District

CC:
Maintenance Manager Lead – Seattle P&DC
Occupational Health Nurse Administrator (OHNA) – Seattle District
Manager, Labor Relations – Seattle District

MANAGER MAINTENANCE


**UNITED STATES**
**POSTAL SERVICE**

March 6, 2014

Lance McDermott
1819 S. 104th Street
Seattle, WA 98168

Dear Mr. McDermott:

Recently, you contacted us and expressed your willingness to come in and discuss your medical limitations, *i.e.*, color-blindness, and the impact of your limitations on the performance of your duties. As a result, on Tuesday March 4, 2014, you met with Manager Maintenance Operations William (Rick) Sudduth.

You advised Rick that you have difficulty distinguishing between shades of colors, but not primary colors. Rick presented you with various colors of wires and you successfully identified all of them. You provided Rick with documentation showing that had failed the Ishihara test, meaning that you were unable distinguish a number amongst color dots. However, you successfully passed the Lantern test, demonstrating your ability to distinguish between primary colors.

Based on this information you provided, I am instructing you to report back to work to resume the duties of your position of Maintenance Mechanic MPE as soon as you can. I further instruct that if you are required to do any electrical work which involves distinguishing shades of colors, that you seek confirmation of the colors from either a co-worker and/or supervisor.

Your safety record is commendable and it is my goal to ensure you continue your satisfactory safety record.

In order to make your return to work as smooth as possible please contact William (Rick) Sudduth at 206-768-4478 to secure your access badge and to ensure your timecard is available at your facility.

You may contact me at 206-768-4480 if you have any concerns regarding my decision.


Sincerely

Jim Norris
Manager Maintenance Lead, Seattle P

File



10700 27TH AVE S.
SEATTLE, WA. 98168
TEL: (206) 768-4480

**UNITED STATES POSTAL SERVICE**

Page 1  of 1

# Statement

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN  55121-9640

STATEMENT DATE: 20-MAR-2014
CUSTOMER NUMBER: 03272132
TOTAL DUE: $   1,090.41

LANCE P MCDERMOTT
1819 S 104TH ST
SEATTLE WA 98168-1647

**Questions or correspondence:**
YOUR EMPLOYING OFFICE MAY CONTACT US AT
651 681-1404 IF ADDITIONAL ASSISTANCE IS
NEEDED.
MAKE CHECK PAYABLE TO: US POSTAL SERVICE

| TRANSACTION NUMBER | DATE | TRANSACTION TYPE | DUE DATE | REFERENCE | TRANSACTION AMOUNT | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 1467069 | 19-FEB-14 | Invoice | 21-MAR-14 | Q44540 PRD | 276.91 | 276.91 |
| 702529416 | 26-FEB-14 | Invoice | 28-MAR-14 | P42870 PRD | 813.50 | 813.50 |

| Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days | FINANCE CHARGES | TOTAL DUE |
|---|---|---|---|---|---|---|
| 1,090.41 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,090.41 |

.... To ensure proper credit to your account. Please return bottom portion with your remittance

**UNITED STATES POSTAL SERVICE**

ATTN: FINANCIAL PROCESSING
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN  55121-9616

STATEMENT DATE: 20-MAR-2014
CUSTOMER NUMBER: 03272132
TOTAL DUE: $   1,090.41

AMOUNT PAID: $ _____



LANCE P MCDERMOTT
1819 S 104TH ST
SEATTLE WA 98168-1647

**MAIL TO:**

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN  55121-9640

Check here to change address, complete new address on reverse.
Write your customer number on your check or money order. Do not send cash

4


**UNITED STATES**
**POSTAL SERVICE**

May 30, 2013

Lance McDermott
1819 S. 104th St.
Seattle, WA 98168

On May 8, 2013, you received a notice proposing to place you on enforced leave from the Postal Service due to your medical condition (color blindness).

I have received no response from you, however, I have reviewed the correspondence previously provided to you and the evidence of record. I find that the action proposed in the notice of proposed enforced leave is supported by the evidence and warrant(s) your placement on enforced leave.

I do not take this action lightly. Previously, due to an operational change, you relayed to management that you could not distinguish colors; i.e. you were color blind and, therefore, could not perform the functions necessitated by the operational change.

As a result of your disclosure, your supervisors sought to discuss with you other essential aspects of your employment impacted by the inability to distinguish colors; most importantly, the ability to distinguish colored wiring when working on machinery. You rebuffed every attempt; refusing to request light duty, refusing to participate in the reasonable accommodation process, and otherwise refusing to discuss this matter at all.

It was made clear to you that while such discussions are wholly voluntary, without your participation and cooperation, it is not possible to evaluate whether you can perform the essential functions of your position with or without accommodation. In other words, we simply do not know whether you can perform your duties in a safe manner, and what, if any, accommodations can be made, if you refuse to interact. As a result, your placement on enforced leave is warranted.

This action will be effective <u>5-30-2013.</u>

I want to make clear that your placement on enforced leave is a direct result of your refusal to interact with management on this very important issue. Should you decide that you would like to interact with management, please feel free to contact myself or Dave Marzec. You continue to have the right to request reasonable accommodation and/or light duty. However, as previously mentioned, you must avail yourself of these options which includes a willingness to sit down and discuss your medical limitations, if any, and the impact of your medical limitations on the performance of the essential functions of your job. Absent your participation, management cannot make a proper determination. By and through this letter, I encourage you to avail yourself of your options.

5

If you are a preference eligible employee, you may have a right to appeal this decision in writing to the Merit Systems Protection Board (MSPB) within 30 calendar days from your receipt of this decision. If you appeal to the MSPB, please provide me a copy of your appeal. Your appeal to the MSPB should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal. For further information on appeals procedures, contact Regina Beckhum, Mgr. Labor Relations, at 253-214-1735. MSPB regulations and appeal forms are available on-line at: www.mspb.gov   The address for the MSPB is as follows:

> MSPB Western Regional Office
> 201 Mission St., Suite 2310
> San Francisco CA  94105-1831

If you do not appeal to the MSPB within the above time limit, you will have no further appeal right with the MSPB. If you appeal to the MSPB, please provide me a copy of your appeal.

If you believe that the action is based, in whole or in part, on discrimination, you have the option of filing an appeal with the MSPB, or filing an EEO complaint with the Postal Service.

To file an EEO complaint, you must request counseling within 45-calendar days of the effective date of this decision. You may request counseling by calling (888) 336-8777. The EEO complaint will be processed pursuant to the appropriate regulations (29 C.F.R. §§ 1614.302 through 1614.310).

If you file an MSPB appeal you are not entitled to a hearing by the Equal Employment Opportunity commission (EEOC) unless:

1.      Your appeal to the MSPB is dismissed for lack of jurisdiction; or
2.      The Postal Service fails to issue a final agency decision on your EEO complaint within 120 days of the date you filed your EEO complaint.

You may request a hearing by the MSPB after the Postal Service has rendered a decision on your EEO complaint or after 120-calendar days from filing your EEO complaint, whichever occurs first. If you appeal this action you will remain on the rolls in a non-pay, non-duty status until disposition of your case has been reached – either by settlement or through exhaustion of your administrative remedies.

If this action is reversed or modified on appeal by the MSPB or EEOC, back pay may be allowed in accordance with 5 C.F.R. §§ 550.801 through 550.808, as applicable, unless the award or decision specifies otherwise.

If this decision is reversed or modified through an adverse decision, back pay may be allowed, unless the award or settlement specifies otherwise, only if you have made

reasonable efforts to obtain alternate employment during the potential back pay period. The documentation which you must maintain and present to support a back pay claim is described in Part 436 of the Employee and Labor Relations Manual.

Jim Norris
Manager, Maintenance Lead
(206) 768-4480

LABOR RELATIONS
SEATTLE P&DC


UNITED STATES
POSTAL SERVICE

| | |
|---|---|
| **RECEIVED** | **Step 2 Grievance Decision** |
| | |

October 9, 2013

OCT 11 2013

**GSAL-APWU**

Installation:               Seattle P & DC
Installation Finance #:     54-7618
Grievant's Name:            McDermott, Lance
Grievant's EID:             03272132
Incident Date:              9/1/13
Local Union Grievance:      MNT-103-13
Management Grievance:       E10T-1E-C13332927
Subject: Enforced Leave
Issue Code: 10.5195

### Denied

Myrna Umali
President, Seattle APWU
PO 48148
Burien, WA 98148-0148

Dear Ms. Umali:

The above referenced grievance was discussed at Step 2 of the grievance procedure with your representative Lester Cornette on 09/30/13.

**Issue:** The grievance concerns Management's alleged violation of Article 5, 11, 19 by placing Lance McDermott on Enforced Leave on May 30, 2013. In addition, Lance McDermott was not paid for hours worked on Sunday September 1, 2013 and Holiday leave for September 2, 2013.

**Background:** Lance McDermott was placed on enforced leave on May 30, 2013, after several failed attempts by management to engage Mr. McDermott in a discussion on whether or not he could safely perform essential aspects of his position, due to a permanent restriction concerning his vision. Specifically, his ability to distinguish between certain colors and shades of color. Management needs to determine if and how this difficulty in distinguishing certain colors impedes him from safely working on the electrical circuits, and wiring of the machinery he works on.
Management was made aware of his visual impairment on February 5, 2013 and has been trying to resolve the issue with Mr. McDermott since then.

On September 1, 2013 Mr. McDermott came into the Seattle Priority Mail Annex while on enforced leave. Mr. McDermott was not on the work schedule, and had not contacted Management about his returning to work. He was escorted off the property by the Postal Inspection Service after it was reported to them that his presence there was unauthorized. He had previously been escorted off the premises on July 1, 2013 by the Postal Inspection Service under similar circumstances.

Mr. McDermott is currently appealing his placement on enforced leave to the Merit Systems Protection Board.

**Remedy:** "Return employee 'back to work immediately' and remimburse 700 hours of annual leave and 250 hours of sick leave for having to use his livelihood. Compensate $460.00 for 1 September and 2 September 2013 Labor day holiday (16 hours). Have management cease this type action and not to retaliate against employee, even though this will happen, move Supervisor Dow to another facility for he is a detriment to employees and the USPS at  the USPS at the PMA. This is his 4ᵗʰ employee he has gone after and all 4 are stewards, (a pattern indeed)."

6

- 2 -

**Union Contentions:** The Union reiterated its written contentions at the Step 2 meeting. The Union stressed two main contentions at the Step 2 meeting. The first is that Mr. McDermott has been on enforced leave longer than fourteen days and this is a 'constructive suspension' which is appealable to the Merit System Protection Board, and is therefore the enforced leave is procedurally defective. The Union further contends that Yul Melonson, Seattle District Manager, needed to concur with the letter from James Norris, Manager, Maintenance Lead for the Seattle District, placing Mr. McDermott on enforced leave.
The Union also contends that Mr. McDermott should be paid for September 1, 2013, his sick leave reimbursed for that day, and that he be paid 8 hours holiday pay for September 2, 2013 (Labor Day).

**Management's Position:** The union's arguments were taken into consideration. This is a contract grievance, and as such, the burden of proof rests with the union. The union must show, by the weight of the evidence, that management either (1) violated the clear, express language of the contract , or (2) was arbitrary, capricious and unreasonable in their administration of the contract.

Management contends that this grievance is grossly untimely, and is therefore procedurally defective. Mr. McDermott was placed on enforced leave effective May 30, 2013. In his appeal to the Merit System Protection Board, submitted on 6/25/13 Mr. McDermott indicated that neither he, nor anyone else on his behalf, had filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement. Then on September 20, 2013 the Union initiated a grievance at Step 1. This date is considerably beyond 14 days of the date (5/30/13) that the employee first learned of its cause.

Management contends that as the Lead Maintenance Manager for the Seattle District, James Norris is the Senior Maintenance official in the district over Mr. McDermott, and that he is the appropriate Manager to issue the letter of proposed placement on enforced leave to Mr. McDermott. Management contends that Mr. Norris is a designee for Mr. Melonson in matters of this nature.

Management contends that Mr. McDermott was not on the schedule to work on September 1, 2013, and he was not authorized to be in the building. Mr. McDermott did not do a begin tour for that day. Mr. McDermott was not assigned any work for that day, and he did not do any work for the time he was in the building. Management contends that given these circumstances, he should not be paid for his unauthorized presence in the building. Mr. McDermott was on enforced leave for this time, and he continues to be on enforced leave at the present time. Management contends that all Mr. McDermott has to do in order to come back to work is to engage in discussions with management in order to evaluate whether or not he can perform the essential functions of his position with or without accommodation. Mr. McDermott has refused to interact with management to resolve this issue, and continues to refuse to do so at this time.
Management contends that the issues related to enforced leave are the subject of an appeal to the Merit System Protection Board, and that a hearing on this matter will be held in the very near future. Management contends that this appeal is the appropriate forum to contest the issue of enforced leave.

Management contends that the Union's arguments did not demonstrate any violation of the contract language and therefore, their burden of proof has not been met.

**Decision:** Based on the above stated facts, the Union's grievance is hereby **Denied**.

Sincerely,

David J. Marzec, MMO
Step 2 Designee

Instance code: 10

**Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act)**

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

In general, to be eligible an employee must have worked for an employer for at least 12 months, have worked at least 1,250 hours in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**   EIN 03272132   Case#   110000402232

TO:  Lance P Mcdermott     1819 S 104TH ST
     Employee              SEATTLE, WA 98168-1647
FROM:  FMLA SPECIALIST@ PO BOX 970910 GREENSBORO, NC 27497-0910
       Employer Representative

DATE: 02/21/2013

On 02/20/2013 , you informed us that you needed leave beginning on 02/20/2013 for:

____ The birth of a child, or placement of a child with you for adoption or foster care;

_X_ Your own serious health condition;

____ Because you are needed to care for your ____ spouse; ____ child; ____ parent due to his/her serious health condition.

____ Because of a qualifying exigency arising out of the fact that your ____ spouse; ____ son or daughter; ____ parent is on active duty or call to active duty status in support of a contingency operation as a member of the National Guard or Reserves.

____ Because you are the ____ spouse; ____ son or daughter; ____ parent; ____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

_X_ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

     ____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
     ____ You have not met the FMLA's 1,250-hours-worked requirement.
     ____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact FMLA SPECIALIST@877-477-3273 Option 5 Fax 651-456-6071 or view the FMLA poster located in YOUR WORK UNIT

**[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]**

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by _____, (If a certification is requested, employees must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

____ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request ___ is/ ___ is not enclosed.

____ Sufficient documentation to establish the required relationship between you and your family member

____ Other information needed: _____

____ No additional information requested

Seattle District

 **UNITED STATES POSTAL SERVICE**

August 21, 2013

Lance P. McDermott
1819 S 104th ST
Seattle WA  98168-1647

EID #03272132

RE:   Return-to-Work (RTW) Documentation

Mr. McDermott

As requested in our telephone conversation this morning, the optional RTW forms SPO69A and *Work Restriction*, SPO69B, are enclosed.  Documentation on your health care provider's letterhead is acceptable.

The documentation should be submitted to your Supervisor or Manager.

If there are any questions, please contact me or your Supervisor/Manager.

Respectfully

Tanya L. Daniels RN
Occupational Health Nurse Administrator

cc:  D. Marzec MMO
     file

Tracking #9114 9010 7574 2955 7720 67

34301 – 9TH AVENUE SOUTH  STE 251
FEDERAL WAY WA 98003-7090
253-214-1721 PHONE

7

POSTAL SERVICE

# RETURN-TO-WORK CLEARANCE
## (For non-work related conditions)
Completed by treating, licensed health care provider.

Employee's Name _____ Lance P. McDermott _____     Last 4 of SSN/EID # _03272132_

➤ Date the condition started _____ birth _____

➤ The nature of the condition** that kept the employee off work ___ Color blindness ___

**This form is intended to be returned to the employee's Supervisor.  Please limit the information to a general issue/condition or procedure such as left foot, right elbow, abdominal surgery, etc.  A specific diagnosis is not required.

➤ Hospitalization: No __✗__ Yes ___     Date of Admission _____ Date of Official Discharge _____

Any/All Government Driving
➤ The employee can resume Full Driving Duties without restrictions: Yes __✗__ No ___.  If 'no', please explain _____

➤ Does the employee's condition or treatment pose a workplace hazard to the employee or to others?  No __✗__ Yes ___
If "yes", please explain _____

| Complete One | |
|---|---|
| • Date employee may return to work *without* work restrictions | 09/01/13 _____ |
| • Date employee may return to work *with* work restrictions<br>*Please complete SPO-69 B Work Restrictions **only if work restrictions are needed**.* | _____ |

**Andrew** Selby, PA-C
_____          Signature _____
Treating Health Care Provider (Printed Name **and** Address)

RIVERTON FAMILY MEDICINE
13030 Military Rd S #210
Tukwila, WA 98168                          Fax _____
Phone    Tel: 206-242-6500 Fax: 206-246-7946

Date    08/29/13

7

ation & Resource Management (HRM)     WORK RESTRICTIONS (*only illnesses that are not work-related.)

**UNITED STATES**
**POSTAL SERVICE**

### COMPLETED BY EMPLOYEE/SUPERVISOR

Employee Name  Lance P. McDermott     EID # 03272132     Condition/Issue _____     Onset _____

Work Location/Facility  Seattle PMA     Craft  MPE     Pay Location  715     Supervisor _____

COMPLETED BY HEALTH CARE PROVIDER      CHECK ONE:          FULL DUTY     No work restrictions are needed
Date Employee May Return to Work  09/01/13                              MODIFIED DUTY  Please complete the section below.

### If restrictions are needed, complete *only the issues that need modification*.

|   | | Not able to do | up to 2 Hours | up to 4 Hours | up to 6 Hours | up to 8 Hours |
|---|---|---|---|---|---|---|
| 1. | Lift/carry: | | | | | |
| | a.  Up to 10 lbs. | | | | | ✓ |
| | b.  11-20 lbs. | | | | | |
| | c.  21-40 lbs. | | | | | |
| | d.  41-70 lbs. | | | | | |
| 2. | Push/pull (wheeled containers) up to 2000 lbs. maximum=40 lbs force: NO RESTRICTIONS: _____ (or complete below) | | | | | |
| | Weight Limit _____ | | | | | |
| 3. | Employee can use arms/hands for *REPETITIVE*: | | | | | |
| | a.  Reach above shoulder | | | | | |
| | b.  Simple grasp | | | | | |
| | c.  Fine manipulation (may include keyboarding) | | | | | |
| 4. | Employee can perform and/or be exposed to: | | | | | |
| | a.  Sit | | | | | |
| | b.  Stand | | | | | |
| | c.  Walk | | | | | |
| | d.  Climb | | | | | |
| | e.  Bend/Stoop | | | | | |
| | f.  Kneel | | | | | |
| | g.  Dust | | | | | |
| | h.  Work Around Machinery | | | | | |
| 5. | *Maintenance Crafts*  Employee can use or be exposed to: | | | | | |
| | a.  High Impact vibration (e.g. riveting) | | | | | |
| | b.  Low Impact vibration (e.g. sanding, drilling) | | | | | |
| | c.  Chemicals/Solvents | | | | | |
| | d.  Fumes | | | | | |
| | e.  Work at Heights | | | | | |
| 6. | DRIVING  (Postal Vehicles) | | | | | |
| 7. | OVERTIME | No Limit _____  OR:  Specify TOTAL work hours/day and days/week) _____ | | | | |

OTHER RESTRICTIONS

Check One
- _X_____  PERMANENT  (yearly renewal is required)
- _____  TEMPORARY  No follow up is needed.  FULL DUTY EFFECTIVE _____
- _____  TEMPORARY  *Re-evaluation is needed on or before _____
   (*If re-evaluation date is not provided, restrictions are valid for a maximum of one month and an update will be required.)

**Andrew Selby, PA-C**                                   Signature
NAME and ADDRESS of Health Care Provider (printed)           8/28/13
Phone          RIVERTON FAMILY MEDICINE
               13030 Military Rd S #210              Date
               Tukwila, WA 98168
Fax            Tel 206-242-6500 Fax: 206-246-7946

34301 – 9ᵀᴴ AVENUE SOUTH
EDERAL WAY WA 98003-7090
253-214-1720, X1721  PHONE
253-214-1820  24-HR. CONFIDENTIAL FAX

SPO-69 B  Rev. 04-20-2012

7

Instance Code 10

Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)

U.S. Department of Labor
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 2/28/2015

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer
may require an employee seeking FMLA protecti─────────── due to a serious health condition to
submit a medical certification issued by the ──────────────── I before giving
this form to your employee. Your response ────── ou may not ask
the employee to provide more information ──── 03272132 ──── 5.306-825.308.
Employers must generally maintain records ──── LANCE P MCDERMOTT ──── ations, or
medical histories of employees created for ──── 110000501305 ──── files/records
from the usual personnel files and in accord──────────── n Disabilities
Act applies.

Employer name and contact: FMLA SPECIALIST@651-456-6071 Option 5 Fax 651-456-6071

Employee's job title: _MPE 9_____ Regular work schedule: _Sun - ____

Employee's essential job functions: _Maintenance_____

Check if job description is attached: _____

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical
provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical
certification to support a request for FMLA leave due to your own serious health condition. If requested by your
employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613,
2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA
request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R.
§ 825.305(b).

Your name: LANCE P MCDERMOTT                                              EIN: 03272132
First                              Middle                    Last

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA.
Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or
duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical
knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime,"
"unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the
condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

RIVERTON FAMILY MEDICINE
13030 Military Rd S #210
Tukwila, WA 98168

Provider's name and business address: _____

Tel: 206-242-6500 Fax: 206-246-7946

Type of practice / Medical specialty: _Family Practice_____

Telephone: ( _____ )                    Fax:( _____ )        Andrew Selby, P.

7

CONFIDENTIAL

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _Color blindness; since birth ; hypertension/ 2 yrs anxiety_

   Probable duration of condition: _Lifetime_

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   ✓No ___Yes. If so, dates of admission:

   _____

   Date(s) you treated the patient for condition:
   _3/29/13, 4/10/13, 6/3/13, 8/14/13_

   Will the patient need to have treatment visits at least twice per year due to the condition? ___No ✓Yes.

   Was medication, other than over-the-counter medication, prescribed? ___No ✓Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   ___No ✓Yes. If so, state the nature of such treatments and expected duration of treatment:
   _Psychologist Dr. Sederwn for anxiety_

2. Is the medical condition pregnancy? ✓No ___Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ___No ✓Yes.

   If so, identify the job functions the employee is unable to perform: _employer restriction — working on colored electrical wiring — [ not medical restriction_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):
   _Hostile work environment leading to anxiety which contributed to his hypertension. This is now well controlled with medication and decreased anxiety._

Instance Code 10

████████████████████████████

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ✗ No ___Yes.

  If so, estimate the beginning and ending dates for the period of incapacity: _____

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No ✗Yes.

  If so, are the treatments or the reduced number of hours of work medically necessary? ___No ✗Yes.

  Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

  _____ _Twice yearly_ _____

  Estimate the part-time or reduced work schedule the employee needs, if any:

  _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ✗ No ___Yes.

  Is it medically necessary for the employee to be absent from work during the flare-ups? ____ No ____Yes. If so, explain:

  _____

  _____

  Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

  Frequency          : _____ times per _____ week(s) _____ month(s)

       Duration: _____ hours or ___ day(s) per episode

████████████████████████████████████████████████████████
████████

_____

_____

_____

_____

_____

_____

_____

CONFIDENTIAL

_____

Signature of Health Care Provider      Date    8/14/13

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

     Form WH-380-E Revised January 2



*(handwritten notes at top right)* All of it Name on DOE Oct 96 No OSA

## Medical Examination & Assessment

## Privacy Act Statement

The collection of this information is authorized by 39 USC 401 and 1001. This information will be used to provide employees with necessary health care and to determine fitness-for-duty. As a routine use, the information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the

Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1613; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; to labor organization as required by the National Labor Relations Act; to the Office of Personnel Management in making determinations related to veterans preference, disability retirement and benefit entitlement; to officials of the Office of Workers' Compensation Programs, Retired Military Pay Centers, Veterans Administration, and Social Security Administration in the administration of benefit programs; to an employee's private treating physician and to medical personnel retained by the USPS to provide medical services in connection with an employee's health or physical condition related to employment; and to the Occupational Safety and Health Administration and the National Institute of Occupational Safety and Health when needed by that organization to perform its duties under 29 CFR Part 19. Completion of this form is voluntary. If this information is not provided, the examination may be considered incomplete.

## A: Completed by Examinee (Type or Print in Ink)

| 1. Name (Last, First, Middle) *McDermott Lance Patrick* | 2. Social Security Number *538 66 9927* | 3. Sex *m* | 4. Date of Birth *4/15/59* |
|---|---|---|---|

5. Do you have any medical disorder or physical impairment which could interfere in any way with the full performance of duties of the position for which you are applying? (If your answer is "Yes", explain fully to the physician performing the examination).

☐ Yes    ☒ No

I certify that all the information to be given by me in connection with this examination will be correct to the best of my knowledge and belief.

| 6. Signature *L McD* | 7. Date *10-24-96* |
|---|---|

## B: Completed by Appointing/Referring Official Before Examination

1. Exam Type
   a. ☒ Preemployment    b. ☐ Fitness-for-Duty

c. Reason for Request (complete only if you checked "Fitness-for-Duty")

☐ Inadequate Medical Information

☐ Excessive Absenteeism for Medically Documented Conditions

☐ Behavioral Problem (Performance, Attitude)

☐ Other (Specify):

2. Exam Appointment — Date *10/24/96*    Time ___

Location *Sheriff*

3. Position Applied for or Now Holds
   a. Title *X Cas*
   b. Installation *Sea*

4. Circle the number preceding each functional requirement and each environment factor essential to the duties of this position. List any additional essential factors in the blank spaces. Also;

If the position involves law enforcement, attach the specific medical standards for the information of the examining physician.

## Functional Requirements

1. Heavy lifting, up to 70 pounds
2. Moderate lifting, 15-44 pounds
3. Light lifting, under 15 pounds
4. Heavy carrying, 45 pounds and over
5. Moderate carrying, 15-44 pounds
6. Light carrying, under 15 pounds
7. Straight pulling ( hours)
8. Pulling hand over hand ( hours)
9. Pushing ( hours)
10. Reaching above shoulder
11. Use of fingers
12. Both hands required or compensated by the use of acceptable prostheses
13. Walking ( hours)
14. Standing ( hours)
15. Crawling ( hours)

16. Kneeling ( hours)
17. Repeated bending ( hours)
18. Climbing, legs only ( hours)
19. Climbing, use of legs and arms
20. Both legs required
21. Operation of crane, truck, tractor, or motor vehicle
22. Ability for rapid mental and muscular coordination simultaneously
23. Ability to use firearms
24. Near vision correctable at 13" to 16" to Jaeger 1 to 4
25. Far vision correctable in one eye to 20/20 and to 20/40 in the other

26. Far vision correctable in one eye to 20/40 and to 20/100 in the other
27. Specific visual requirement (specify)
28. Both eyes required
29. Depth perception
30. Ability to distinguish basic colors
31. Ability to distinguish shades of colors
32. Hearing (aid permitted) (hear conversational voice 15 feet — one ear)
33. Hearing without aid
34. Specific hearing requirements (specify)
35. Other (specify)

## Environmental Factors

1. Outside
2. Outside and inside
3. Excessive heat
4. Excessive cold
5. Excessive humidity
6. Excessive dampness or chilling
7. Dry atmospheric conditions
8. Excessive noise, intermittent
9. Constant noise
10. Dust
11. Fumes, smoke, or gases

12. Solvents (degreasing agents)
13. Grease and oils
14. Radiant energy
15. Electrical energy
16. Slippery or uneven walking surfaces
17. Working around machinery with moving parts
18. Working around moving objects or vehicles
19. Working on ladders or scaffolding
20. Working below ground

21. Unusual fatigue factors (specify)
22. Working with hands in water
23. Explosives
24. Vibration
25. Working closely with others
26. Working alone
27. Protracted or irregular hours of work
28. Other (specify)

Lance P. McDermott                     SSN   530   79 27

## C: Medical History
### (Completed by Examinee Before Examination)

This section contains questions regarding your medical history and health habits. This information will be used to make a medical assessment of whether you can safely and efficiently perform the duties of the position that you now hold or for which you have applied. Detailed medical information will be handled in a confidential manner. Only information that is directly relevant to determining your ability to function effectively in your work with the Postal Service will be released to the hiring official. It is essential that you answer all questions truthfully and completely. A history of any health problem will not necessarily disqualify you from employment. False or incomplete responses could result in an incomplete examination, or termination if hired.

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| 1. Have you ever been refused employment or been unable to hold a job because of: | | | 8. Have you ever received compensation or a cash settlement from an employer, insurance company, government or other organization for injury or disease? (If "Yes" explain) | | |
| a. Sensitivity to chemicals, dust, pollen, sunlight, etc. | | X | | | |
| b. Inability to perform certain motions | | X | | | |
| c. Inability to assume certain positions | | X | | | |
| d. Other Medical Reasons | | | | | X |
| | | X | 9. Is there a case pending? | | X |
| 2. Have you ever required special or restricted job assignment due to illness, injury, or physical impairments? (If "Yes", list accommodations provided). | | | 10. Have you ever had an X-ray or other special examination (e.g., electrocardiogram, CAT scan)? (If "Yes" give date and explain). | | |
| | | X | | | X |
| 3. Have you ever had or have you, at any time, been treated for a psychiatric disorder? (If "Yes", specify date and give details). | | | 11. Have you served in the military? Jan 79 - Jan 81 US Army | X | |
| | | | 12. Have you ever been rejected for, or discharged from military service because of any physical or mental reasons? (If "Yes" give date and reasons). | | |
| | | X | | | X |
| 4. Have you ever been treated for any medical condition other than minor illness, or had any operations? VARICO.COELF Varucosies operation 1980 | X | | 13. Have you ever lived or been employed overseas? (If "Yes" state when and number of months. Include military service.) Saudi Arabia Jan 91 - Jul 91 | | |
| 5. Have you worked for any length of time involving the handling of chemical, toxic, or dangerous materials? | X | | | | |
| 6. Have you had any known exposure to asbestos or asbestos-related products? (If "Yes" state where and when). | | X | | X | |
| | | | 14. Have you ever filed a disability claim or received payment or compensation from the US government? (If "Yes", complete a, b, & c below) | | X |
| 7. Have you ever worked in a noisy environment? (If "Yes" state where and when). US Army | X | | 14a. Your Claim Number | | |
| | | | 14b. Percent Rating  None | | |
| | | | 14c. Cause: | | |

Examinee's Name: Lance P. McD mott    SSN: 538 __ 9927

## C: Medical History (Continued)
(Completed by Examinee Before Examination)

| | Yes | No |
|---|---|---|
| 15. Do you exercise regularly? (If "Yes" describe type, amount, and frequency). *Bike Basketball* | | |
| 16. Have you ever used tobacco? (If "Yes" describe type, amount, age started and age stopped if discontinued). *light cigar/pipe* | | X |
| 17. Have you ever used alcoholic beverages? (If "Yes" answer the following questions). | | X |
| a. Have you ever been dependent upon, or habitually used, alcoholic beverages? | | X |
| b. Have you ever received treatment for, or participated in any program for alcoholism or drinking problems? | | X |
| c. Has your use of alcoholic beverages ever affected your work performance, ability to obtain or hold a job or driving privileges, or resulted in arrests or court actions? | | X |

| | Yes | No |
|---|---|---|
| 18. Have you ever used any of the following drugs or controlled substances? | | |
| a. Morphine, Heroin, Methadone, Codeine, Percocet, Percodan, or other narcotic drugs? | | X |
| b. Amphetamines, Methamphetamine, Diet Pills, Cocaine, or other stimulant drugs? | | |
| c. Barbiturates, Qualudes, Doriden, Seconal, or other sedative or hypnotic drugs? | | |
| d. Marijuana, Hashish, Mescaline, LSD, PCP (angel dust), or other hallucinogenic drugs? | | |
| e. Librium, Valium, Elavil, or other tranquilizers or antidepressant drugs? | | |
| f. Are you taking any other prescribed medicines? (If "Yes" give dates and explain.) | | |
| 19. If you answered "Yes" to any question in Item 18, answer the following questions: | | |
| a. Have you ever been dependent upon, or habitually used, any of the drugs or categories of controlled substances listed in Item 18? | | |
| b. Have you ever been hospitalized or received treatment for use of drugs or other controlled substances? | | |
| c. Have you ever received treatment for any physical or emotional condition caused by, or related to, your use of drugs or other controlled substances? | | |
| d. Has your use of drugs or other controlled substances ever affected your work performance, ability to obtain or hold a job or driving privileges, or resulted in arrests or court actions? | | |
| 20. Have you ever failed a "Drug Screen" for any reason? (If "Yes" give date and explain) | | X |

## 21. Do You Now or Have You Ever Had Any of the Following Conditions? (Give Dates)

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| 1. Frequent or Severe Headaches | | X | 33. Venereal Disease *(Syphilis or Gonorrhea)* | | X |
| 2. Disturbance of Vision | | X | 34. Hemorrhoids or Rectal Disease | | X |
| 3. Wear Glasses or Contact Lenses | X | | 35. Arthritis *(Rheumatism or Bursitis)* | | X |
| 4. Eye Injuries or Abnormalities | | X | 36. Leg Cramps | | X |
| 5. Loss of Hearing | | X | 37. Painful or Swollen Joint | | X |
| 6. Ear Abnormalities | | X | 38. Foot Trouble — Flat Feet | | X |
| 7. Chronic Sinus Trouble | | X | 39. Bone Fracture | | X |
| 8. Hoarseness | | X | 40. Limb Disorders | | X |
| 9. Goiter or Thyroid Trouble | | X | 41. Amputation *(Where?)* | | X |
| 10. Enlarged Glands in Neck or Other Area | | X | 42. Back Surgery | | X |
| 11. Stiffness of Neck | | X | 43. Back Injury or Abnormality | | X |
| 12. Chronic Cough *(Check if Blood is Present ☐)* | | X | 44. Paralysis | | X |
| 13. Frequent Colds | | X | 45. Cancerous Tumor or Cyst | | X |
| 14. Wheezing or Asthma | | X | 46. Numbness, Weakness, Tremors, or Dizziness | | X |
| 15. Lung Disease | | X | 47. Skin Condition *(e.g., Eczema, Hives, Fungus, or Rash)* | | X |
| 16. Pain or Pressure in Chest | | X | 48. Allergies | X | |
| 17. Shortness of Breath | | X | 49. Pilonidal or Other Cysts | | X |
| 18. Heart Abnormality | | X | 50. Discoloration, Birthmarks, Scars | | X |
| 19. Heart Attack *(When?)* | | X | 51. Diabetes | | X |
| 20. Heart Murmur | | X | 52. Gout | | X |
| 21. High Blood Pressure | | X | 53. Stroke | | X |
| 22. Unexplained Weight Change | | X | 54. Epilepsy, Seizures, or Blackouts | | X |
| 23. Digestive Abnormality | | X | 55. Rheumatic Fever | | X |
| 24. Recurring Abdominal Pain | | X | 56. Tuberculosis | | X |
| 25. Frequent Diarrhea *(Check if blood is present ☐)* | | X | 57. Hepatitis | | X |
| 26. Frequent Constipation | | X | 58. For Females: Female Disorders | | |
| 27. Jaundice Disease | | X | 59. For Females: Are You Pregnant? | | |
| 28. Kidney or Bladder Disease | | X | 60. For Males: Abnormalities of Genitals *Varicos Viens* | | X |
| 29. Kidney or Bladder Stones | | X | 61. Have You Ever Had Any Illness/Injury Other Than Those Listed Above? | | |
| 30. Bloody Urine | | X | | | |
| 31. Trouble Passing Urine *(Pain or Frequency)* | | X | | | |
| 32. Hernia | | X | | | |

D:  Medical Findings (For Preemployment and Fitness-for-Duty Exams)

(Completed by Examining Physician)

NOTE TO EXAMINING PHYSICIAN: The person you are about to examine is being considered for a position (or, if a Fitness-for-Duty exam, has a position) which will include the functional requirements and environmental factors circled in Section B., Item 4. In conducting your examination and reporting your findings and conclusions, take these factors into consideration.

| 1. Examinee's Name | 2. SSN | 3. Height (Feet, Inches) | 4. Weight (Pounds) |
|---|---|---|---|
| Lance M. Dermot | 538 66 9927 | 5'9" | 180 |

## 5. Eyes

| | Snellen (Distant Vision) | | Jaeger (Near Vision) | |
|---|---|---|---|---|
| **Without Glasses** ▶ | a. Right 20 _____ Left 20 _____ | b. | Right 11 in. to 14 in., Left 11 in to 14 in. | |
| **With Glasses** ▶ | c. Right 20 20 Left 20 20 | d. | Right _____ in. to _____ in., Left _____ in to _____ in. | |

e. Is color vision normal when Ishihara or other color plate test is used?
☐ Yes   ☒ No

f. If the answer is "No", can applicant pass lantern or other compatible
☒ Yes   ☐ No

## 6. Ears

a. Ordinary Conversation
Right ear @ 15 ft. OK   Left ear @ 15 ft. OK

b. Audiometer           (Attach Audiogram if indicated)

## 7. Blood Pressure/Pulse

| a. Systolic/Diastolic | b. Two Additional Readings if Elevated | c. Pulse |
|---|---|---|
| 118 76 | | 76 |

## 8. Urinalysis

| a. Albumen (Multi-Test Stick) | b. Sugar (Multi-Test Stick) | c. Blood (Multi-Test Stick) | d. Drugs Identified if Test Indicated |
|---|---|---|---|
| | 3+ RBS -117 | ∅ ∅ | |

## 9. Physical Examination

NOTE:  Routine pelvic examinations are not done by postal medical officers or contract physicians

| Clinical Evaluation | Normal | Ab-normal | Clinical Evaluation | Normal | Ab-normal |
|---|---|---|---|---|---|
| a. Head, face, neck, and scalp | ✓ | | l. Anus and rectum (If indicated) | N/A | |
| b. Nose | ✓ | | m. Endocrine system | ✓ | |
| c. Mouth and throat | ✓ | | n. Hernia (Any type) | ✓ | |
| d. Ears | ✓ | | o. Upper extremities | ✓ | |
| e. Eyes | ✓ | | p. Feet | ✓ | |
| f. Ophthalmoscopic | ✓ | | q. Lower extremities | ✓ | |
| g. Ocular motility | ✓ | | r. Spine | ✓ | |
| h. Lungs and Chest (Breasts, if indicated) | ✓ | | s. Identifying body marks, scars | None | |
| i. Heart | ✓ | | t. Skin, lymphatics | ✓ | |
| j. Vascular system (Varicosities, etc.) | ✓ | | u. Neurologic | ✓ | |
| k. Abdomen | ✓ | | v. Mental status | | |

Examinee's Name _Lance McDermott_   SSN _538 66 9927_

## 10: Summary of Medical Findings

(Explain in detail any abnormality noted in history or physical examination)

Generally healthy — past of
was varicocele No past Hx
of glycosuria which is probably
benign. No musc-skel complaint
OK constitutency

9a. Physician's Name (Type or Print)

☐ Medical Officer
☐ Contract Physician
☐ Private Physician

KEVIN M. O'KEEFFE, M.D.

b. Address (Include ZIP + 4)
OCCUPATIONAL HEALTH RESOURCES
2203 AIRPORT WAY S. STE
SEATTLE WA

c. Signature

d. Date OCT 2 4 1996

▶ IMPORTANT - Examining Physician: If you are not a Postal
Medical Officer, sign and return the entire form, intact, in the
preaddressed Restricted/Medical envelope within 5 days of the

NOTE: Insert carbon from page 1 between parts 1 & 2 of this page before completing.

**E. Medical As** sment by Postal Medical Officer. ntract Physician

| Examinee's Name (Last, First, MI) | SSN | Complete All Items Below in Lay Terms |
|---|---|---|
| McDermott, Lance P | 538 66 9927 | to Observe Privacy Considerations |

**1. Medical History:** Based upon review of Section C of this form, Examinee's Medical History, VA records (if applicable), outside medical records, etc., check appropriate box below. Note any significant past medical data that is pertinent to the physical, and medical data that is pertinent to the physical and mental requirements of the essential functions of the position applied for.

☑ No Significant
Finding

☐ Significant Findings
as Noted:
(Observe privacy considerations)

**2. Physical Findings:** Based upon a complete physical examination and mental status examination (if indicated), check appropriate box below.

☑ No Limitations/Restrictions

☐ Limitations/Restrictions as Noted:

☐ Specialist Exam Required with Narrative Report
Note any restrictions (inabilities) and/or limitations (partial inabilities) identified.

Do not complete Item 4, below, until specialist's
report is reviewed.)

**3. Employment History:** Based upon review of examinee's PS Form 2591, Application for Employment (if applicable), Supervisor's Evaluations, prior job descriptions, etc., check appropriate box below. Note any employment data that is pertinent to past or current medical conditions. Note only that employment data which supports the examinee's ability to perform the essential functions of the position for which the examinee has applied.

☑ No Significant Findings

☐ Significant Findings as Noted:

**4. Risk Assessment:** NOTE: Do not complete this section until specialist's report (if required) has been reviewed.

*Essential functions*

Based upon a review of findings as noted in nos. 1-3, above, indicate assessment of applicant's risk of incurring job-related injury or illness, within the next six months, due to existing or past medical conditions.

☑ No Medical Risk/Restriction: Examinee is medically qualified to perform essential functions of the position without accommodation.

☐ Moderate Risk/Restriction: Examinee would be medically qualified to perform essential function of the position only if below noted limitations/restrictions can be accommodated. (See No. 5 below.)

☐ Low Risk/Restriction: Examinee is medically qualified to perform essential functions of the position at the time of examination, but periodic medical follow-up is recommended. (See No. 5, below.)

☐ High Risk/Restriction: Examinee is not medically qualified to perform essential functions of the position. Accommodations will not reduce medical risk or restriction.

**5. Suggested Accommodations:** (Job modifications which would allow examinee to perform essential functions of the position effectively and safely)

None — OS

| Signature of Medical Authority | Date | Name OCCUPATIONAL HEALTH RESOURCES |
|---|---|---|
| | OCT 2 4 1996 | 2203 AIRPORT WAY S. STE .0 |
| | | SEATTLE, WA 9813 |

**F. Completed by Appointing/Referring Official (HBK-EL 311, 343.5)**

| Enter Action Taken | | Name & Location (Type or Print) | |
|---|---|---|---|
| ☐ Selected for Appointment | ☐ Fit for Duty | | |
| ☐ Not Selected for Appointment | ☐ Not Fit for Duty | Signature | Date |