**HONORABLE JOHN C. COUGHENOUR**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT,<br><br>　　　　　Plaintiff, *Pro Se*,<br><br>　　v.<br><br>U.S. POSTAL SERVICE (USPS), Postmaster General, MEGAN BRENNAN, *Et Al.*;<br><br>and<br><br>GREATER SEATTLE AREA LOCAL (GSAL), AMERICAN POSTAL WORKERS UNION (APWU), AFL-CIO, PRESIDENT, MYRNA UMALI; *Et Al.*, SALARIED UNION OFFICIALS,<br><br>　　　　　Defendants. | No. 16-cv-00377-JCC<br><br>**MOTION TO DISMISS**<br><br>Note for Motion Calendar:<br>May 6, 2016 |

　　　　Defendants Greater Seattle Area Local ("GSAL"), American Postal Workers Union ("APWU"), AFL-CIO, President Myrna Umali, and, Salaried Union Officials (collectively "Union Defendants"), move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order of dismissal. All allegations against Union Defendants contained in Plaintiff's

MOTION TO DISMISS
16-cv-00377-JCC - 1

complaint are barred under the doctrine of claim preclusion. Moreover, Plaintiff's complaint fails to state a claim upon which relief can be granted.[1]

## STATEMENT OF RELEVANT FACTS

Pro se Plaintiff, Lance McDermott, is an employee of the United States Postal Service ("USPS"). This is the eleventh lawsuit Plaintiff has filed in this court relating to his employment.[2] It is the second lawsuit in which the Union Defendants have been named. On February 23, 2016, the court dismissed Plaintiff's prior action against the Union Defendants, McDermott v. Brennan, 15-CV-01069-RAJ (W.D. Wash.) (the "2015 Action"). That lawsuit was dismissed with prejudice and without leave to amend. (Declaration of Daniel Cairns ("Cairns Decl."), Ex. C.) Plaintiff's present complaint is seventy-five pages long and makes an indeterminate set of claims against both the Union Defendants and the USPS. This new action seeks to re-litigate claims and issues raised in the 2015 Action and presents the allegations in substantially the same language.

## PLAINTIFF'S ALLEGATIONS IN THE 2015 ACTION.

In the 2015 Action against the Union Defendants, Plaintiff's complaint was forty-one pages long and included sixty-five pages of attached exhibits. (Cairns Decl., Ex. A) Therein,

---

[1] The Union Defendants also assert the right to defend against the present action under FRCP 12(b)(4) and (5). Process and service of process are thus far insufficient. To date, Plaintiff has not provided Union Defendants with a copy of the summons and service is improper under federal law. Plaintiff mailed a copy of the complaint to GSAL and the Union's Attorneys, but has made no other effort to serve process. If process and service of process are not perfected by the time the FRCP 4(m) deadline has passed, the Union Defendants will request dismissal on those bases.

[2] See McDermott v. U.S. Postal Serv., CV05–00860–RSL; McDermott v. U.S. Postal Serv., CV06–1335–MJP; McDermott v. U.S. Postal Serv., CV07–1174–JLR; In re: United States Postal Service Privacy Act Litigation, CV08-1937-JLR; McDermott v. Potter, CV08–1846–JCC; McDermott v. Potter, CV09–776–RSL; McDermott v. Potter, CV09-1008-RAJ; McDermott v. Potter, CV11–0311–MJP; McDermott v. Potter, CV13-2011-MJP; McDermott v. Brennan, CV15-1069-RAJ.

MOTION TO DISMISS
16-cv-00377-JCC - 2

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

Plaintiff made numerous allegations against the Union Defendants, only five of which the court was able to identify and address:

1. A breach of the duty of fair representation claim. (Cairns Decl., Ex. A, p. 2)

2. A claim for violation of Section 101(a)(5) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5). (Cairns Decl., Ex. A, p. 30)

3. A claim under Section 501 of the LMRDA, 29 U.S.C. § 501, against "the twelve Union Trustees who are self-enriching themselves with 'salaries' from the Union Trust Funds." (Cairns Decl., Ex. B, p. 3)

4. A claim that GSAL violated Sections 8(a)(3) and 8(b)(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(3), (b)(3). (Cairns Decl., Ex. A, p. 30)

5. Violations by the GSAL of the "AFL-CIO Ethical Practices Code, Health and Welfare Funds" and the Constitution of the APWU. (Cairns Decl., Ex. A, p. 31)

The court dismissed the 2015 Action in its entirety, with prejudice, and without leave to amend. It concluded, "each of Plaintiff's claims against the Union Defendants is fatally deficient and are therefore dismissed." (Cairns Decl., Ex. C, p. 14)

### PLAINTIFF'S ALLEGATIONS IN THE PRESENT ACTION.

Plaintiff's dismissed allegations have resurfaced in the present action. Like in the 2015 Action, Plaintiff does not clearly state his claims in the present action. (See Dkt. #1, p. 59-62) Furthermore, it is unclear which of his allegations pertain to the Union Defendants and which pertain to the USPS. Nevertheless, it appears that Plaintiff seeks to raise in the present action claims that are identical to the 2015 Action. The chart below includes all allegations made in the present action. Compare the text of the new complaint to that in the 2015 Action:

MOTION TO DISMISS
16-cv-00377-JCC - 3

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

| 2015 ACTION | PRESENT ACTION |
|---|---|
| "The dominating Management and the overpaid Union Officials have failed to bargain over working conditions within the meaning of Section 2(5) and making bad faith 'sweetheart' deals (contracting, facility closers, loss of jobs) with the Union violating Sections 8(a)(3) and 8(b)(3) showing an anti-union motivate inherently destructive of the Labor/Management relationships." (Cairns Decl., Ex. A, p. 30) | "The dominating Management and the overpaid Union Officials have failed to bargain over working conditions within the meaning of Section 2(5) and making bad faith 'sweetheart' deals (contracting, facility closers, loss of jobs) with the Union violating Sections 8(a)(3) and 8(b)(3) . . . ." (Dkt. #1, p. 59-60) |
| "In Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 (E.D.Pa. 1960), affirmed, 284 F.2d 162 (3d Cir. 1960), denied, 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961), a suit was brought under the recently enacted Labor Management Reporting and Disclosure Act (LMRDA) of 1959, Public Law 860257, 29 U.S.C.A. 401 et seq.  The Court found that the LMRDA established a fiduciary responsibility on the part of officers of a labor organization, 501(a) and further provided for a right to sue, 501(b)." (Cairns Decl., Ex. A, p. 29-30) | "In Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608 (E.D.Pa. 1960), affirmed, 284 F.2d 162 (3d Cir. 1960), denied, 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961), a suit was brought under the recently enacted Labor Management Reporting and Disclosure Act (LMRDA) of 1959, Public Law 860257, 29 U.S.C.A. 401 et seq.  The Court found that the LMRDA established a fiduciary responsibility on the part of officers of a labor organization, 501(a) and further provided for a right to sue, 501(b)." (Dkt. #1, p. 60) |
| "Union Officials pack meetings with their friends using the meetings' simple majority to vote Trust Funds payments to Union Officers and now Retirees." (Cairns Decl., Ex. A, p. 31) | "GSAL APWU Officials have improperly used the vote from a General Membership Meeting (GMM) and not the vote of the 'majority of all members' to change the Local Constitution to pay themselves extra salaries (self-enrichment) from the Union Trust Funds." (Dkt. #1, p. 62) |
| "The Washington APWU pays its Officers $21,850 a year and the Greater Seattle Area Local (GSAL) APWU paid its Officers $145,000 a year from the Union Trust Funds | "The GSAL APWU Officers receive (exhibit P) bi-weekly salaries from the Union Trust funds: President 32 hours, Vice-President 16 hours, Secretary 12.8 hours, Treasurer 16 |

MOTION TO DISMISS
16-cv-00377-JCC - 4

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

| | |
|---|---|
| and are planning to change the Constitution so that they can still collect the extra money when they retire." (Cairns Decl., Ex. A, p. 31) | hours, Editor 16 hours, Trustees (each) 6.4 hours, Sergeant-At-Arm 3.2 hours, Mail Processing Clerk Craft Director 32 hours, Customer Services Clerk Craft Direction 25.6 hours, Maintenance Craft Director 16 hours, MVS Craft Director 11.2 hours, and Associate Office Representative 16 hours (203.2 total, $145,000 per year, exhibit P). Considering the Union Officials also receive hundreds of hours of on-the-clock (Handbook F-21.252) paid for doing their Union Steward work and receive regular over-time paid for by a Federal Agency (public funds)." (Dkt. #1, p. 62) |
| "Ask the Court to order the return of the Union Trust Funds unlawfully taken for self-enrichment of the Union Officials salaries." (Cairns Decl., Ex. A, p. 40) | "Ask the Court to order the return of the Union Trust Funds unlawfully taken for self-enrichment by the Union Fiduciary Officials." (Dkt. #1, p. 74) |
| "Ask the Court to reverse the 'sweetheart' staffing deals made between Management and the Union to pre-Hostile Work Environment levels." (Cairns Decl., Ex. A, p. 40) | "Ask the Court to reverse the 'sweetheart' staffing deals made between Management and the Union to pre-Hostile Work Environment levels (Western Area approved and negotiated with the Union)." (Dkt. #1, p. 75) |

## ARGUMENT

**I.    CLAIM PRECLUSION BARS PLAINTIFF'S PRESENT ACTION.**

A fundamental principle in the common law is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897). The doctrine of claim preclusion, often referred to as res judicata, furthers this fundamental principle. See Clements v. Airport Auth. of Washoe, 69 F.3d 321, 330

MOTION TO DISMISS
16-cv-00377-JCC - 5

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

(9th Cir. 1995). "Preclusion doctrine encompasses vindication of both public and private interests. The private values protected include shielding litigants from the burden of re-litigating identical issues with the same party, and vindicating private parties' interest in repose. The public interests served include avoiding inconsistent results and preserving judicial economy." Id. A defense of claim preclusion may properly be raised in a 12(b)(6) motion. Scott v. Kuhlmann. 746 F.2d 1377, 1378 (9th Cir. 1984).

Claim preclusion operates to bar lawsuits on "any claims that were raised or could have been raised" in a prior action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Claim preclusion requires: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. W. Radio Servs. Co. v. Glickman, 123 F.3d 1189 (9th Cir. 1997) (citing Blonder-Tongue Lab. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)).

To determine whether there is an identity of claims, the Court examines whether the two suits arise out of the same transactional nucleus of facts; whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether the two suits involve infringement of the same right; and whether substantially the same evidence is presented in the two actions. Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal citations omitted). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (internal citations omitted).

Ordinarily, a court may not consider materials outside the pleadings without converting a FRCP 12(b)(6) motion into a summary judgment motion. FRCP 12(b)(6). As an exception to

MOTION TO DISMISS
16-cv-00377-JCC - 6

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

this rule, the court may take judicial notice of matters of public record, including records of prior judicial proceedings. Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Consideration of court records from other proceedings is appropriate when ruling on a motion to dismiss based on claim preclusion. Kourtis v. Cameron, 419 F.3d 989, 94 n.2 (9th Cir. 2005).

This is a textbook case of claim preclusion. First, the new complaint presents identical claims to the 2015 Action.[3] Plaintiff makes the same factual allegations in near-verbatim language in the respective complaints. There are no facts discussed in the present action that were not already raised in the 2015 Action.[4] In other words, there is the same transaction nucleus of facts in the two actions.

Second, these claims were already considered by the court and a decision was rendered on their merits. (See Cairns Decl., Ex. C) A dismissal for failure to state a claim under FRCP 12(b)(6) is a "judgment on the merits." Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981).

Third, the parties are identical. Plaintiff is the same person who brought the 2015 Action, where he named "Myrna Umali, President, Greater Seattle Area Local American Postal Workers Union, Et Al." as defendants. Plaintiff sought to amend the complaint to name "the twelve Union Trustees who are self-enriching themselves with 'salaries' from the Union Trust Funds." (Cairns Decl., Ex. A, p.1; Id. Ex. B, p. 3) The present action lists "Greater Seattle Area Local (GSAL), American Postal Workers Union (APWU), AFL-CIO, President Myrna Umali, Et al., Salaried Union Officials." (Dkt. #1, p. 1)

---

[3]   The one exception is that, in the present action, Plaintiff has not brought a duty of fair representation claim.
[4]   It does not appear that Plaintiff presents any new evidence – or any evidence at all – to support his allegations. This is discussed in Part II below.

MOTION TO DISMISS
16-cv-00377-JCC - 7

Plaintiff is barred from proceeding on the same claims that were decided by the previous judgment in the 2015 Action. When a judgment is rendered on the merits, it "constitutes an absolute bar to a subsequent action." Cromwell v. Cty. of Sac, 94 U.S. 351, 352 (1876). These barred claims include all of Plaintiff's claims against Myrna Umali, his claims against "Salaried Union Officials," claims under Section 501 of the LMRDA, claims under Sections 8(a)(2), (a)(3), and b(3) of the NLRA, and all claims pertaining to the APWU Constitution and of the AFL-CIO Ethical Practices Code.

Moreover, to the extent Plaintiff seeks to introduce new claims on the same set of facts that were adjudicated in the judgment on the 2015 Action, he is likewise barred. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in that action*." Moitie, 452 U.S. at 398 (emphasis added). This would apply to the references to 29 U.S.C. § 1132(a)(1), 18 U.S.C. § 1964(c), and any other statutes or claims alluded to in Plaintiff's latest complaint. (Dkt. #1 at 60) These claims may not have been raised in the 2015 Action, but they could have been raised there. As such, they are barred.

Dismissal is proper here as Plaintiffs claims are barred by claim preclusion. No amendments could overcome the preclusive effect of the earlier decision on the merits of Plaintiff's claims. A dismissal on this basis will efficiently resolve Plaintiff's eleventh lawsuit related to his employment at USPS. The doctrine is especially appropriate here, where Plaintiff seeks to re-litigate identical claims. As the Supreme Court has noted, the doctrine of claim preclusion "reduce[s] unnecessary litigation." Allen v. McCurry, 449 U.S. 90, 95 (1980). Union Defendants have an interest in avoiding having to re-litigate these facts and issues. When

MOTION TO DISMISS
16-cv-00377-JCC - 8

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

allegations in a complaint "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007).  To avoid unnecessary wastes of time and money, leave to amend should be denied.  As the court decided when addressing the near-identical complaint in the 2015 Action: "it appears absolutely clear that no amendment can cure the vast array of defects in Plaintiff's Complaint." (Cairns Decl., Ex. C, p. 14-15)

## II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. Plaintiff Makes No Allegations Against Myrna Umali.  Dismissal of Myrna Umali Is Proper.

FRCP 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted."  To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

FRCP 8 does not require "detailed factual allegations."  Id.  However, the complaint must state sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.

Plaintiff's caption lists Myrna Umali as a defendant.  However, Myrna Umali is not mentioned elsewhere in the complaint.  Plaintiff has not made any specific claims of wrongdoing

MOTION TO DISMISS
16-cv-00377-JCC - 9

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

and has not plead any facts pertaining to Myrna Umali. Because Plaintiff has not identified any allegations specific to Myrna Umali, there is no facial plausibility that she is liable for any alleged misconduct. Accordingly, she is properly dismissed as a defendant in this case.

### B. Plaintiff Does Not State A Claim Against "Salaried Union Officials."

Plaintiff identifies "Salaried Union Officials" in the complaint, but there is no further information provided about these individuals. There are not sufficient facts to make out a claim against any of these unnamed people. As Plaintiff has not pleaded a claim against these individuals showing that he is entitled to relief for their alleged wrongdoing, they are properly dismissed as defendants in this action.

### C. Any Remaining Claims Arguably Raised By The Complaint Are Properly Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.

In a motion to dismiss, all factual allegations in the pleadings are considered true and viewed in the light most favorable to the nonmoving party. See Assoc. Gen. Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). However, alleged facts that only suggest the possibility of misconduct are insufficient to raise a right to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "[U]nadorned, the-defendants-unlawfully-harmed-me accusation[s]" fail to state a claim, as do complaints "tender[ing] naked assertions devoid of further factual enhancement." Id. at 678.

In ruling on a motion to dismiss, the Court need not accept as true any allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. Clegg v. Cult of Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994); see also Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a

MOTION TO DISMISS
16-cv-00377-JCC - 10

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

complaint is inapplicable to legal conclusions"). There must be "some further factual enhancement" to support the legal conclusions in the complaint. Twombly, 550 U.S. at 557. "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegations,' and expect his complaint to survive a motion to dismiss." Iqbal, 556 U.S. at 686.

Plaintiff's claims against GSAL fail the pleadings standards established by FRCP 8 and interpreted by Iqbal and Twombly. Plaintiff's complaint is devoid of factual details that could give Union Defendants "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. The allegations in the complaint are general, they do not contain dates, they do not identify individuals by name, and they do not specify the conduct at issue. As such, Plaintiff's claims are properly dismissed pursuant to FRCP 12(b)(6).

        1.     Plaintiff's Complaint Does Not Assert a Section 501 Claim Against the Union Defendants and Does Not Plead Prerequisite Facts.

Plaintiff has not clearly asserted a Section 501 of the LMRDA claim against the Union Defendants. Plaintiff has merely quoted from cases involving Section 501 claims. (Dkt. #1, p. 29-30) Even if Plaintiff intends to assert a Section 501 claim, it would necessarily fail because Plaintiff has not demonstrated compliance with the statutory prerequisites to suit. In this regard, Section 501(b) allows a member to sue in federal court for violations of fiduciary standards in Section 501(a), but only if the members can show notice, exhaustion, and leave of court. The text of the statute specifically requires: "No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may

MOTION TO DISMISS
16-cv-00377-JCC - 11

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

be made ex parte." 29 U.S.C. § 501(b). Plaintiff has not followed the procedures outlined above. For this reason, Plaintiff's Section 501 claim necessarily fails.

### 2. Plaintiff Provides No Statutory Basis for Independent Suits Under Sections 8(a)(3) and 8(b)(3) of the NLRA.

The NLRA establishes the National Labor Relations Board for the investigation, prosecution, and adjudication of unfair labor practice charges against unions. 29 U.S.C. §§ 160-61. There is no private right of action for Sections 8(a)(3)[5] and 8(b)(3)[6] unfair labor practices.[7] Plaintiff's claims necessarily fail because Plaintiff does not allege, and no statute provides, any basis for bringing a federal court claim for violation of Sections 8(a)(3) or 8(b)(3).

### 3. Plaintiff Fails to Identify Basis for Suit for Alleged Violations of AFL-CIO Ethical Practices Code and APWU Constitution.

Plaintiff alleges violations by the Union Defendants of the "AFL-CIO Ethical Practices Code, Health and Welfare Funds" and the Constitution of the APWU. Plaintiff fails to identify any specific legal claims resulting from these alleged violations.

## III. PLAINTIFF IS LITIGATING IN BAD FAITH. HE SHOULD PAY UNION DEFENDANTS' ATTORNEYS' FEES AND COSTS.

Union Defendants request the Court to grant attorneys' fees and costs as deterrence of future frivolous and bad faith lawsuits from Plaintiff. Plaintiff has already filed eleven lawsuits relating to his employment and thus far shows no indication of being deterred by the court's

---

[5] Under Section 8(a)(3), it is an unfair labor practice for an employer to discriminate "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). Union Defendants are not acting as an employer and thus Section 8(a)(3) does not apply in any case.
[6] Section 8(b)(3) makes it an unfair labor practice for a union "to refuse to bargain collectively with an employer." 29 U.S.C. § 158(b)(3).
[7] In contract, Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, provides a private right of action for violations of Section 8(b)(4).

MOTION TO DISMISS
16-cv-00377-JCC - 12

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

1  dismissal of his claims. Union Defendants have incurred attorneys' fees and other costs in

2  responding to Plaintiff's lawsuits and an award of these fees would also provide equitable relief

3  for Plaintiff's bad faith conduct. <u>See</u> <u>Hall v. Cole</u>, 412 U.S. 1, 5 (1973) ("[A] federal court may

4  award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously,

5  wantonly, or for oppressive reasons . . . .'").

6  **<u>CONCLUSION</u>**

7  For the foregoing reasons, Plaintiff's lawsuit against the Union Defendants is properly

8  dismissed with prejudice and without leave to amend.

9  DATED this 14th day of April, 2016.

s/ Kristina Detwiler
Kristina Detwiler, WSBA No. 26448
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: kdetwiler@unionattorneysnw.com

Attorneys for Union Defendants

s/ Daniel S.S. Cairns
Daniel S. S. Cairns, WSBA No. 49950
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: dcairns@unionattorneysnw.com

Attorneys for Union Defendants

MOTION TO DISMISS
16-cv-00377-JCC - 13

ROBBLEE DETWILER & BLACK
ATTORNEYS at LAW

2101 FOURTH AVENUE, SUITE 1000
SEATTLE, WA 98121-2392
(206) 467-6700 · (206) 467-7589 facsimile

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016, I electronically filed the foregoing **MOTION TO DISMISS** along with the **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lance McDermott
1819 S 104 Street
Seattle, Washington 98168
E-mail: treke@hotmail.com

s/Kristina Detwiler
Robblee Detwiler & Black, PLLP
2101 Fourth Avenue, Suite 1000
Seattle, Washington 98121
Telephone: (206) 467-6700
Fax: (206) 467-7589
E-mail: kdetwiler@unionattorneysnw.com

Attorneys for Union Defendants

CERTIFICATE OF SERVICE - 1