THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. POSTAL SERVICE, et al,<br><br>        Defendants. | CASE NO. C16-0377-JCC<br><br>ORDER |

This matter comes before the Court on the Union Defendants' Motion to Dismiss (Dkt. No. 9) and Motion for a Pre-Filing Order (Dkt. No. 11), Plaintiff Lance McDermott's Response (Dkt. No. 14), Defendants' Reply Briefs (Dkt. Nos. 19 and 20), and Plaintiff's Motions to Appoint Counsel (Dkt. No. 16), for Reconsideration (Dkt. Nos. 22 and 23), and to Consolidate Cases (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to dismiss and the motion for a pre-filing order and DENIES Plaintiff's motions for the reasons explained herein.

**I.     BACKGROUND**

The seventy-five page complaint in this matter alleges a violation of Mr. McDermott's civil rights and intentional discrimination under both federal and Washington law. (Dkt. No. 1.) Mr. McDermott argues, *inter alia*, that he was discriminated against based on his age in being placed on unpaid enforced leave as an employee of the U.S. Postal Service. (*Id.*)

Mr. McDermott brings claims against the U.S. Postal Service, the Postmaster General, Megan Brennan, the Greater Seattle Area Local ("GSAL"), the American Postal Workers Union ("APWU") as well as its President, Myrna Umali, the AFL-CIO, and "Salaried Union Defendants." (Dkt. No. 1.) All Defendants save the U.S. Postal Service and the Postmaster General, who refer to themselves collectively as "Union Defendants," bring the current motions (Dkt. Nos. 9 and 11.)

Notably, the Union Defendants have filed not only a motion to dismiss this case, but a motion to have Mr. McDermott classified as a "vexatious litigant." (Dkt. Nos. 9 and 11.) This is the eleventh time[1] that Mr. McDermott has filed suit in this Court relating to the same alleged conduct. (*See* Dkt. No. 11 at 2.) Most recently, in an action before Judge Richard Jones, Mr. McDermott's case was dismissed under the doctrines of *res judicata* and collateral estoppel. C15-1069-RAJ ("the 2015 case") at Dkt. No. 21 at 10. In other words, this Court has already recognized Mr. McDermott's repetitious litigation of the same claims, as demonstrated by the application of these preclusive doctrines.

The Union Defendants move this Court to dismiss the present case on claim preclusion grounds, pointing out the either wholly or nearly-identical language pled in the present complaint and in the 2015 case. (Dkt. No. 9 at 4–5.) Defendants seek dismissal of any remaining claims under Federal Rules 8 and 12(b)(6). (*Id.* at 9–12.) In their motion to dismiss, the Union Defendants ask the Court to award them attorney fees and costs "as deterrence of future frivolous and bad faith lawsuits." (*Id.* at 12.) Additionally, the Union Defendants move the Court to enter a pre-filing order requiring Mr. McDermott to obtain leave of Court before filing any new action against them. (Dkt. No. 11.)

In response, Mr. McDermott seeks myriad relief: that counsel be appointed, that the Court enter a TRO, that the Court reconsider multiple prior rulings, and that the Court

---

[1] *See* C05-0860-RSL; C06-1335-MJP; C07-1174-JLR; C08-1846-JCC; C08-1937-JLR; C09-0776-RSL; C09-1008-RAJ; C11-0311-MJP; C13-2011-MJP; C15-1069-RAJ.

ORDER
PAGE - 2

consolidate this case with C15-1069-RAJ. (Dkt. Nos. 14, 15, 16, 22, 23, and 27.) The Court has already denied Mr. McDermott's motion for a TRO (*see* Dkt. No. 18), but considers the remaining requests in this Order.

## II.     DISCUSSION

### A.     Claim Preclusion

The doctrine of claim preclusion serves an important purpose in protecting the private interests of litigants as well as judicial economy. *Clements v. Airport Auth. Of Washoe*, 69 F.3d 321, 330 (9th Cir. 1995). Under claim preclusion, lawsuits that bring "any claims that were raised or could have been raised" in a prior suit are barred. *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Claim preclusion requires that (1) the claims at issue in a previous and present suit are identical, (2) that the previous suit involved a final judgment on the merits, and (3) identity or privity between parties. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Blonder-Tongue Lab v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). As the Union Defendants assert, much of the above-captioned matter presents "a textbook case of claim preclusion." (Dkt. No. 9 at 7.)

The present case and the 2015 case brought before Judge Jones involve the same claims, a point that Mr. McDermott concedes in his response brief. (Dkt. No. 14 at 12.) As illustrated by the chart provided by the Union Defendants, in large part Mr. McDermott has either copied or paraphrased claims brought in C15-1069-RAJ in the complaint in this suit. (Dkt. No. 9 at 4–5.) The central inquiry in determining whether there exists the requisite identity of claims is whether the two suits arise out of the "same transactional nucleus of facts." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). As there are no discernible claims in Mr. McDermott's present complaint that were not brought in the 2015 case, the "identity of claims" prong is easily satisfied here.

Second, Judge Jones's decision granting the Union Defendants' Motion to Dismiss constitutes a "final decision on the merits." (*See* 2015 Case at Dkt. No. 21.) Though Mr.

McDermott contends that Judge Jones's decision is not final by virtue of a motion for reconsideration (Dkt. No. 14 at 2), the motion for reconsideration was denied on May 25, 2016. (2015 Case at Dkt. No. 25.) There can be no question as to the finality of the 2015 case, particularly in light of the May 25th order.

Finally, the parties in question are identical. Mr. McDermott's complaint in the 2015 case named Megan Brennan, Postmaster General, the U.S. Postal Service, and Myrna Umali, President, Greater Seattle Area Local Postal Workers Union" as defendants. (Dkt. No. 10-1 at 1.) And, as Judge Jones described in his Order granting the Union Defendants' Motion to Dismiss, the 2015 case also brought claims against the GSAL, the APWU, and the United States Postal Service. (2015 Case at Dkt. No. 21 at 1.) Mr. McDermott's claims against all Defendants listed in the above-captioned matter were addressed by Judge Jones's Order dismissing the 2015 case. (*Id.*)

Simply put, analysis of the present motion to dismiss mirrors much of the analysis set forth in Judge Jones's Order granting Union Defendants' Motion to Dismiss: many of Mr. McDermott's claims were precluded in 2015, and most of his repeated claims are precluded as to the Union Defendants now. Aside from his assertion that Judge Jones's Order in the 2015 case did not constitute a "final judgment on the merits," Mr. McDermott's response does not raise relevant argument to rebut the application of claim preclusion. (Dkt. No. 14.) The Union Defendants' Motion to Dismiss is GRANTED.

**B.    Remaining Claims**

Despite naming Myrna Umali and "Salaried Union Officials" as Defendants, Mr. McDermott does not discuss any specific, factual allegations regarding these actors in his complaint. (*See* Dkt. No. 1.) Dismissal under Fed. R. Civ. P. 8(a)(2) of defendants against whom a complaint states no factual allegations is routine. (2015 Case at Dkt. No. 21 at 10) (citing *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013); *Pyle v. Hatley*, 239 F. Supp. 2d 970. 984 (C.D. Cal. 2002). Ms. Umali and the "Salaried Union

Officials" are properly dismissed.

Finally, while the Court must view all factual allegations as true and in the light most favorable to the nonmoving party, "unadorned, the-defendants-unlawfully-harmed-me accusation[s]" fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. McDermott's complaint is devoid of necessary factual details such as dates or specific information establishing illegal conduct by individual defendants. (Dkt. No. 1.) In fact, the complaint is composed of numerous pure legal conclusions absent any specific factual support. (*See, e.g., id.* at 5–6, 11–15, 17–19, 21, 30, 44–45, 48, 50, 53, 55, 60–62, 64.) In other portions of the complaint, Mr. McDermott summarizes case law without any connection to any named Defendants or their conduct. (*Id.* at 27 – 30, 50, 53, 60–61.) Where Mr. McDermott brings factual allegations, they are generalized and not directed towards any specific defendants. (*See id.* at 31–43, 49, 51, 56 – 58, 63, 65–69.)

For all of the foregoing reasons, the Motion to Dismiss (Dkt. No. 9) is GRANTED. Dismissal of all of Mr. McDermott's claims is appropriate as they are precluded and the complaint fails to state a claim.

**C.     Plaintiff's Motions**

Mr. McDermott moves the Court to appoint counsel for him under Fed. R. Civ. P. 23(g)(3). Simply put, this is not a class action case and class counsel has not been appointed. The motion to have counsel appointed (Dkt. No. 16) is DENIED.

Mr. McDermott asks the Court to reconsider its order denying his request for injunctive relief. (Dkt. No. 22.) Motions for reconsideration are disfavored. Local Civ. R. W.D. Wash. 7(h)(1). Absent a showing of "manifest error," or "new facts or legal authority," the Court will ordinarily deny a motion for reconsideration. *Id.* In his motion, Mr. McDermott misleadingly asserts that he has not brought ten other lawsuits based on the present allegations, but that there "was only one other case." (Dkt. No. 22 at 1.) He also misconstrues Judge Jones's Order as granting a motion to dismiss in the 2015 case "based mainly on the fact that I missed the

ORDER
PAGE - 5

deadline for filing a Response." (*Id.*) In fact, the Order he references conducted a thorough analysis and considered Mr. McDermott's late-filed response.( 2015 Case at Dkt. No. 21.) Rather than providing evidence of manifest error, new facts, or new legal authority, Mr. McDermott's motion essentially moves this Court to reconsider Judge Jones's Order in the 2015 case, and repeats assertions previously made. The motion (Dkt. No. 22) is DENIED.

Mr. McDermott also moves the Court to reconsider its Order denying his motion for a TRO (Dkt. No. 23.) In the motion for reconsideration, he discusses his frustration that "[a]s a dues paying union member . . . I have not received any help or protection that I have paid the Union for." (*Id.* at 2.) This does not establish manifest error in the Court's analysis of the pertinent *Winter* factors. Entry of a TRO is an "extraordinary remedy." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Mr. McDermott's motion (Dkt. No. 23) does not establish that reconsideration is appropriate, and is DENIED.

Mr. McDermott also moves the Court to consolidate this matter with C15-1069-RAJ. (Dkt. No. 27.) It appears that the motion is contingent and only intended to be brought "If Judge Jones allows my Motion for Reconsideration." (*Id.* at 2.) The 2015 case is closed. Particularly given the denial of Mr. McDermott's motion for reconsideration in the 2015 case, his motion to consolidate (Dkt. No. 27) is moot and therefore DENIED.

### D.     Pre-Filing Order

Finally, the Court addresses Defendants' Motion for a Pre-Filing Order (Dkt. No. 11.) "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (internal quotation omitted). 28 U.S.C. § 1651(a) has been construed to enable district courts to "enjoin[] litigants with abusive and lengthy histories." *Id.*

Courts have considered pre-filing bar orders appropriate against vexatious litigants with "abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194,

1197 (9th Cir. 1999). Pre-filing orders may be considered particularly appropriate where a litigant has brought multiple suits arising out of the same event. *Wood v. Santa Barbara Chamber of Commerc, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) ("district courts do have the power to reinforce the effects of [the doctrines of collateral estoppel and res judicata] by issuing an injunction against repetitive litigation").

The Ninth Circuit has set forth four requirements prior to the entry of a pre-filing order. *DeLong v. Hennessy*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). First, a plaintiff must be provided with an "opportunity to oppose the order before it [is] entered." *Id.* at 1147. Second, the Court must create an "adequate record for review," meaning "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," or at the very least a demonstration that "the litigant's activities were numerous or abusive." *Id.* (internal citations omitted). Third, the Court must make "substantive findings as to the frivolous or harassing nature of the litigant's activities," by looking at both "the number and content of the filings." *Id.* at 1148 (internal citation omitted). Finally, a pre-filing order must be tailored in order to "closely fit the specific vice encountered." *Id.*

The first requirement, notice, is met by Mr. McDermott's opportunity—which he exercised—to respond to the motion for a pre-filing order. (*See* Dkt. Nos. 11 and 14.)

In establishing a record of Mr. McDermott's vexatious behavior, the Court notes the ten other cases filed in this Court with respect to the same grievances: C05-0860-RSL; C06-1335-MJP; C07-1174-JLR; C08-1846-JCC; C08-1937-JLR; C09-0776-RSL; C09-1008-RAJ; C11-0311-MJP; C13-2011-MJP; C15-1069-RAJ. The Court further notes Mr. McDermott's propensity for filing motions for reconsideration: Dkt. No. 59 in C05-0860-RSL; Dkt. Nos. 16–19 in C06-1335-MJP; Dkt. Nos. 21 and 23 in C08-1846-JCC; Dkt. Nos. 11 and 23 in C09-0776-RSL; Dkt. No. 21 in C11-0311-MJP; Dkt. No. 48 and 49 in C13-2011-MJP; and Dkt. No. 23 in C15-1069-RAJ. And the sheer quantity of unnecessary documents filed in each of Mr. McDermott's cases is noteworthy. For example, in his first case before this Court, C05-0860-

ORDER
PAGE - 7

RSL, Mr. McDermott separately filed a Complaint (Dkt. No. 3), "Claim for Relief" (Dkt. No. 12), "Factual Contentions" (Dkt. No. 13), "Witnesses" (Dkt. No. 14), and several motions to "quash" the opposing parties' motions (Dkt. Nos. 23, 24, 34, 52).[2] In C08-1846-JCC, Mr. McDermott filed a 139-page complaint (Dkt. No. 1), multiple exhibits (Dkt. Nos. 2–3), a "Notice of Special Matter" (Dkt. No. 8), a premature motion for summary judgment (Dkt. No. 9) an inappropriate motion for default after failing to effectuate proper service (Dkt. No. 10), and a meritless motion for sanctions (Dkt. No. 13). In C09-0776-RSL, Mr. McDermott filed motions for a Special Master, a Writ of Mandamus, a TRO, and a Preliminary Injunction all on the same day as his Complaint and various Exhibits (Dkt. Nos. 1–7), and went on to invoke his then well-established litigation technique of filing numerous motions: to amend (Dkt. No. 16), for summary judgment (Dkt. No. 19), for "proposed findings of uncontroverted fact" (Dkt. No. 20) and, post-appeal, for a protective order (Dkt. No. 29). Similar practices were employed in C11-0311-MJP and C13-2011-MJP.

Third, in addition to the number of duplicative filings entered by Mr. McDermott, the content of the filings and the manner in which they are filed is particularly vexatious. Twice now, Mr. McDermott has had redundant claims dismissed based on *res judicata* or collateral estoppel principles. Mr. McDermott has also established a pattern of filing an overly-broad complaint, drawing a motion to dismiss, and then seeking amendment of his complaint in response. *See* C06-1335-MJP, C09-0776-RSL, C09-1008-RAJ, and C13-2011-MJP.

Fourth, the Court enters a pre-filing order not with respect to all possible future cases, but with respect to any litigation arising out of Mr. McDermott's employment at the U.S. Postal Service and membership in unions pursuant to that employment. This is intended to be tailored appropriately to address the litigious conduct at issue.

Any *pro se* complaint submitted for filing in this District in which Lance McDermott is a

---

[2] In this section, citations to the docket reference the docket in the case being discussed.

named Plaintiff or purports to act as party representative shall be subject to review by the assigned Court prior to the issuance of summons or service of process. The following review provisions shall apply, except in cases where Mr. McDermott is represented by an attorney licensed to practice law in this District:

    i.    The assigned Court will review the proposed Complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Mr. McDermott's past litigation abuses. The proposed Complaint shall comply with Fed. R. Civ. P. 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each Defendant against whom the claim is asserted. The proposed Complaint shall be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, *res judicata*, and/or an applicable immunity.

    ii.    If the Court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further notice. If the Court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed. Mr. McDermott shall have an opportunity to explain why sanctions should not be imposed in a post-Judgment Motion for Reconsideration filed within ten days of the Judgment.

As the Court enters a pre-filing order with respect to Mr. McDermott, it does not find an award of costs or attorney fees necessary to deter future unnecessary litigation.

## III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss (Dkt. No. 9) and motion for a pre-filing order (Dkt. No. 11) are both GRANTED, though no attorney fees are awarded. Plaintiff's motion to appoint counsel (Dkt. No. 16), motions to reconsider (Dkt. Nos. 22 and 23), and to consolidate (Dkt. No. 27) are DENIED.

//

//

//

ORDER
PAGE - 9

DATED this 17th day of June 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE